UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 2 2 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| SYLVIA CHOLICK | §§ | |
| Plaintiff | § | |
| | § | |
| vs. | § | CAUSE NO. **B-02-162** |
| | § | |
| CITY OF HARLINGEN, | § | |
| VALLEY BAPTIST HEALTH SYSTEM | § | |
| and | § | |
| VALLEY BAPTIST MEDICAL CENTER | § | |
| Defendants | § | |

**CITY DEFENDANT'S NOTICE OF REMOVAL**

May It Please the Court:

NOW COMES DEFENDANT, the CITY OF HARLINGEN, TEXAS, and files this Notice of Removal to the U.S. District Court for the Southern District of Texas, Brownsville Division, from a lawsuit filed in the 404TH Judicial District Court for the State of Texas, in Cameron County, Texas styled and numbered as indicated in the pleadings attached as exhibits to this notice.

1. Plaintiff filed her Original Petition on April 02, 2002, in the 404th Judicial District Court, sitting in Cameron County, Texas, identified as Cause No. 2002-04-1324-G.

2. Plaintiff's Petition names the City of Harlingen, Valley Baptist Health Center, and Valley Baptist Medical Center as Defendants.

3.   Plaintiffs served their citation on DEFENDANT City of Harlingen on or about April 9, 2002.

4.   Plaintiff filed her First Amended Original Petition on August 9, 2002.

4.   Plaintiff's lawsuit complains that the DEFENDANT City of Harlingen engaged in various intentional torts, discrimination and negligence, resulting in injuries to Plaintiff.

5.   More specifically, Plaintiff's First Amended Original Petition provides in pertinent part as follows:

> 35.   As a direct and proximate cause of these acts by Defendants, Plaintiff has suffered damages, and will continue to suffer damages, as a result of violations of her State **and Federal Constitutional Rights**.

See Plaintiff's First Amended Petition at ¶35 (emphasis added). Plaintiff makes similar allegations invoking federal constitutional rights at ¶¶40, 45, 49, 55, 63, 70, 77, and 82.

6.   The Plaintiff's First Amended Petition is the first paper of any kind filed by Plaintiff reflecting an intention to pursue a federally based claim, here, a claim for violation of her federal constitutional rights.

7.   It is, therefore, apparent on the face of the First Amended Petition that the this document constitutes an initial pleading that places DEFENDANT on notice of an intention to pursue a federally based claim, as per 28 U.S.C. §1446(b).

8.   This removal action is also brought under 28 U.S.C. §1331, involving a civil action brought in state court in which a United States District Court has original jurisdiction to consider a claim or right arising under the United States Constitution.

9.   Further, this Court has jurisdiction over any state-law based claims pursuant to its supplemental jurisdiction under 28 U.S.C. §1367.   Therefore, this suit is hereby removed to the Brownsville Division of the United States District Court-Southern District of Texas.

10.  Copies of all pleadings and process filed in the state court proceeding are attached hereto and incorporated by reference, including a certified copy of the state court's docket sheet pertaining to this case.  See Index to Exhibits.

11.  Notice of this removal action has been given to Plaintiff and to the 404TH Judicial District Court contemporaneously with the filing of this Notice.  See Index to Exhibits.

12.  For judicial economy, the entire case, including any issues raised under the Court's supplemental jurisdiction should be tried in U.S. District Court.

13.  This removal action is timely filed within thirty days of CITY DEFENDANT'S receipt of an initial pleading containing a federally based claim or cause of action. CITY DEFENDANT has not

done anything to divest this Court of removal jurisdiction over this lawsuit.

14. CITY DEFENDANT has otherwise complied with the removal requirement of Local Rule 81, including the $150 removal filing fee. See Index to Exhibits.

### CONCLUSION & PRAYER

THEREFORE, for the foregoing reasons, CITY DEFENDANT hereby removes this action pursuant to federal law and pray that the Court sustain this removal from the 404th Judicial District Court in Cameron County, Texas, to the United States District Court, Southern District of Texas, Brownsville Division, to determine all issues of fact and law. CITY DEFENDANT further requests that the Court grant any and all other relief to which it may show itself justly entitled.

SIGNED on this 22nd day of August, 20002.

Respectfully submitted,

**DENTON, NAVARRO & BERNAL**
A Professional Corporation
Bank of America Building
222 East Van Buren, Suite 405
Harlingen, Texas 78550
956/421-4904
956/421-3621 (Fax)

By: _____
RICARDO J. NAVARRO
Attorney In Charge
State Bar No. 14829100
So. Dist. ID No. 5953

By: _____
ROBERT DRINKARD
State Bar No. 24007128
So. Dist. ID No. 23712

**AGREED AND APPROVED:**

Adams & Graham
P.O. Drawer 1429
Harlingen, Texas 78550
956/428-7495 (gen)
956/428-2954 (fax)

By: _____
Barry Ray
State Bar No. 16606355
So.Dist.ID No. 15705
Counsel for Defendants Valley Baptist
Medical Center and Valley Baptist Health Systems

## CERTIFICATE OF SERVICE

I certify that a true copy of this document has been sent by regular U.S. Mail, unless otherwise indicated, to the persons listed below on the _22nd_ day of August, 2002.

Mr. Donald T. Cheatham        **By CMRRR No. 7002 1000 0004 8591 1635**
9225 Knoll Crest Loop
Austin, Texas 78759
Counsel for Plaintiff

Mr. Barry Ray                                    **By Regular Mail**
Adams & Graham
P.O. Drawer 1429
Harlingen, Texas 78550
Counsel for Defendants Valley Baptist Medical Center
and Valley Baptist Health Systems

_____
RICARDO J. NAVARRO
ROBERT DRINKARD

**INDEX OF EXHIBITS FILED IN SUPPORT OF REMOVAL NOTICE**

A.    Plaintiff's First Amended Petition, containing federally based pleadings;

B.    Citation and Service of Process on Defendant;

C.    State Court Docket Sheet;

D.    Notice of Removal filed in State District Court;

E.    Complete certified copy of all pleadings, answers, and other papers contained in state district court's file;


**END OF INDEX TO EXHIBITS**

EXHIBIT "  "

CERTIFI...

FILED ____ O'CLOCK ____ M
AURORA DE LA GARZA DIST. CLERK

AUG 0 9 2002

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

NO. 2002-04-1324-G

| | | |
|---|---|---|
| SYLVIA CHOLICK, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| v. | § | |
| The CITY of HARLINGEN, Texas, | § | 404th JUDICIAL DISTRICT |
| Defendant, | § | |
| and | § | |
| VALLEY BAPTIST Health System, | § | CAMERON COUNTY, TEXAS |
| Defendant, | | |
| and | | |
| VALLEY BAPTIST MEDICAL | | |
| CENTER, | | |
| Defendant. | | |

## PLAINTIFF'S 1st AMENDED PETITION

### A. Discovery Control Plan

1. Plaintiff intends to conduct discovery under Level 2 of TRCP 190.

### B. Parties

2. Plaintiff, Sylvia Cholick, is an individual, who resides at 810 North 21st Street, Harlingen, Cameron County, Texas, 785502.

3. Defendant, the City of Harlingen, an incorporated municipality in the state of Texas, is a political subdivision of the State of Texas, and must be served with process by serving the City Secretary, Sylvia Trevino, who has her official office at 118 East Tyler Street, Harlingen, Texas 78550, in Cameron County, who may be served at that address.

4. Defendant, Valley Baptist Health System, is a Texas corporation, and may be served by serving its registered agent, Mr. Ben McKibbens, at 2101 Pease Street, Harlingen, Texas 78550, in Cameron County, Texas. Valley Baptist Health System possesses all ownership interest in Valley Baptist Medical Center.

5. Defendant, Valley Baptist Medical Center, is a Texas corporation, and may be served by serving its registered agent, Mr. Ben McKibbens, at 2101 Pease Street, Harlingen, Texas 78550, in Cameron County, Texas. Valley Baptist Medical Center is owned totally by Baptist Valley Health System.

### C. JURISDICTION

1

CERTIFIED COPY

6. The Court has jurisdiction over the lawsuit under Texas Practice and Civil Remedies Code Sections 101.0215, 101.025, 106.002, as well as, the Texas State Constitution.

7. This suit is not removable to federal court either under 28 United States Code Section 1445(a) or 45 United States Code Sections 51-60.

## D. VENUE

8. Venue is allowed in Cameron County because all of the events and omissions complained of occurred in Cameron, County Texas, Texas Civil Practice & Remedies Code Section 15.002(a)(1).

## E. FACTS

9. On or about the 1st of April of 2000, an anonymous party placed an emergency 911 call complaining of barking dogs, and implicating Plaintiff as the owner of the barking dogs. [Plaintiff believes that the anonymous call(s) were made or instigated by one Wyndell Burn, one of Plaintiff's neighbors.]

10. Harlingen City Police Officers E. Vazquez and Ybarra responded to the anonymous barking dog complaint call, and arrived at the aforesaid premises of Plaintiff's urban homestead at or about 10:30 p.m. on the 1st of April of 2002.

11. At all times up to the time of their arrival at the Plaintiff's premises, and afterwards, aforesaid Harlingen City Police were acting on behalf of the City of Harlingen in a private capacity, for the benefit only of those within the City of Harlingen's corporate limits, and not as an arm of the government, in as much as, they extended the City of Harlingen's emergency response system beyond the limitations of the City of Harlingen's own policies to answering emergency calls, to responding to a call about barking dogs, which in itself is certainly not an "emergency", to be handled in response to a 911 telephone complaint about the same.

12. Immediately after their arrival, the aforesaid City of Harlingen Police Officers accosted Plaintiff on her premises concerning the alleged barking dogs. This included the issuance and utterance of threats by these City of Harlingen Police Officers to Plaintiff, including but not limited to, overt threats to kill any of Plaintiff's dogs, especially if any further 911 calls were placed by Plaintiff's neighbors in regard to alleged barking by Plaintiff's dogs.

13. Plaintiff in the course of exercising her civil rights had and has established a corporate entity, to wit: "Lend A Paw Humane Society," which is an eleemosynary entity, established for the benefit of domesticated animals, and which has qualified under the federal Internal Revenue Regulations, as an IRS 501( c ) charitable organization. Plaintiff and others in the City of Harlingen community have provided funds in sufficient sum for the purposes of providing free vaccination clinics, low cost health services, and medicine at cost for the animals, which Plaintiff learns may be in need of such, as well as, of the taking in stray dogs and cats.

2

RTIFIED COPY

14. Plaintiff, shortly before the 1st of April of 2000, in fact had taken in four dogs, which dogs she was restoring back to health and caring for on her premises, at the time of the incidents herein complained.

15. After the two Harlingen Police Officers had left Plaintiff's premises, Plaintiff having been distraught by their threats untoward her and the animals she was caring for, as well as, the manner in which these Harlingen City Police Officers had treated her, attempted to call the Harlingen City Police Department, at their regular business number, which it being after ordinary business hours, led her to call the City of Harlingen 911 emergency response number, where she was referred. Plaintiff at this time, once connected with the 911 operator, attempted to lodge a formal complaint against the two aforesaid Harlingen Police Officers for their misconduct untoward her, committed during their visit to her home that evening.

16. In response to Plaintiff's call complaining of the aforesaid Harlingen Police Officers and their misdeportment untoward her, the Harlingen Police Department immediately dispatched Officer Wayne Bell and others to Plaintiff's home. Plaintiff explained to these officers what had taken place shortly before, during a thirty or so minute interview. Harlingen Police Officer Ball promised Plaintiff that a "report" would be on Harlingen City Police Chief Archer's desk on "Monday morning," the 1st of April of 2000 having fallen on a Saturday.

17. Shortly after the aforesaid Harlingen City Police had left her premises, Plaintiff placed a 911 call to the police, informing that a small barking dog was loose in her neighborhood, and that possibly this dog, not under her control or care, had precipitated the initial 911 "emergency" call complaining of Plaintiff and her dogs. Harlingen Officer Ball in the course of his conversation with Plaintiff concerning her mistreatment by the other Harlingen Police Department Officers had encouraged Plaintiff to feel free, and to use the City of Harlingen 911 exchange to report "anything" regarding what had occurred that evening.

18. The Harlingen Police Department, in response to Plaintiff's 911 call following Officer Ball's visit, dispatched a supervisor and other officers, and informed Plaintiff that there was nothing they could or would do about the small, loose, barking dog in Plaintiff's neighborhood. During this visit, Officer Ball returned, and in the course of his discussion with Plaintiff, became agitated and aggressive towards Plaintiff, this time accusing Plaintiff of having lied to another Harlingen Police Officer. Another, unidentified Harlingen Police Officer returned during this time, handcuffed Plaintiff, placing her without any warnings, or any indication for the reason for such, and without her consent under arrest, and then summonsed an ambulance.

19. At this point in time, it being then late in the night of the 1st of April of 2000, Plaintiff was dressed for bed, in a nightgown. Plaintiff, after having been handcuffed, requested respectfully of the Harlingen Police Officers that she be allowed to dress herself in street clothes, which requests Ball and the other unidentified Harlingen Police Officers denied her. Plaintiff then was placed in an ambulance after its arrival, and taken against her will and without her consent to the Defendant Valley Baptist Medical Center, where the

CERTIFIED COPY

Harlingen Police Officers requested of that Health-care facility, that the Defendant Valley Baptist Medical Center place Plaintiff under observation, and evaluate her for mental and psychological deficiencies, stating untruthfully that, "Plaintiff was a mental case."

20. After the passage of some time, after observation and evaluation of Plaintiff, as requested of them by the Harlingen Police Officer at that time present, the physicians and other health-care provider personnel at the Defendant Valley Baptist Medical Center concluded that Plaintiff certainly was not a "mental case," or in any way a person requiring hospitalization or treatment for any mental or psychological deficiencies.

21. During the period of time aforesaid, while Defendant Valley Baptist Medical Center was conducting their observation and evaluation of Plaintiff upon the request of the Harlingen Police Department, Plaintiff uncharged and uncited with any specific or particular crime or other infraction of law was under arrest and being detained, as well as, imprisoned against her will, without any probable cause, or for any cause for that matter, for such false, unlawful arrest and imprisonment.

22. During the time that Defendant Valley Baptist Medical Center facilitated, assisted, and abetted the Harlingen Police Department in Plaintiff's unlawful, illegal, and false arrest, detention and imprisonment, a security guard for Defendant Valley Baptist Medical Center, at the request of the Harlingen Police Department Officers then and there present at their facilities, physically accosted, assaulted and sexually battered Plaintiff, by grabbing her and groping her, while Plaintiff was there supposedly to be cared for to treat and cure her alleged emotional, mental and psychological maladies.

23. Following Defendant Valley Baptist Medical Center's release of Plaintiff to the Harlingen Police Officers who had caused Plaintiff to be brought there, having determined that Plaintiff was of fit mind, and not diagnosed with mental or psychological maladies or disabilities, Plaintiff was thrown violently into the side of a parked vehicle by an extremely angry Harlingen Police Officer E. Vazquez, who then handcuffed, and then shoved Plaintiff into the back seat of said vehicle, at which time the door of the vehicle was slammed against Plaintiff's legs, causing her physical injury with accompanying pain and suffering, all against the Plaintiff's will, and without her consent.

24. The Harlingen Police Officers then transported Plaintiff, continuing to be under false arrest and unlawfully imprisoned, without her consent, again uncomfortably handcuffed, without probable or any cause, to the Harlingen Police Department.

25. Upon arrival at the Harlingen Police Department, Plaintiff was dragged from the transporting vehicle by her manacled hands inside, where and when Harlingen Police Officer E. Vazquez shoved Plaintiff violently against the walls, and otherwise threatened and physically abused Plaintiff, without provocation, grounds or authority. Plaintiff was then locked up in a cell, without her consent, where and when she requested a blanket, which was denied her.

26. After the passage of some time, after the Harlingen Police Officers, who had committed aforesaid tortuous acts had left the Harlingen Police Department lock-up facility, another Officer gave Plaintiff a blanket.

4

CERⱻIFIED COPY

27. At 4:00 p.m. on the afternoon of the 2nd of April of 2000, the Harlingen Police Department released Plaintiff, without properly or otherwise proffering any charges against Plaintiff.

28. Since the incidents aforesaid, Harlingen Police Officers have harassed and taunted Plaintiff, by visiting the premises where she lives. Without provocation the Harlingen Police Department caused its officers to remove four dogs belonging to Plaintiff, and had them killed, without Plaintiff's consent, and without giving Plaintiff seventy-two (72) hours notice of their intentions to have the dogs killed. These acts were, and constituted, an intentional, illegal and uncalled for destruction of Plaintiff's personal property by the Defendant City of Harlingen.

29. Since the 1st of April of 2000, and continuing to the present, the Harlingen Police Department Officers so involved in aforesaid incidents, as well as, others employed by the Defendant City of Harlingen, acting in concert with them, have engaged in a campaign to defame Plaintiff, causing Plaintiff embarrassment, humiliation and shame in the community.

30. The Defendant City of Harlingen has refused Plaintiff access to public facilities, such as the City of Harlingen's library, in derogation further of Plaintiff's civil liberties and rights, stating without any bases whatsoever, that the purported justification for such is Plaintiff's unstable mental and psychological condition.

31. There was no legal authority or justification for any of the acts complained of, which were committed by the Defendants against Plaintiff, without her consent.

## F.COUNT I- FALSE IMPRISONMENT

32. Plaintiff realleges the averments contained in paragraphs 1 through 31 in Count I.

33. Defendants willfully detained the Plaintiff.

34. The detention was without Plaintiff's consent.

35. As a direct and proximate cause of these acts by Defendants, Plaintiff has suffered damages, and will continue to suffer damages, as a result of violations of her State and Federal Constitutional Rights.

## G. COUNT II, ASSAULT

36. Plaintiff realleges the averments contained in paragraphs 1 through 35 in Count II.

37. Plaintiff was repeatedly assaulted and battered by Defendants' officers, agents, servants and employees during the evening hours of the 1st of April of 2000, and through to the afternoon hours of the 2nd of April of 2000.

38. The Defendants acted intentionally, knowingly, and recklessly.

CERTIFIED COPY

39. The Defendants' officers, agents, servants and employees made non-consensual contact repeatedly with Plaintiff's body and person.

40. As a direct and proximate cause of Defendants' actions Plaintiff suffered bodily injuries, pain and suffering, as well as, other damages, and will continue to suffer damages as a result of violations of her State and Federal Constitutional Rights.

## H. COUNT III, NEGLIGENCE

41. Plaintiff realleges the averments contained in paragraphs 1 through 40 in Count III.

42. Defendants each owed legal duties to Plaintiff.

43. Defendants each breached those duties.

44. Defendants individual, joint and several breaches of their individual and joint legal duties proximately caused the Plaintiff's injuries.

45. As a direct and proximate cause of Defendants' negligence Plaintiff suffered bodily injuries, pain and suffering, as well as, other damages, and will continue to suffer damages as a result of violations of her State and Federal Constitutional rights.

## I. COUNT IV, DISCRIMINATION BASED ON PLAINTIFF'S GENDER or SEX

46. Plaintiff realleges the averments contained in paragraphs 1 through 45 in Count IV.

47. Defendant, the City of Harlingen, through its officers, agents, servants and employees have refused to permit Plaintiff access to or the use of public facilities open to the public under Defendant's dominion and control, owned, operated or managed by Defendant, on behalf of the State of Texas, and/or of the political subdivision of the State, as the City of Harlingen, because Plaintiff was a female, mistypified by them as a "mental patient."

48. Defendant, the City of Harlingen, through its officers, agents, servants and employees have repeatedly refused to grant Plaintiff benefits, based on her gender or sex.

49. As a direct and proximate cause of the acts complained, Plaintiff has suffered damages, and will continue to suffer damages,  as a result of violations of her State and Federal Constitutional Rights.

50. Pursuant to Texas Civil Practice and Remedies Code Title 5, Governmental Liability, Section 106.002 if the acts herein complained in Count IV are found to be true, or a verdict is rendered in Plaintiff's favor on these claims, Plaintiff is entitled to preventive relief as well as, attorney's fees and costs.

## J. COUNT V-TRESPASS TO REAL PROPERTY

CERTIFIED COPY

51. Plaintiff realleges the averments contained in paragraphs 1 through 50 in Count V.

52. Plaintiff owns and has legal right to possess the real property located at 810 North 21st Street, Harlingen, Cameron County, Texas, 78550.

53. Defendant, City of Harlingen's officers, agents, servants, and employees entered the Plaintiff's land uninvited and without authority or just cause, and the entry by them was:
      (1) physical;
      (2) intentional; and
      (3) voluntary.

54. Defendant, City of Harlingen's trespass caused injury to Plaintiff.

55. As a direct and proximate cause of the acts complained Plaintiff has suffered damages, and will continue to suffer damages as a result of violations of her State and Federal Constitutional Rights.

## K. COUNT VI-LIBEL AND SLANDER

56. Plaintiff realleges the averments contained in paragraphs 1 through 55.

57. Defendants through and by their officers, agents, servants, and employees published a statement of fact, that Plaintiff was or had been or is a "mental patient," with the implication that being a "mental patient" was and is a subject for derision, humiliation, ridicule and scorn.

58. Such statements directly referred and refer to Plaintiff.

59. Such statements were and are defamatory.

60. Such statements were and are false.

61. With regard to the truth of the statements, the Defendants through and by their officers, agents, servants, and employees were
      (1) acting with actual malice:
      (2) negligent; and/or
      (3) liable without regard to fault (strict liability).

62. Plaintiff has suffered and is suffering pecuniary and other losses and injuries.

63. As a direct and proximate result of the acts complained Plaintiff has suffered damages, and will continue to suffer damages as a result of violations of her State and Federal Constitutional Rights.

## L. COUNT VII-CONVERSION AND DESTRUCTION OF PERSONALTY

64. Plaintiff realleges the averments contained in paragraphs 1 through 63 in Count VII.

7



65. Plaintiff owned, possessed, or had the right of immediate possession of personal property consisting of four dogs.

66. The four dogs was personal property.

67. Defendant, the City of Harlingen, through and by its officers, agents, servants, and employees wrongfully exercised dominion and control over Plaintiff's property, consisting of four dogs.

68. Defendant, the City of Harlingen, without authority or just cause, acting through and by its officers, agents, servants, and employees in derogation of its own adopted and promulgated policies and ordinances, caused the death and destruction of the four dogs, the personal property of Plaintiff.

69. Plaintiff has suffered injury.

70. As a direct and proximate cause of the acts complained Plaintiff has suffered damages, and will continue to suffer damages as a result of violations of her State and Federal Constitutional Rights.

## M. COUNT VIII-INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

71. Plaintiff realleges the averments contained in paragraphs 1 through 70.

72. Defendant in all the acts complained acted and is acting intentionally or recklessly.

73. Defendants' conduct was and is extreme and outrageous.

74. Defendants' conduct was and is directed at Plaintiff.

75. Defendants' conduct proximately caused and is causing Plaintiff emotional distress.

76. The emotional distress suffered and being suffered by Plaintiff is severe.

77. As a direct and proximate cause of the acts complained Plaintiff suffered damages, and continues to suffer damages as a result of violations of her State and Federal Constitutional Rights.

## N. COUNT IX- INVASION OF PRIVACY

78. Plaintiff realleges the averments contained in paragraphs 1 through 77 in Count IX.

79. Defendants intentionally has intruded and is intruding on Plaintiff's solitude, seclusion, and private affairs.

80. The intrusions are and would be highly offensive to a reasonable person.

8

CER. FIED COPY

81. Plaintiff suffered and suffers injury as a result of Defendants' intrusions.

82. As a direct and proximate cause of the acts complained Plaintiff has suffered damages, and continues to suffer damages as a result of violations of her State and Federal Constitutional Rights.

## O. Damages

83. The damages, which are unliquidated, are within the jurisdictional limits of the Court.

84. As a proximate result of Defendant's illegal misconduct, discrimination, negligence, and other unlawful conduct, Plaintiff Sylvia Cholick suffered the following damages:
>    1. Mental anguish;
>    2. Lost earnings; and
>    3. Damage to earning capacity.

## P. DEMAND FOR JURY

85. Plaintiff demands a jury trial and tenders the appropriate fee.

## M. PRAYER

86. All prerequisites required by law have been performed.

87. For these reasons, Plaintiff asks that citation issue, that the Defendants be cited to appear and answer, and that Plaintiff have Judgment against Defendants, jointly and severally, for the following:
>    a. Actual damages within the jurisdictional limits of this Court;
>    b. Nominal damages;
>    c. Exemplary damages as allowed by law;
>    d. Attorney's fees and expenses;
>    e. Pre-judgment and post-judgment interest;
>    f. Costs of suit;
>    g. All other relief, in law and in equity, to which Plaintiff may be entitled; and
>    H. General Relief.

CERTIFIED COPY

Respectfully submitted,

Donald T. Cheatham

Donald T. Cheatham
State Bar No. 24029925
825 West 11th Street
Austin, Texas 78701
(512) 494-1212
(512) 472-1558 Telecopy
(512) 426-5534  Mobile
Attorney for Plaintiff,
Sylvia Cholick.

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE 8-21-2002
BY Rosie Sotelo
DEPUTY



CERTIFIED COPY

## CERTIFICATE OF SERVICE

The undersigned attorney does hereby certify that the foregoing Plaintiff's 1st Amended Petition was caused to be delivered to those addressed below this 5th day of August, 2002, pursuant to the Texas Rules of Civil Procedure.

Mr. Robert Drinkard, Esquire
Denton, Navarro & Bernal
Bank of America Building
222 East Van Buren, Suite 405
Harlingen, Texas 78550
Via: Federal Express

Mr. Barry Ray, Esquire
Adams & Graham, L.L.P.
222 East Van Buren, West Tower
Harlingen, Texas 78550
Via: Certified Mail, Return Receipt Requested

Donald T. Cheatham

EXHIBIT" _B_ "

Citation for Personal Service  - GENERAL      CERTIFIED COPY 5.002.01

No. 2002-04-001324-G

THE STATE OF TEXAS                          *ORIGINAL*

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: THE CITY OF HARLINGEN, TEXAS
    BY SERVING THE CITY SECRETARY,
    SYLVIA TREVINO AT:
    118 EAST TYLER STREET
    HARLINGEN, TX 78550

the         DEFENDANT       , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 404th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said        PETITION        was filed on APRIL 02, 2002  .  A copy of same accompanies this citation.

The file number of said suit being No. 2002-04-001324-G.

The style of the case is:

                SYLVIA CHOLICK
                     VS.
        THE CITY OF HARLINGEN, TEXAS, ET AL.

Said petition was filed in said court by        DONALD T. CHEATHAM
(Attorney for        PLAINTIFF        ), whose address is
9225 KNOLL CREST LOOP AUSTIN, TX  78759                              .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 2nd day of APRIL , A.D. 2002.

        AURORA DE LA GARZA DISTRICT COURT CLERK
        Cameron County, Texas
        974 E. Harrison St.
        Brownsville, Texas 78520

        By: _____ Deputy

Citation for Personal Service - GENERAL    CERTIFIED COPY Lit. Seq. # 5.003.01

No. <u>2002-04-001324-G</u>

T H E   S T A T E   O F   T E X A S



NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: VALLEY BAPTIST HEALTH SYSTEM
SERVING ITS REGISTERED AGENT:
MR. BEN MCKIBBINS
2101 PEASE STREET
HARLINGEN, TX 78550

the _____ DEFENDANT _____ , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court <u>404th</u> Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said _____ PETITION _____ was filed on <u>APRIL 02, 2002</u>.  A copy of same accompanies this citation.

The file number of said suit being No. <u>2002-04-001324-G</u>.

The style of the case is:

SYLVIA CHOLICK
VS.
THE CITY OF HARLINGEN, TEXAS, ET AL.

Said petition was filed in said court by _____ DONALD T. CHEATHAM _____
(Attorney for _____ PLAINTIFF _____), whose address is
<u>9225 KNOLL CREST LOOP AUSTIN, TX  78759</u>.

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the <u>2nd</u> day of <u>APRIL</u>, A.D. <u>2002</u>.

AURORA DE LA GARZA            DISTRICT CLERK
Cameron County, Texas
974 E. Harrison St.
Brownsville, Texas 78521

By: _____            Deputy

Citation for Personal Service  - GENERAL           Lit. Seq. # 5.003.01

CERTIFIED COPY

No. 2002-04-001324-G

ORIGINAL

T H E   S T A T E   O F   T E X A S

        NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If
you or your attorney do not file a written answer with the clerk who issued this
citation by 10:00 a.m. on the Monday next following the expiration of twenty
days after you were served this citation and petition, a default judgment may be
taken against you.

TO: VALLEY BAPTIST HEALTH SYSTEM
    SERVING ITS REGISTERED AGENT,
    MR. BEN MCKIBBENS, AT:
    2101 PEASE STREET
    HARLINGEN, TX 78550

the      DEFENDANT      , GREETING:

        You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20
days after the date of service of this citation before the Honorable District
Court 404th Judicial District of Cameron County, Texas at the Courthouse of said
county in Brownsville, Texas.  Said _____ PETITION _____ was filed on
  APRIL 02, 2002  .  A copy of same accompanies this citation.

The file number of said suit being No. 2002-04-001324-G.

The style of the case is:

                    SYLVIA CHOLICK
                         VS.
             THE CITY OF HARLINGEN, TEXAS, ET AL.

Said petition was filed in said court by _____ DONALD T. CHEATHAM _____
(Attorney for _____ PLAINTIFF _____ ), whose address is
9225 KNOLL CREST LOOP AUSTIN, TX  78759                          .

        The nature of the demand is fully shown by a true and correct copy of the
Petition accompanying this citation and made a part hereof.

        The officer executing this writ shall promptly serve the same according to
requirements of law, and the mandates thereof, and make due return as the law
directs.

        Issued and given under my hand and seal of said Court at Brownsville,
Texas, this the 2nd day of   APRIL  , A.D. 2002.

                    AURORA DE LA GARZA, DISTRICT COURT CLERK
                  Cameron County, Texas
                  974 E. Harrison St.
                  Brownsville, Texas 78520

                  By:_____Deputy

**EXHIBIT"_____"**

**DONALD T. CHEATHAM** CERTIFIED COPY
**Attorney at Law**
**9225 Knoll Crest Loop**
**Austin, Texas 78759**
**(512) 241-0573**
**(512) 241-0579 TC**
**(512) 426-5534 M**

March 27, 2002
Re: Cholick v. City of Harlingen, et al.

Aurora de la Garza
District Clerk-Cameron County
974 East Harrison Street
Brownsville, Texas 78520

Dear Ms.de la Garza,

      Please find enclosed four originals and one copy of a lawsuit I respectfully direct to be filed. I ask that the copy be "Date Stamped" and returned to me in the stamped, self-addressed envelope I have provided for that purpose. Three of the originals are for service on the three Defendants, to wit: the City of Harlingen, Valley Baptist Health System, and Valley Baptist Medical Center.

      I enclose my attorney check with State Bar Number in the amount of $364 for the following:

| | |
|---|---|
| Filing Fee | $175.00 |
| Three Citations | 24.00 |
| Three service fees | 135.00 |
| Jury Fee | 30.00 |
| Total: | $364.00 |

      I would appreciate it if Citation would issue for each Defendant, and if service of process would take place as soon as possible.

      Should you have any questions, I am of course available to you at your convenience.

      With best personal regards, I remain

                         Very Truly yours,

                         Donald T. Cheatham

Enclosures
     cc: Ms. Sylvia Cholick

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE _____
BY _____
          DEPUTY

CERTIFIED COPY

NO. *2002-04-1324 G*

| | | |
|---|---|---|
| SYLVIA CHOLICK,<br>Plaintiff,<br>v.<br>The CITY of HARLINGEN, Texas,<br>Defendant,<br>and<br>VALLEY BAPTIST Health System,<br>Defendant,<br>and<br>VALLEY BAPTIST MEDICAL<br>CENTER,<br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT<br><br>404TH JUDICIAL DISTRICT<br><br>CAMERON COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

### A. Discovery Control Plan

1. Plaintiff intends to conduct discovery under Level 2 of TRCP 190.

### B. Parties

2. Plaintiff, Sylvia Cholick, is an individual, who resides at 810 North 21st Street, Harlingen, Cameron County, Texas, 785502.

3. Defendant, the City of Harlingen, an incorporated municipality in the state of Texas, is a political subdivision of the State of Texas, and must be served with process by serving the City Secretary, Sylvia Trevino, who has her official office at 118 East Tyler Street, Harlingen, Texas 78550, in Cameron County, who may be served at that address.

4. Defendant, Valley Baptist Health System, is a Texas corporation, and may be served by serving its registered agent, Mr. Ben McKibbens, at 2101 Pease Street, Harlingen, Texas 78550, in Cameron County, Texas. Valley Baptist Health System possesses all ownership interest in Valley Baptist Medical Center.

5. Defendant, Valley Baptist Medical Center, is a Texas corporation, and may be served by serving its registered agent, Mr. Ben McKibbins, at 2101 Pease Street, Harlingen, Texas 78550, in Cameron County, Texas. Valley Baptist Medical Center is owned totally by Baptist Valley Health System.

1

CERTIFIED COPY

## C. JURISDICTION

6. The Court has jurisdiction over the lawsuit under Texas Practice and Civil Remedies Code Sections 101.0215, 101.025, 106.002, as well as, the Texas State Constitution.

7. This suit is not removable to federal court either under 26 United States Code Section 1445(a) or 45 United States Code Sections 51-60.

## D. VENUE

8. Venue is allowed in Cameron County because all of the events and omissions complained of occurred in Cameron, County Texas, Texas Civil Practice & Remedies Code Section 15.002(a)(1).

## E. FACTS

9. On or about the 1st of April of 2000, an anonymous party placed an emergency 911 call complaining of barking dogs, and implicating Plaintiff as the owner of the barking dogs. [Plaintiff believes that the anonymous call(s) were made or instigated by one Wyndell Burn, one of Plaintiff's neighbors.]

10. Harlingen City Police Officers E. Vazquez and Ybarra responded to the anonymous barking dog complaint call, and arrived at the aforesaid premises of Plaintiff's urban homestead at or about 10:30 p.m. on the 1st of April of 2002.

11. At all times up to the time of their arrival at the Plaintiff's premises, and afterwards, aforesaid Harlingen City Police were acting on behalf of the City of Harlingen in a private capacity, for the benefit only of those within the City of Harlingen's corporate limits, and not as an arm of the government, in as much as, they extended the City of Harlingen's emergency response system beyond the limitations of the City of Harlingen's own policies to answering emergency calls, to responding to a call about barking dogs, which in itself is certainly not an "emergency", to be handled in response to a 911 telephone complaint about the same.

12. Immediately after their arrival, the aforesaid City of Harlingen Police Officers accosted Plaintiff on her premises concerning the alleged barking dogs. This included the issuance and utterance of threats by these City of Harlingen Police Officers to Plaintiff, including but not limited to, overt threats to kill any of Plaintiff's dogs, especially if any further 911 calls were placed by Plaintiff's neighbors in regard to alleged barking by Plaintiff's dogs.

13. Plaintiff in the course of exercising her civil rights had and has established a corporate entity, to wit: "Lend A Paw Humane Society," which is an eleemosynary entity, established for the benefit of domesticated animals, and which has qualified under the federal Internal Revenue Regulations, as an IRS 501( c ) charitable organization.

2

CERTIFIED COPY

Plaintiff and others in the City of Harlingen community have provided funds in sufficient sum for the purposes of providing free vaccination clinics, low cost health services, and medicine at cost for the animals, which Plaintiff learns may be in need of such, as well as, of the taking in stray dogs and cats.

14. Plaintiff, shortly before the 1st of April of 2000, in fact had taken in four dogs, which dogs she was restoring back to health and caring for on her premises, at the time of the incidents herein complained.

15. After the two Harlingen Police Officers had left Plaintiff's premises, Plaintiff having been distraught by their threats untoward her and the animals she was caring for, as well as, the manner in which these Harlingen City Police Officers had treated her, attempted to call the Harlingen City Police Department, at their regular business number, which it being after ordinary business hours, led her to call the City of Harlingen 911 emergency response number, where she was referred. Plaintiff at this time, once connected with the 911 operator, attempted to lodge a formal complaint against the two aforesaid Harlingen Police Officers for their misconduct untoward her, committed during their visit to her home that evening.

16. In response to Plaintiff's call complaining of the aforesaid Harlingen Police Officers and their misdeportment untoward her, the Harlingen Police Department immediately dispatched Officer Wayne Bell and others to Plaintiff's home. Plaintiff explained to these officers what had taken place shortly before, during a thirty or so minute interview. Harlingen Police Officer Ball promised Plaintiff that a "report" would be on Harlingen City Police Chief Archer's desk on "Monday morning," the 1st of April of 2000 having fallen on a Saturday.

17. Shortly after the aforesaid Harlingen City Police had left her premises, Plaintiff placed a 911 call to the police, informing that a small barking dog was loose in her neighborhood, and that possibly this dog, not under her control or care, had precipitated the initial 911 "emergency" call complaining of Plaintiff and her dogs. Harlingen Officer Ball in the course of his conversation with Plaintiff concerning her mistreatment by the other Harlingen Police Department Officers had encouraged Plaintiff to feel free, and to use the City of Harlingen 911 exchange to report "anything" regarding what had occurred that evening.

18. The Harlingen Police Department, in response to Plaintiff's 911 call following Officer Ball's visit, dispatched a supervisor and other officers, and informed Plaintiff that there was nothing they could or would do about the small, loose, barking dog in Plaintiff's neighborhood. During this visit, Officer Ball returned, and in the course of his discussion with Plaintiff, became agitated and aggressive towards Plaintiff, this time accusing Plaintiff of having lied to another Harlingen Police Officer. Another, unidentified Harlingen Police Officer returned during this time, handcuffed Plaintiff, placing her without any warnings, or any indication for the reason for such, and without her consent under arrest, and then summonsed an ambulance.

3

CERTIFIED COPY

19. At this point in time, it being then late in the night of the 1st of April of 2000, Plaintiff was dressed for bed, in a nightgown. Plaintiff, after having been handcuffed, requested respectfully of the Harlingen Police Officers that she be allowed to dress herself in street clothes, which requests Ball and the other unidentified Harlingen Police Officers denied her. Plaintiff then was placed in an ambulance after its arrival, and taken against her will and without her consent to the Defendant Valley Baptist Medical Center, where the Harlingen Police Officers requested of that Health-care facility, that the Defendant Valley Baptist Medical Center place Plaintiff under observation, and evaluate her for mental and psychological deficiencies, stating untruthfully that, "Plaintiff was a mental case."

20. After the passage of some time, after observation and evaluation of Plaintiff, as requested of them by the Harlingen Police Officer at that time present, the physicians and other health-care provider personnel at the Defendant Valley Baptist Medical Center concluded that Plaintiff certainly was not a "mental case," or in any way a person requiring hospitalization or treatment for any mental or psychological deficiencies.

21. During the period of time aforesaid, while Defendant Valley Baptist Medical Center was conducting their observation and evaluation of Plaintiff upon the request of the Harlingen Police Department, Plaintiff uncharged and uncited with any specific or particular crime or other infraction of law was under arrest and being detained, as well as, imprisoned against her will, without any probable cause, or for any cause for that matter, for such false, unlawful arrest and imprisonment.

22. During the time that Defendant Valley Baptist Medical Center facilitated, assisted, and abetted the Harlingen Police Department in Plaintiff's unlawful, illegal, and false arrest, detention and imprisonment, a security guard for Defendant Valley Baptist Medical Center, at the request of the Harlingen Police Department Officers then and there present at their facilities, physically accosted, assaulted and sexually battered Plaintiff, by grabbing her and groping her, while Plaintiff was there supposedly to be cared for to treat and cure her alleged emotional, mental and psychological maladies.

23. Following Defendant Valley Baptist Medical Center's release of Plaintiff to the Harlingen Police Officers who had caused Plaintiff to be brought there, having determined that Plaintiff was of fit mind, and not diagnosed with mental or psychological maladies or disabilities, Plaintiff was thrown violently into the side of a parked vehicle by an extremely angry Harlingen Police Officer E. Vazquez, who then handcuffed, and then shoved Plaintiff into the back seat of said vehicle, at which time the door of the vehicle was slammed against Plaintiff's legs, causing her physical injury with accompanying pain and suffering, all against the Plaintiff's will, and without her consent.

24. The Harlingen Police Officers then transported Plaintiff, continuing to be under false arrest and unlawfully imprisoned, without her consent, again uncomfortably handcuffed, without probable or any cause, to the Harlingen Police Department.

25. Upon arrival at the Harlingen Police Department, Plaintiff was dragged from the transporting vehicle by her manacled hands inside, where and when Harlingen Police

Officer E. Vazquez shoved Plaintiff violently against the walls, and otherwise threatened and physically abused Plaintiff, without provocation, grounds or authority. Plaintiff was then locked up in a cell, without her consent, where and when she requested a blanket, which was denied her.

26. After the passage of some time, after the Harlingen Police Officers, who had committed aforesaid tortuous acts had left the Harlingen Police Department lock-up facility, another Officer gave Plaintiff a blanket.

27. At 4:00 p.m. on the afternoon of the 2nd of April of 2000, the Harlingen Police Department released Plaintiff, without properly or otherwise proffering any charges against Plaintiff.

28. Since the incidents aforesaid, Harlingen Police Officers have harassed and taunted Plaintiff, by visiting the premises where she lives. Without provocation the Harlingen Police Department caused its officers to remove four dogs belonging to Plaintiff, and had them killed, without Plaintiff's consent, and without giving Plaintiff seventy-two (72) hours notice of their intentions to have the dogs killed. These acts were, and constituted, an intentional, illegal and uncalled for destruction of Plaintiff's personal property by the Defendant City of Harlingen.

29. Since the 1st of April of 2000, and continuing to the present, the Harlingen Police Department Officers so involved in aforesaid incidents, as well as, others employed by the Defendant City of Harlingen, acting in concert with them, have engaged in a campaign to defame Plaintiff, causing Plaintiff embarrassment, humiliation and shame in the community.

30. The Defendant City of Harlingen has refused Plaintiff access to public facilities, such as the City of Harlingen's library, in derogation further of Plaintiff's civil liberties and rights, stating without any bases whatsoever, that the purported justification for such is Plaintiff's unstable mental and psychological condition.

31. There was no legal authority or justification for any of the acts complained of, which were committed by the Defendants against Plaintiff, without her consent.

## F. COUNT I- FALSE IMPRISONMENT

32. Plaintiff realleges the averments contained in paragraphs 1 through 31 in Count I.

33. Defendants willfully detained the Plaintiff.

34. The detention was without Plaintiff's consent.

35. As a direct and proximate cause of these acts by Defendants, Plaintiff has suffered damages, and will continue to suffer damages.

CERTIFIED COPY

## G. COUNT II, ASSAULT

36. Plaintiff realleges the averments contained in paragraphs 1 through 35 in Count II.

37. Plaintiff was repeatedly assaulted and battered by Defendants' officers, agents, servants and employees during the evening hours of the 1st of April of 2000, and through to the afternoon hours of the 2nd of April of 2000.

38. The Defendants acted intentionally, knowingly, and recklessly.

39. The Defendants' officers, agents, servants and employees made non-consensual contact repeatedly with Plaintiff's body and person.

40. As a direct and proximate cause of Defendants' actions Plaintiff suffered bodily injuries, pain and suffering, as well as, other damages, and will continue to suffer damages.

## H. COUNT III, NEGLIGENCE

41. Plaintiff realleges the averments contained in paragraphs 1 through 40 in Count III.

42. Defendants each owed legal duties to Plaintiff.

43. Defendants each breached those duties.

44. Defendants individual, joint and several breaches of their individual and joint legal duties proximately caused the Plaintiff's injuries.

45. As a direct and proximate cause of Defendants' negligence Plaintiff suffered bodily injuries, pain and suffering, as well as, other damages, and will continue to suffer damages.

## I. COUNT IV, DISCRIMINATION BASED ON PLAINTIFF'S GENDER or SEX

46. Plaintiff realleges the averments contained in paragraphs 1 through 45 in Count IV.

47. Defendant, the City of Harlingen, through its officers, agents, servants and employees have refused to permit Plaintiff access to or the use of public facilities open to the public under Defendant's dominion and control, owned, operated or managed by Defendant, on behalf of the State of Texas, and/or of the political subdivision of the State, as the City of Harlingen, because Plaintiff was a female, mistypified by them as a "mental patient."

48. Defendant, the City of Harlingen, through its officers, agents, servants and employees have repeatedly refused to grant Plaintiff benefits, based on her gender or sex.

49. As a direct and proximate cause of the acts complained, Plaintiff has suffered

CERTIFIED COPY

damages, and will continue to suffer damages, and will continue to suffer damages.

50. Pursuant to Texas Civil Practice and Remedies Code Title 5, Governmental Liability, Section 106.002 if the acts herein complained in Count IV are found to be true, or a verdict is rendered in Plaintiff's favor on these claims, Plaintiff is entitled to preventive relief as well as, attorney's fees and costs.

## J. COUNT V-TRESPASS TO REAL PROPERTY

51. Plaintiff realleges the averments contained in paragraphs 1 through 50 in Count V.

52. Plaintiff owns and has legal right to possess the real property located at 810 North 21st Street, Harlingen, Cameron County, Texas, 78550.

53. Defendant, City of Harlingen's officers, agents, servants, and employees entered the Plaintiff's land uninvited and without authority or just cause, and the entry by them was:
    (1) physical;
    (2) intentional; and
    (3) voluntary.

54. Defendant, City of Harlingen's trespass caused injury to Plaintiff.

55. As a direct and proximate cause of the acts complained Plaintiff has suffered damages, and will continue to suffer damages.

## K. COUNT VI-LIBEL AND SLANDER

56. Plaintiff realleges the averments contained in paragraphs 1 through 55.

57. Defendants through and by their officers, agents, servants, and employees published a statement of fact, that Plaintiff was or had been or is a "mental patient," with the implication that being a "mental patient" was and is a subject for derision, humiliation, ridicule and scorn.

58. Such statements directly referred and refer to Plaintiff.

59. Such statements were and are defamatory.

60. Such statements were and are false.

61. With regard to the truth of the statements, the Defendants through and by their officers, agents, servants, and employees were
    (1) acting with actual malice:
    (2) negligent; and/or
    (3) liable without regard to fault (strict liability).

CERTIFIED COPY

62. Plaintiff has suffered and is suffering pecuniary and other losses and injuries.

63. As a direct and proximate result of the acts complained Plaintiff has suffered damages, and will continue to suffer damages.

## L. COUNT VII-CONVERSION AND DESTRUCTION OF PERSONALTY

64. Plaintiff realleges the averments contained in paragraphs 1 through 63 in Count VII.

65. Plaintiff owned, possessed, or had the right of immediate possession of personal property consisting of four dogs.

66. The four dogs was personal property.

67. Defendant, the City of Harlingen, through and by its officers, agents, servants, and employees wrongfully exercised dominion and control over Plaintiff's property, consisting of four dogs.

68. Defendant, the City of Harlingen, without authority or just cause, acting through and by its officers, agents, servants, and employees in derogation of its own adopted and promulgated policies and ordinances, caused the death and destruction of the four dogs, the personal property of Plaintiff.

69. Plaintiff has suffered injury.

70. As a direct and proximate cause of the acts complained Plaintiff has suffered damages, and will continue to suffer damages.

## M. COUNT VIII-INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

71. Plaintiff realleges the averments contained in paragraphs 1 through 70.

72. Defendant in all the acts complained acted and is acting intentionally or recklessly.

73. Defendants' conduct was and is extreme and outrageous.

74. Defendants' conduct was and is directed at Plaintiff.

75. Defendants' conduct proximately caused and is causing Plaintiff emotional distress.

76. The emotional distress suffered and being suffered by Plaintiff is severe.

77. As a direct and proximate cause of the acts complained Plaintiff suffered damages, and continues to suffer damages.

## N. COUNT IX- INVASION OF PRIVACY

CERTIFIED COPY

78. Plaintiff realleges the averments contained in paragraphs 1 through 77 in Count IX.

79. Defendants intentionally has intruded and is intruding on Plaintiff's solitude, seclusion, and private affairs.

80. The intrusions are and would be highly offensive to a reasonable person.

81. Plaintiff suffered and suffers injury as a result of Defendants' intrusions.

82. As a direct and proximate cause of the acts complained Plaintiff has suffered damages, and continues to suffer damages.

## O. Damages

83. The damages, which are unliquidated, are within the jurisdictional limits of the Court.

84. As a proximate result of Defendant's illegal misconduct, discrimination, negligence, and other unlawful conduct, Plaintiff Sylvia Cholick suffered the following damages:
1. Mental anguish;
2. Lost earnings; and
3. Damage to earning capacity.

## P. DEMAND FOR JURY

85. Plaintiff demands a jury trial and tenders the appropriate fee.

## M. PRAYER

86. All prerequisites required by law have been performed.

87. For these reasons, Plaintiff asks that citation issue, that the Defendants be cited to appear and answer, and that Plaintiff have Judgment against Defendants, jointly and severally, for the following:
a. Actual damages within the jurisdictional limits of this Court;
b. Nominal damages;
c. Exemplary damages as allowed by law;
d. Attorney's fees and expenses;
e. Pre-judgment and post-judgment interest;
f. Costs of suit;
g. All other relief, in law and in equity, to which Plaintiff may be entitled; and
H. General Relief.

9

CERTIFIED COPY

Respectfully submitted,

Donald T. Cheatham

Donald T. Cheatham
State Bar No. 24029925
9225 Knoll Crest Loop
Austin, Texas 78759
(512) 241-0573
(512) 241-0579 Telecopy
(512) 426-5534  Mobile
Attorney for Plaintiff,
Sylvia Cholick.

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE 8-21-02
BY Rosie Sotelo
DEPUTY

10

Citation for Personal Se₁ice - GENERAL    CERT. IED COPY    Bil₁. Seq. # 5.002.01

No. 2002-04-001324-G

T H E    S T A T E    O F    T E X A S    ORIGINAL

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: THE CITY OF HARLINGEN, TEXAS
    BY SERVING THE CITY SECRETARY,
    SYLVIA TREVINO AT:
    118 EAST TYLER STREET
    HARLINGEN, TX 78550

the _____ DEFENDANT _____, GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 404th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas. Said _____ PETITION _____ was filed on _APRIL 02, 2002_. A copy of same accompanies this citation.

The file number of said suit being No. 2002-04-001324-G.

The style of the case is:

SYLVIA CHOLICK
VS.
THE CITY OF HARLINGEN, TEXAS, ET AL.

Said petition was filed in said court by _____ DONALD T. CHEATHAM (Attorney for _____ PLAINTIFF _____), whose address is 9225 KNOLL CREST LOOP AUSTIN, TX 78759 _____.

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the _2nd_ day of _APRIL_, A.D. 2002.

Citation for Personal Service - GENERAL    CERTIFIED COPY    Dist.Seq.# 5.003.01



No. 2002-04-001324-G

# T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: VALLEY BAPTIST HEALTH SYSTEM
    SERVING ITS REGISTERED AGENT:
    MR. BEN MCKIBBINS
    2101 PEASE STREET
    HARLINGEN, TX 78550

the _____ DEFENDANT _____ , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 404th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said _____ PETITION _____ was filed on APRIL 02, 2002 .  A copy of same accompanies this citation.

The file number of said suit being No. 2002-04-001324-G.

The style of the case is:

SYLVIA CHOLICK
VS.
THE CITY OF HARLINGEN, TEXAS, ET AL.

Said petition was filed in said court by _____ DONALD T. CHEATHAM _____ (Attorney for _____ PLAINTIFF _____ ), whose address is 9225 KNOLL CREST LOOP AUSTIN, TX  78759

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 2nd day of APRIL , A.D. 2002.

Citation for Personal Ser~ice  - GENERAL _____    Lit. Seq. # 5.003.01

CERTIFIED COPY

ORIGINAL

No. 2002-04-001324-G

T H E   S T A T E   O F   T E X A S

   NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: VALLEY BAPTIST HEALTH SYSTEM
    SERVING ITS REGISTERED AGENT,
    MR. BEN MCKIBBENS, AT:
    2101 PEASE STREET
    HARLINGEN, TX 78550

the _____DEFENDANT_____, GREETING:

   You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 404th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said _____PETITION_____ was filed on _APRIL 02, 2002_ .  A copy of same accompanies this citation.

The file number of said suit being No. 2002-04-001324-G.

The style of the case is:

SYLVIA CHOLICK
VS.
THE CITY OF HARLINGEN, TEXAS, ET AL.

Said petition was filed in said court by _____DONALD T. CHEATHAM_____
(Attorney for _____PLAINTIFF_____), whose address is
9225 KNOLL CREST LOOP AUSTIN, TX  78759

   The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

   The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

   Issued and given under my hand and seal of said Court at Brownsville, Texas, this the _2nd_ day of _APRIL_, A.D. 2002.

**DONALD T. CHEATHAM**
**Attorney at Law**
**9225 Knoll Crest Loop**
**Austin, Texas 78759**
**(512) 241-0573**
**(512) 241-0579 TC**
**(512) 426-5534 M**

April 8, 2002
Ms. Aurora de la Garza
District Clerk-Cameron County
974 East Harrison Street
Brownsville, Texas 78520

**B - 0 2 - 1 6 2**

Re: <u>Cholick v. City of Harlingen</u>

Dear Ms. Aurora de la Garza,
    Please find enclosed an Original and copy of a Certificate of Service in the above styled matter for filing in your office, as well as, a stamped, self-addressed envelope for your convenience.
    Please file the Original and mail the copy back to me.
    With kindest regards, I remain

Cordially yours,

Donald T. Cheatham

Enclosures
cc: Ms. Sylvia Cholick

CERTIFIED COPY



FILED _____ O'CLOCK ____ M
AURORA DE LA GARZA, DIST. CLERK

APR 16 2002

DISTRICT COURT, CAMERON COUNTY TEXAS
BY _____ DEPUTY

NO. 2002.02.1324 G

| | | |
|---|---|---|
| SYLVIA CHOLICK, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| v. | § | |
| The CITY of HARLINGEN, Texas, | § | 404th TH JUDICIAL DISTRICT |
| Defendant. | § | |
| | § | |
| | § | CAMERON COUNTY, TEXAS |

### Certificate of Service

The undersigned a licensed attorney does hereby certify that a true and correct copy of Plaintiff's Original Petition was mailed postage prepaid by United States First Class Mail, Certified, Return Receipt Requested to Howard Baldwin, Esquire, Office of The Texas Attorney General, 1st Assistant Attorney General, Post Office Box 12548, Austin, Texas 78711, this 9th day of April of 2002.

Donald T. Cheatham

Respectfully submitted,

Donald T. Cheatham

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE _____
BY _____ DEPUTY

Donald T. Cheatham
State Bar No. 24029925
9225 Knoll Crest Loop
Austin, Texas 78759
(512) 241-0573
(512) 241-0579  Telecopy
(512) 426-5534  Mobile

FILED ___9:44___ O'CLOCK ___A___ M
AURORA DE LA GARZA, DIST. CLERK

# CERTIFIED COPY

APR 1 6 2002

## NO. 2002.02.1324 G

DISTRICT COURT, CAMERON COUNTY TEXAS
_____ DEPUTY
Rosie Sotelo

| | | |
|---|---|---|
| SYLVIA CHOLICK,<br>Plaintiff,<br>v.<br>The CITY of HARLINGEN, Texas,<br>Defendant. | § § § § § § § | IN THE DISTRICT COURT<br><br>404th TH JUDICIAL DISTRICT<br><br>CAMERON COUNTY, TEXAS |

### Certificate of Service

The undersigned a licensed attorney does hereby certify that a true and correct copy of Plaintiff's Original Petition was mailed postage prepaid by United States First Class Mail, Certified, Return Receipt Requested to Howard Baldwin, Esquire, Office of The Texas Attorney General, 1st Assistant Attorney General, Post Office Box 12548, Austin, Texas 78711, this 9th day of April of 2002.

Donald T. Cheatham

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE _____
BY _____ DEPUTY

CERTIFIED COPY

# DENTON, NAVARRO & BERNAL
A Professional Corporation
## ATTORNEYS AND COUNSELORS

| SAN ANTONIO OFFICE | Bank of America Building | LAREDO OFFICE |
|---|---|---|
| 1700 Tower Life Building | 222 East Van Buren, Suite 405 | 1102 Scott, Suite 4-B |
| 310 South St. Mary's Street | HARLINGEN, TEXAS 78550-6804 | Laredo, Texas 78040 |
| San Antonio, Texas 78205-3111 | (956) 421-4904 | (956) 726-6018 |
| (210) 227-3243 | Fax (956) 421-3621 | Fax (956) 723-1327 |
| Fax (210) 225-4481 | firm@dmnrgv.com | |

April 23, 2002

Ms. Aurora de la Garza                                    **By Hand-Delivery**
Cameron County District Clerk
Cameron County Courthouse
974 E. Harrison Street
Brownsville, TX 78520

Re: *Sylvia Cholick vs. City of Harlingen, Texas*
No. 2002-04-1324-G
404th Judicial District, Cameron County, Texas

Dear Ms. De La Garza:

I am enclosing the following document to be filed:

(1) Original Answer of Defendant City of Harlingen, Texas.

I have enclosed an extra copy of such documents for you to file-stamp and return to me in the self-addressed stamped envelope that I have provided. A copy of this document has been sent to opposing counsel.

Very truly yours,

Veronica Duron
Legal Assistant

Encls.

Cy: Mr. Donald T. Cheatham
    **By CMRRR No: 7001 1940 0007 8404 6014**

CERTIFIED COPY

CAUSE NO. 2002-04-1324-G

SYLVIA CHOLICK,                        §        IN THE DISTRICT COURT
          Plaintiff                    §
                                       §
VS.                                    §        404ᵀᴴ   JUDICIAL DISTRICT
                                       §
CITY OF HARLINGEN, TEXAS               §
          Defendant                    §        CAMERON COUNTY, TEXAS

ORIGINAL ANSWER OF DEFENDANT
CITY OF HARLINGEN, TEXAS
————————————————————————————

May It Please The Court:

DEFENDANT, CITY OF HARLINGEN, TEXAS, (hereafter "CITY"), files this Original Answer to Plaintiff's Original Petition.

## I.
## GENERAL DENIAL

DEFENDANT "CITY" generally denies all material allegations contained in Plaintiff's Original Petition, and calls upon Plaintiff to prove her allegations by a preponderance of the evidence as required by the laws of the State of Texas.

## II.
## AFFIRMATIVE DEFENSES

### Government Immunity

DEFENDANT "CITY" hereby asserts the affirmative defense of sovereign and governmental immunity from any and all state or common law causes of action asserted by Plaintiff.  In this regard, the DEFENDANT "CITY" would show that it is entitled to sovereign immunity, in the absence of an expressed waiver of immunity under §101.001, *et. Seq.*, Tex. Civ. Prac. & Rem. Code Ann., otherwise known as the "Texas Tort Claims Act," and would invoke all limitations, exclusions and provisions on liability

ORIGINAL ANSWER

CERTIFIED

set forth in the Texas Tort Claims Act as an affirmative defense.

### Statutory Caps

DEFENDANT "CITY" also hereby asserts as a defense the statutory caps on damages to which it is entitled under Texas law. The DEFENDANT "CITY" does not waive any immunity beyond the statutory caps set forth by statute.

Additionally, DEFENDANT "CITY" also hereby asserts that it is immune from the imposition of an award of exemplary damages pursuant to §101.024, Tex. Civ. Prac. & Rem. Code Ann.

### Limitations

DEFENDANT "CITY" also hereby asserts the affirmative defense of limitations from any state or common law causes of action asserted by Plaintiff.

### Notice Requirements

DEFENDANT "CITY" further reserves the right and hereby pleads as a defense, Plaintiff's failure to meet any applicable notice or filing requirements imposed by law as a precondition to the Court's exercise of jurisdiction over this matter and the imposition of any liability.

### Contributory and Comparative Fault By Other Parties

DEFENDANT "CITY" also hereby asserts the affirmative defense of comparative fault and responsibility, if any, on the part of any other party named in this lawsuit, including the Plaintiff, for the injuries sustained as a result of the incident made the basis of this lawsuit.

### CONCLUSION & PRAYER FOR RELIEF

THEREFORE, based on the foregoing general denial, as well as the affirmative defenses pleaded against Plaintiff's claims, DEFENDANT CITY prays that Plaintiff takes nothing by this suit.

CEL            PY

DEFENDANT CITY further requests that upon final hearing of this case, that all relief sought by Plaintiff be denied, that a take nothing judgment against Plaintiff be entered, and that DEFENDANT CITY be awarded such other and further relief, at law or in equity, to which it may show itself justly entitled.

    SIGNED on the 23ed day of April, 2002.

                              Respectfully submitted,

                              **DENTON, NAVARRO & BERNAL**
                              A Professional Corporation
                              Bank of America Building
                              222 East Van Buren, Suite 405
                              Harlingen, Texas 78550
                              956/421-4904
                              956/421-3621 (Fax)

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK    By: _____
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE 5-21-02                      RICARDO J. NAVARRO
BY _____                Attorney in Charge
       DEPUTY                     State Bar No. 14829100

                              _____
                              ROBERT L. DRINKARD
                              Associated Attorney
                              State Bar No. 24007128

## CERTIFICATE OF SERVICE

    I certify that a true copy of this document has been sent by regular U.S. Mail, unless otherwise indicated, to the persons listed below on the 23ed day of April, 2002.

Mr. Donald T. Cheatham        **By CMRRR #: 7001 1940 0007 8404 6014**
9225 Knoll Crest Loop
Austin, Texas 78759

                              _____
                              RICARDO J. NAVARRO
                              ROBERT L. DRINKARD

LAW OFFICES OF

# ADAMS & GRAHAM, L.L.P.

AFFILIATED WITH HILL GILSTRAP RIGGS
ADAMS & GRAHAM, L.L.P.

**FERRIEL C. HAMBY, JR.**
FCHamby@adamsgraham.com

222 E. VAN BUREN, WEST TOWER
P. O. DRAWER 1429
HARLINGEN, TEXAS 78551
TEL. (956) 428-7495     FAX (956) 428-2954
adamsgraham.com

**AFFILIATE OFFICES**
**AUSTIN**
**CHICAGO**
**DALLAS/FORT WORTH**
**LITTLE ROCK**

April 25, 2002

Mrs. Aurora de la Garza
DISTRICT CLERK OF CAMERON COUNTY
974 East Harrison Street
Brownsville, TX 78520

B - 0 2 - 1 6 2

Re:   Cause No. 2002-04-1324-G, Cameron County, Texas
      Sylvia Cholick vs. The City of Harlingen, Valley Baptist Health System and Valley Baptist
      Medical Center
      Our File No. V-692

Dear Mrs. de La Garza:

Please find enclosed herewith the Original Answer, as well as a Jury Demand, on behalf of the
Defendants, **VALLEY BAPTIST MEDICAL CENTER, a Texas non-profit hospital,** and
**VALLEY BAPTIST HEALTH SYSTEM, INC.,** which we ask that you kindly file with the papers
of the above styled and numbered cause.  Also enclosed is our firm's check in the amount of $30.00
to cover the jury fee.

We also enclose a copy of the enclosed documents and would appreciate same being file marked and
returned to this office.

We are this date mailing a copy of the enclosed Answer to Plaintiff's attorney and asking opposing
counsel to please review the special exceptions and advise as to whether they are in agreement to
amend to meet same so that we will know whether or not to request a hearing on said special
exceptions.

Mrs. Aurora de la Garza
April 26, 2002
Page 2



Thank you for your kind attention and courtesies.

Yours very truly,

**ADAMS & GRAHAM, L.L.P.**

Ferrel C. Hamby, Jr.

FCH/dpl
Enclosures
     Mr. Donald T. Cheatham
     Attorney at Law
     9225 Knoll Crest Loop
     Austin, TX 78759

CERTIFIED

FILED ___ O'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK
APR 2 6 2002
DISTRICT COURT OF CAMERON COUNTY, TEXAS

CAUSE NO. 2002-04-1324-G

| | | |
|---|---|---|
| SYLVIA CHOLICK | : | IN THE DISTRICT COURT |
| VS. | : | |
| | : | OF CAMERON COUNTY, TEXAS |
| CITY OF HARLINGEN, TEXAS, | : | |
| VALLEY BAPTIST HEALTH SYSTEM, | : | |
| AND VALLEY BAPTIST MEDICAL | : | |
| CENTER | : | 404TH JUDICIAL DISTRICT |

---

**ORIGINAL ANSWER OF DEFENDANTS
VALLEY BAPTIST MEDICAL CENTER AND
VALLEY BAPTIST HEALTH SYSTEM, INC.**

---

TO THE SAID HONORABLE COURT:

COME NOW **VALLEY BAPTIST MEDICAL CENTER, a Texas non-profit hospital,**

and **VALLEY BAPTIST HEALTH SYSTEM, INC.,** and make and file this their Original Answer

in reply to Plaintiff's Original Petition and in connection therewith would respectfully show unto

the Court the following:

I.

Special Exceptions

A.     These Defendants specially except to those portions of Paragraph 33 and 35; 36, 38,

39, 42, 43, 44, 45, 46, 51, 56, 57, 61, 64, 78 and all other portions of the Plaintiff's Original Petition

to include the Prayer, Paragraph 87, wherein Plaintiff globally refers to "Defendants", improperly

ORIGINAL ANSWER



CERTIFIED COPY

grouping the Defendants and does not set forth therein or elsewhere in the entire pleading, each and every, all and singular, of the specific acts and/or omissions claimed against each Defendant named herein separately, and without separate allegations of all claimed acts and/or omissions, these Defendants can not properly prepare their answer or defense, and for all of which reasons, said allegations should be stricken and of this exception, Defendants pray judgment of the Court.

B.      These Defendants specially except to that portion of Paragraph 83 of Plaintiff's petition wherein it is alleged that the unliquidated damages are within the "jurisdictional limits of the Court." for the reason that same constitute global allegations, too vague and indefinite, and does not set forth therein or elsewhere in the entire pleading, the amount of monetary damages sought against each Defendant, nor does the said allegation therein or elsewhere in the entire pleading set forth the total amount of monetary damages sought by the Plaintiff against all Defendants herein, and without more definite allegations, these Defendants can not properly prepare their answer and defense, and for all of which reasons, said allegations should be stricken and of this exception, Defendants pray judgment of the Court.

C.      These Defendants specially except to all portions of Plaintiffs Original Petition that allege gross negligence for the reason that Plaintiff wholly fails to allege any basis on the part of these Defendants that would or could allow for a recovery by the Plaintiff of punitive or exemplary damages, and for all of which reasons, said allegations should be stricken and of this exception, Defendants pray judgment of the Court.

II.                    CERTIFIED COPY

## General Denial

Come again these Defendants, by and through undersigned counsel and without the benefit

of discovery, and herewith enter their general denial in accordance with Rule 92 of the Texas Rules

of Civil Procedure, thereby, under the law, generally denying the allegations contained in the

Plaintiff's Original Petition, and, pursuant to the law, placing the burden of proof upon the Plaintiff

to prove each and every material allegation in her petition contained.

III.

## Vice Principal Test

Pleading alternatively, through the undersigned counsel and without the benefit of discovery,

the alleged gross negligence of Defendants fails the vice principal test and recovery therefore can

not be had for such claims.

IV.

## Statute of Limitations

Come again these Defendants by and through undersigned counsel and without the benefit

of discovery, and herewith affirmatively assert in defense the applicable statute or statutes of

limitation and say that the Plaintiff's claims against them are now time barred.

V.

## Unconstitutionality of Punitive Damages

**These legal contentions are for the court only.** The claims for punitive, exemplary, or

enhanced damages and/or any judgment for same are unenforceable due to the following:

CERTIFIED COPY

A.    On their face and as applied to the facts of this case, punitive, exemplary, and enhanced damages are criminal or quasi-criminal in nature, and Plaintiff should therefore be required to prove the basis of such damages beyond a reasonable doubt; the failure to require Plaintiff to do so amounts to a denial of due process and due course of law and of equal protection under the Constitutions of the United States of American and the State of Texas.

B.    On their face and as applied to the facts of this case, punitive, exemplary, and enhanced damages would constitute a taking of property without due process of law in contravention of the due process and due course of law provision of the Constitutions of the United States of America and the State of Texas.

C.    On their face and as applied to the facts of this case, under Texas law the measure of damages is so vague and ambiguous that the basis of such damages can not clearly and readily be identified in advance so as to guide the behavior of individuals and entities in their actions, thus constituting an ex post facto law, which is prohibited by the Constitutions of the United States of America and the State of Texas.

D.    On their face and as applied to the facts of this case, punitive, exemplary, and enhanced damages would violate the Excessive Fines Clause of the Eighth Amendment of the Constitution of the United States of America, as applied through the Fourteenth Amendment of the same constitution.

VI.

Chapter 41, Civil Practice and Remedies Code

**These legal contentions are for the Court only**.  Come again these Defendants and herewith affirmatively plead Chapter 41 of the Civil Practice and Remedies Code and say that if the Plaintiff can somehow convince the Court and Jury that they are in anyway entitled to punitive damages, then, in that unlikely event, these Defendants herewith affirmatively plead the cap imposed by law upon any award of punitive damages.



CERTIFIED · COPY

## VII.

## Acts of Third Parties

Pleading alternatively, through the undersigned counsel and without the benefit of discovery, if Plaintiff's complaints are true, which is denied, then Plaintiff's damages, if any, would have been caused, in whole or in part, by the acts or omissions of third parties over whom these Defendants had no control or right of control and for which these Defendants can not be held liable.

## VIII.

## Independent Intervening Cause

Come again these Defendants and, acting by and through the undersigned counsel and without the benefit of discovery, would allege, in the alternative and without admitting any allegation in the Plaintiff's petition, say that any causal connection that may have existed, which is expressly denied, between any alleged act and/or omission of the Defendants and Plaintiff's claimed damages, was broken by independent, intervening cause.

## IX.

## Verified Denial of Valley Baptist Health System

Comes again VALLEY BAPTIST HEALTH SYSTEM and herewith makes and files its verified denial, denying that it can be held liable in the capacity in which it is sued, that is, as principal for the alleged conduct of persons not its employee and this Defendant further shows that it can not be held liable in the capacity in which it is sued. Said Defendant, by this verified denial, denies that any of the persons named herein was or were at any time material hereto its agent, servant or employee, and, therefore, it can not be held vicariously liable for conduct of one not its agent or employee.

CERTIFIED COPY

WHEREFORE, PREMISES CONSIDERED, Defendants pray that upon final hearing hereof

that the Plaintiff take nothing against them and that they go hence with their costs, without day, and

for such other and further relief, at law or in equity, as they may show themselves justly entitled to

receive.

Respectfully submitted,

ADAMS & GRAHAM, L.L.P.
P. O. Drawer 1429
Harlingen, TX 78551-1429
(956) 428-7495
(956) 428-2954

By _____
Ferriel C. Hamby, Jr.
State Bar No. 08817000
Cameron Co. ID No. 1215

ATTORNEYS FOR DEFENDANTS
VALLEY BAPTIST MEDICAL CENTER AND
VALLEY BAPTIST HEALTH SYSTEM

THE STATE            )

OF TEXAS             )

BEFORE ME, the undersigned Notary Public in and for the State of Texas, on this day
personally appeared FERRIEL C. HAMBY, JR., known to me to be the person whose name is
subscribed hereto, who being first duly sworn in the manner provided by law, on oath, stated as
follows:

1.    My name is FERRIEL C. HAMBY, JR..  I am the attorney of record for Defendants,
      VALLEY BAPTIST MEDICAL CENTER and VALLEY BAPTIST HEALTH SYSTEM.
      I am over the age of 18 years and I am competent and authorized to testify to the facts set
      forth herein.

2.    I have read Paragraph IX in the above and foregoing **ORIGINAL ANSWER OF DEFENDANTS, VALLEY BAPTIST MEDICAL CENTER AND VALLEY BAPTIST HEALTH SYSTEM, INC.**, and the facts set forth therein are true and correct.

_____
FERRIEL C. HAMBY, JR.

SWORN TO AND SUBSCRIBED before me, the undersigned authority, by the said FERRIEL C. HAMBY, JR., on the _26th_ day of April, 2000, to certify which, witness my hand and seal of office.



_____
Notary Public, State of Texas

DORIS P. LOUX
Notary Public
STATE OF TEXAS
My Comm Exp. 08-31-2004

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to the following counsel of record on this the _26_ day of April, 2002.

Mr. Donald T. Cheatham
Attorney at Law
9225 Knoll Crest Loop
Austin, TX 78759

_____
Ferriel C. Hamby, Jr.

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE _____
BY _____
DEPUTY

DISTRICT COURT
CAMERON COUNTY, TEXAS

CERTIFIED COPY

FILED __4__ O'CLOCK __A__ M
AURORA DE LA GARZA DIST. CLERK
APR 2 6 2002
DISTRICT COURT OF CAMERON COUNTY TEXAS
BY _____ DEPUTY

CAUSE NO. 2002-04-1324-G

SYLVIA CHOLICK                     :          IN THE DISTRICT COURT

VS.                                :

                                   :          OF CAMERON COUNTY, TEXAS

CITY OF HARLINGEN, TEXAS,          :
VALLEY BAPTIST HEALTH SYSTEM,      :
AND  VALLEY  BAPTIST  MEDICAL      :
CENTER                             :          404TH JUDICIAL DISTRICT

---

### JURY DEMAND OF DEFENDANTS
### VALLEY BAPTIST MEDICAL CENTER AND
### VALLEY BAPTIST HEALTH SYSTEM, INC.

---

TO THE HONORABLE JUDGE OF SAID COURT:

      Pursuant to Rule 216 of the Texas Rules of Civil Procedure, the Defendants, **VALLEY BAPTIST MEDICAL CENTER, a Texas non-profit hospital,** and **VALLEY BAPTIST HEALTH SYSTEM, INC.,** have deposited with the District Clerk of Cameron County, Texas, the jury fee of Thirty and no/100 Dollars ($30.00) and do make this, their Jury Demand, in the above styled and numbered cause.

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE _____
BY _____
DEPUTY

Respectfully submitted,

ADAMS & GRAHAM, L.L.P.
P. O. Drawer 1429
Harlingen, TX 78551-1429
(956) 428-7495
(956) 428-2954

BY _____
Ferriel C. Hamby, Jr.
State Bar No. 08817000
Cameron Co. ID No. 1215

ATTORNEYS FOR DEFENDANTS
VALLEY BAPTIST MEDICAL CENTER AND
VALLEY BAPTIST HEALTH SYSTEM



## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to the following counsel of record on this the ___26___ day of April, 2002.

> Mr. Donald T. Cheatham
> Attorney at Law
> 9225 Knoll Crest Loop
> Austin, TX 78759

Ferriel C. Hamby, Jr.

CERTIFIED COPY

# DENTON, NAVARRO & BERNAL

A Professional Corporation

## ATTORNEYS AND COUNSELORS

| SAN ANTONIO OFFICE | Bank of America Building | LAREDO OFFICE |
|---|---|---|
| 1700 Tower Life Building | 222 East Van Buren, Suite 405 | 1102 Scott, Suite 4-B |
| 310 South St. Mary's Street | HARLINGEN, TEXAS 78550-6804 | Laredo, Texas 78040 |
| San Antonio, Texas 78205-3111 | (956) 421-4904 | (956) 726-6018 |
| (210) 227-3243 | Fax (956) 421-3621 | Fax (956) 723-1327 |
| Fax (210) 225-4481 | firm@dmnrgv.com | |

May 16, 2002

Ms. Aurora de la Garza                    **By Hand-Delivery**
Cameron County District Clerk
Cameron County Courthouse
974 E. Harrison Street
Brownsville, TX 78520

       Re:  *Sylvia Cholick vs. City of Harlingen, Texas*
           No. 2002-04-1324-G
           404th Judicial District, Cameron County, Texas

Dear Ms. De La Garza:

I am enclosing the following document to be filed:

(1)  Defendant City of Harlingen's Special Exceptions and Motion to Dismiss for Lack of Subject Matter Jurisdiction;
(2)  Fiat;
(3)  Order City Defendant's Special Exception & Motion to Dismiss.

I have enclosed an extra copy of such documents for you to file-stamp and return to me in the self-addressed stamped envelope that I have provided. A copy of this document has been sent to opposing counsel.

                    Very truly yours,

                    Veronica Duron
                    Legal Assistant

Encls.

Cy:  Mr. Donald T. Cheatham    **By CMRRR# 7001 1940 0007 8404 6687**
     Mr. Ferriel Hamby                              **By Regular Mail**

CERTIFIED COPY

## CAUSE NO. 2002-04-1324-G

| | | |
|---|---|---|
| SYLVIA CHOLICK | § | IN THE 404TH JUDICIAL |
|       Plaintiff | § | |
| | § | |
| VS. | § | DISTRICT COURT OF |
| | § | |
| THE CITY OF HARLINGEN, TEXAS | § | |
| ET AL | § | |
|       Defendants | § | CAMERON COUNTY, TEXAS |

### DEFENDANT CITY OF HARLINGEN'S
### SPECIAL EXCEPTIONS AND MOTION TO DISMISS
### FOR LACK OF SUBJECT MATTER JURISDICTION

May It Please The Court:

COMES NOW DEFENDANT, the CITY OF HARLINGEN, TEXAS (hereafter "CITY DEFENDANT") and files these Special Exceptions to Plaintiff's Original Petition.

### REQUEST FOR JUDICIAL NOTICE

CITY DEFENDANT also hereby requests that the Court take judicial notice that the CITY DEFENDANT is a government entity organized under the laws of the State of Texas. The CITY DEFENDANT has raised its entitlement to governmental and sovereign immunity from liability and from suit, as well as other applicable affirmative defenses.

### SPECIAL EXCEPTIONS

All the following Special Exceptions are made to Plaintiff's Original Petition, the live pleading on file at this time.

City Defendant's Special Exceptions &
Motion to Dismiss for Lack of Subject Matter              Page 1

CERTIFIED COPY

**SPECIAL EXCEPTION #1**

CITY DEFENDANT specially excepts to Section F, ¶¶ 32-35 of Plaintiff's Petition to the extent that it seeks legal damages against the CITY DEFENDANT for false imprisonment.

Because the CITY DEFENDANT is a government entity, it remains immune from any and all intentional torts, there being absolutely no statutory or common law exception to the general rule of immunity. CITY DEFENDANT specially excepts and objects to Section F of Plaintiff's petition in that the Plaintiff fails to plead with specificity any facts which overcome the exceptions to waiver of immunity for intentional torts pursuant to TEX.CIV.PRAC.& REM.CODE §101.057(2). This section excludes from the waiver of immunity claims based upon an employee's intentional torts.

Because false imprisonment is, by definition, an intentional tort, the CITY DEFENDANT cannot legally be held liable under this claim. Therefore, this claim and cause of action should be stricken as a matter of law because the Court cannot acquire jurisdiction over this claim.

**SPECIAL EXCEPTION #2**

CITY DEFENDANT specially excepts to Section G, ¶¶ 36-40 of Plaintiff's Petition to the extent that it seeks legal damages against the CITY DEFENDANT for assault.

CERTIFIED COPY

Because the CITY DEFENDANT is a government entity, it remains immune from any and all intentional torts, there being absolutely no statutory or common law exception to the general rule of immunity.  CITY DEFENDANT specially excepts and objects to Section G of Plaintiff's petition in that the Plaintiff fails to plead with specificity any facts which overcome the exceptions to waiver of immunity for intentional torts pursuant to TEX.CIV.PRAC.& REM.CODE §101.057(2).  This section excludes from the waiver of immunity claims based upon an employee's intentional torts.

Because assault is, by definition, an intentional tort, the CITY DEFENDANT cannot legally be held liable under this claim. Therefore, this claim and cause of action should be stricken as a matter of law because the Court cannot acquire jurisdiction over this claim.

**SPECIAL EXCEPTION #3**

CITY DEFENDANT specially excepts to Section J,¶¶ 51-55 of Plaintiff's Petition to the extent that it seeks legal damages against the CITY DEFENDANT for trespass to real property.

Because the CITY DEFENDANT is a government entity, it remains immune from any and all intentional torts, there being absolutely no statutory or common law exception to the general rule of immunity.  CITY DEFENDANT specially excepts and objects

City Defendant's Special Exceptions &
Motion to Dismiss for Lack of Subject Matter                    Page 3

CERTIFIED COPY

to Section J of Plaintiff's petition in that the Plaintiff fails to plead with specificity any facts which overcome the exceptions to waiver of immunity for intentional torts pursuant to TEX.CIV.PRAC.& REM.CODE §101.057(2). This section excludes from the waiver of immunity claims based upon an employee's intentional torts.

Because trespass to real property is an intentional tort, the CITY DEFENDANT cannot legally be held liable under this claim. Therefore, this claim and cause of action should be stricken as a matter of law because the Court cannot acquire jurisdiction over this claim.

**SPECIAL EXCEPTION #4**

CITY DEFENDANT specially excepts to Section K,¶¶ 56-63 of Plaintiff's Petition to the extent that it seeks legal damages against the CITY DEFENDANT for libel and slander.

Because the CITY DEFENDANT is a government entity, it remains immune from any and all intentional torts, there being absolutely no statutory or common law exception to the general rule of immunity. CITY DEFENDANT specially excepts and objects to Section K of Plaintiff's petition in that the Plaintiff fails to plead with specificity any facts which overcome the exceptions to waiver of immunity for intentional torts pursuant to TEX.CIV.PRAC.& REM.CODE §101.057(2). This section excludes

CERTIFIED COPY

from the waiver of immunity claims based upon an employee's intentional torts.

Because libel and slander are intentional torts by definition, the CITY DEFENDANT cannot legally be held liable under these claims. Therefore, these claims and causes of action should be stricken as a matter of law because the Court cannot acquire jurisdiction over these claims.

**SPECIAL EXCEPTION #5**

CITY DEFENDANT specially excepts to Section L, ¶¶ 64-70 of Plaintiff's Petition to the extent that it seeks legal damages against the CITY DEFENDANT for conversion and destruction of personalty.

Because the CITY DEFENDANT is a government entity, it remains immune from any and all intentional torts, there being absolutely no statutory or common law exception to the general rule of immunity. CITY DEFENDANT specially excepts and objects to Section L of Plaintiff's petition in that the Plaintiff fails to plead with specificity any facts which overcome the exceptions to waiver of immunity for intentional torts pursuant to TEX.CIV.PRAC.& REM.CODE §101.057(2). This section excludes from the waiver of immunity claims based upon an employee's intentional torts.

CERTIFIED COPY

Texas law is clear that conversion is an intentional tort. Because conversion and destruction of personalty are intentional torts by definition, the CITY DEFENDANT cannot legally be held liable under these claims. Therefore, these claims and causes of action should be stricken as a matter of law because the Court cannot acquire jurisdiction over these claims.

**SPECIAL EXCEPTION #6**

CITY DEFENDANT specially excepts to Section M, ¶¶ 71-77 of Plaintiff's Petition to the extent that it seeks legal damages against the CITY DEFENDANT for intentional infliction of emotional distress.

Because the CITY DEFENDANT is a government entity, it remains immune from any and all intentional torts, there being absolutely no statutory or common law exception to the general rule of immunity. CITY DEFENDANT specially excepts and objects to Section M of Plaintiff's petition in that the Plaintiff fails to plead with specificity any facts which overcome the exceptions to waiver of immunity for intentional torts pursuant to TEX.CIV.PRAC.& REM.CODE §101.057(2). This section excludes from the waiver of immunity claims based upon an employee's intentional torts.

Because intentional infliction of emotional distress is an intentional tort, the CITY DEFENDANT cannot legally be held

CERTIFIED COPY

liable under this claim.    Therefore, this claim and cause of action should be stricken as a matter of law because the Court cannot acquire jurisdiction over this claim.

**SPECIAL EXCEPTION #7**

CITY DEFENDANT specially excepts to Section N, ¶¶ 78-82 of Plaintiff's Petition to the extent that it seeks legal damages against the CITY DEFENDANT for invasion of privacy.

Because the CITY DEFENDANT is a government entity, it remains immune from any and all intentional torts, there being absolutely no statutory or common law exception to the general rule of immunity.    CITY DEFENDANT specially excepts and objects to Section N of Plaintiff's petition in that the Plaintiff fails to plead with specificity any facts which overcome the exceptions to waiver of immunity for intentional torts pursuant to TEX.CIV.PRAC.& REM.CODE §101.057(2).  This section excludes from the waiver of immunity claims based upon an employee's intentional torts.

Because invasion of privacy is an intentional tort by definition, the CITY DEFENDANT cannot legally be held liable under this claim.    Therefore, this claim and cause of action should be stricken as a matter of law because the Court cannot acquire jurisdiction over this claim.

CERTIFIED COPY

**SPECIAL EXCEPTION #8**

CITY DEFENDANT specially excepts to Section H, ¶¶ 41-45 of Plaintiffs' Original Petition, to the extent that it seeks legal damages against the DEFENDANT for negligence

Because the CITY DEFENDANT is a government entity entitled to sovereign immunity, Plaintiffs' allegations of negligence may only be brought pursuant to a statutory waiver of immunity for negligence actions under the Texas Tort Claims Act. The Petition is deficient in this respect.  In this regard, Plaintiffs must plead facts demonstrating the claim falls within one or more of the statutory waivers outlined in §101.021, Tex. Civ. Prac. & Rem. Code.

In view of the CITY DEFENDANT'S assertion of government immunity,   Plaintiffs must plead facts demonstrating that the Court has subject matter jurisdiction over the claims asserted.

Therefore,   upon   Plaintiffs'   failure   or   inability   to factually and properly plead a claim or cause of action that is not barred by government immunity in response to this special exception, this special exception should be granted, the cause of action be stricken, and the claim dismissed.

**SPECIAL EXCEPTION #9**

CITY DEFENDANT specially excepts to Plaintiff's petition in its entirety in that Plaintiff fails to allege how all notice

requirements of the Texas Tort Claims Act have been met. As a component of a statutory tort claim, Plaintiff must demonstrate that she has satisfied all applicable notice of claim requirements imposed by law. *See* §101.101, Tex. Civ. Prac. & Rem. Code.

In view of the fact that Plaintiff has completely failed to plead facts sufficient to show how all applicable notice requirements have been met, Plaintiff must replead to show facts demonstrating that the Court has subject matter jurisdiction over the claims asserted, and that applicable notice requirements have been met.

Upon Plaintiff's failure to replead facts sufficient to show how applicable notice requirements have been met, this special exception should be granted, and Plaintiff's negligence cause of action be stricken, and the claim dismissed.

**SPECIAL EXCEPTION #10**

CITY DEFENDANT specially excepts to Section I, ¶¶ 46-50 of Plaintiff's Petition, as well as Section E, Paragraph 30 of Plaintiff's Petition, wherein Plaintiff alleges discrimination based on Plaintiff's gender or sex. These paragraphs are deficient in that they do not sufficiently apprise the CITY DEFENDANT of the specific actions Plaintiff complains of.

CERTIFIED COPY

With respect to this allegation, Plaintiff fails to plead facts sufficient to put CITY DEFENDANT on notice of the specific acts Plaintiff alleges were discriminatory in nature based on gender. A reference to refusal of access to public facilities "because Plaintiff was a female, mistypified by them as a mental patient" does not sufficiently apprise the CITY DEFENDANT of the legal or factual basis for Plaintiff's gender discrimination claim and cause of action and therefore renders this count defective as a matter of law. Furthermore, Paragraph 30 refers to "unstable mental and psychological condition", failing to mention any alleged discrimination based on gender. Therefore, Plaintiff should be required to replead Section I and the contained paragraphs 46-50 and Paragraph 30, with more specificity to indicate the time, place, and content of the alleged discriminatory actions performed by an officer or employee of CITY DEFENDANT against Plaintiff. Upon Plaintiff's failure or inability to so replead, this cause of action should be stricken and the cause of action dismissed.

**SPECIAL EXCEPTION #11**

CITY DEFENDANT specially excepts to ¶¶ 87(c) of Plaintiff's Petition to the extent that it seeks legal damages against the CITY DEFENDANT for exemplary damages. Because the CITY DEFENDANT is a government entity, it remains immune from any and all

CERTIFIED COPY

claims for exemplary damages. *See* §101.024, Tex. Civ. Prac. & Rem. Code.

Furthermore, Plaintiff's discrimination claim only allows for preventive relief and does not authorize exemplary damages. *See* §106.002(a), Tex. Civ. Prac. & Rem. Code; *Toungate V. Bastrop Independent School District*, Tex.App.-Austin 1992, *revd on other grounds*).

Because the CITY DEFENDANT cannot legally be held liable for exemplary damages, these claims and causes of action should be stricken as a matter of law because the Court cannot acquire jurisdiction over these claims.

### CONCLUSION AND PRAYER

Therefore, the CITY DEFENDANT hereby urges each and every special exception outlined above and requests that the Court grant the relief requested as to each special exception.

As to those special exceptions where Plaintiff is given an opportunity to replead, Plaintiff should be required to replead within a reasonable time and in no event longer than a period of ten days from the date of the hearing on these special exceptions.

Subject to the foregoing Special Exceptions, the CITY DEFENDANT again respectfully requests that Plaintiffs take

CERTIFIED COPY

nothing by way of this litigation and this lawsuit be dismissed with prejudice.

Finally, the CITY DEFENDANT pray for any additional and further relief to which it is entitled at law or in equity including costs of suit and attorneys fees if appropriate.

SIGNED this 16th day of May 2002.

Respectfully submitted,

**DENTON, NAVARRO & BERNAL**
A Professional Corporation
Bank of America Building
222 East Van Buren, Suite 405
Harlingen, Texas 78550
956/421-4904
956/421-3621 (Fax)

By: _____
RICARDO J. NAVARRO
Attorney in Charge
State Bar No. 14829100
ROBERT DRINKARD
Associate Attorney
State Bar No. 24007128

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE 8-21-02
BY_____
DEPUTY

DISTRICT COURT
CAMERON COUNTY, TEXAS

**CERTIFICATE OF SERVICE** CERTIFIED COP

I certify that a true copy of this document has been sent by regular U.S. Mail, unless otherwise indicated, to the persons listed below on the _16th_ day of May, 2002.

Mr. Donald T. Cheatham          **By CMRRR# 7001 1940 0007 8404 6687**
ATTORNEY AT LAW
9225 Knoll Crest Loop
Austin, Texas 78759
COUNSEL FOR PLAINTIFF

Mr. Ferriel Hamby
ADAMS & GRAHAM, L.L.P.
222 East Van Buren West Tower
Harlingen, Texas 78550
COUNSEL FOR VALLEY BAPTIST HEALTH CENTER
& VALLEY BAPTIST MEDICAL CENTER

_____
RICARDO J. NAVARRO
ROBERT L. DRINKARD

City Defendant's Special Exceptions &
Motion to Dismiss for Lack of Subject Matter                        Page 13

CAUSE NO. 2002-04-1324-G    CERTIFIED COPY

| | | |
|---|---|---|
| SYLVIA CHOLICK | § | IN THE 404TH   JUDICIAL |
|    Plaintiff | § | |
| | § | |
| VS. | § | DISTRICT COURT OF |
| | § | |
| THE CITY OF HARLINGEN, TEXAS | § | |
| ET AL | § | |
|    Defendants | § | CAMERON COUNTY, TEXAS |

## FIAT

The CITY DEFENDANT'S Special Exceptions and Motion to Dismiss for Lack of Subject Matter Jurisdiction will be heard on the 27th day of June , 2002, at 9:30 a.m. before the 404th Judicial District Courtroom, Brownsville, Cameron County, Texas.

Signed this 20th day of May , 2002.

_____
JUDGE PRESIDING

Cy:  Mr. Ricardo J. Navarro, 222 E. Van Buren #405, Harlingen, Texas 78550
   Mr. Donald T. Cheatham, 9225 Knoll Crest Loop, Austin, Texas 78759
   Mr. Ferriel Hamby, 222 East Van Buren West Tower, Harlingen, Texas 78550

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
5/21/02 COPIES TO DATE
ADAMS & GRAHAM
HON DONALD T CHEATHAM   DEPUTY

MAY 20 2002

Fiat on City Defendant's Special Exceptions &
Motion to Dismiss for Lack of Subject Matter        Page 1

LAW OFFICES OF

# ADAMS & GRAHAM, L.L.P.

**AFFILIATED WITH HILL GILSTRAP RIGGS**
**ADAMS & GRAHAM, L.L.P.**

CERTIFIED

**BARRY RAY**
Partner
BRay@adamsgraham.com

222 E. VAN BUREN, WEST TOWER
P. O. DRAWER 1429
HARLINGEN, TEXAS 78551
TEL. (956) 428-7495    FAX (956) 428-2954
adamsgraham.com

**AFFILIATE OFFICES**
**AUSTIN**
**CHICAGO**
**DALLAS/FORT WORTH**
**LITTLE ROCK**

May 16, 2002

Mrs. Aurora De La Garza
**CAMERON COUNTY COURTHOUSE CLERK**
974 East Harrison
Brownsville, TX 78520

Re:    **Cause No. 2002-04-1324-G**
       **Sylvia Cholick vs. City of Harlingen, Texas, Valley Baptist Health System, and Valley Baptist**
       **Medical Center**
       **404th Judicial District Court, Cameron County, Texas**
       **Our File No. V-692**

Dear Mrs. De La Garza:

Enclosed herewith please find the following documents in connection with the above referenced matter:

   a)    *Defendants Valley Baptist Health System, Inc. and Valley Baptist Medical Center's Motion*
         *for Level 3 Discovery Control Plan; and*
   b)    *Defendants Valley Baptist Health System, Inc. and Valley Baptist Medical Center's Motion*
         *to Bifurcate Punitive Damage Claims.*

Please file stamp the additional copies (first pages only) and return to our office in the enclosed stamped self-addressed envelope.

We respectfully ask that you set the above Motions for hearings, notifying all counsel of record with the date.

Thank you for your attention to this matter. Should you have any questions or concerns, please do not hesitate to give me a call.

Very truly yours,

ADAMS & GRAHAM, L.L.P.

BARRY RAY

Enclosures

ADAMS & GRAHAM, L.L.P
[16]   C:\FILES\V692\CLERK\DELAGARZA-01

Mrs. Aurora De La Garza
May 16, 2002
Page 2

CERTIFIED COPY

BR:sdlr
cc w/enc.:    Mr. Donald T. Cheatham                    *Via Regular Mail*
              ATTORNEY AT LAW
              9225 Knoll Crest Loop
              Austin, Texas 78759

              Mr. Ricardo Navarro                       *Via Regular Mail*
              Mr. Robert Drinkard
              DENTON, McKAMIE & NAVARRO
              222 East Van Buren, Suite 405
              Harlingen, Texas 78550



CERTIFIED

FILED ___ O'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK

MAY 2 1 2002

IN THE DISTRICT COURT
DISTRICT COURT OF CAMERON COUNTY, TEXAS

_____ DEPUTY

Rosie Soter

CAUSE NO. 2002-04-1324-G

| | | |
|---|---|---|
| SYLVIA CHOLICK | § | |
| *plaintiff(s)* | § | |
| | § | |
| VS. | § | |
| | § | 404TH JUDICIAL DISTRICT |
| THE CITY OF HARLINGEN, VALLEY | § | |
| BAPTIST HEALTH SYSTEM, and | § | |
| VALLEY BAPTIST MEDICAL CENTER | § | |
| *defendant(s)* | § | CAMERON COUNTY, TEXAS |

### DEFENDANTS VALLEY BAPTIST HEALTH SYSTEM, INC. AND VALLEY BAPTIST MEDICAL CENTER'S MOTION FOR LEVEL 3 DISCOVERY CONTROL PLAN

**TO THE SAID HONORABLE COURT:**

COMES NOW, DEFENDANTS **VALLEY BAPTIST HEALTH SYSTEM, INC.** and

**VALLEY BAPTIST MEDICAL CENTER**, in the above-styled and numbered cause, and files this

their Motion to Establish Level 3 Discovery Control Plan, and would show the Court as follows:

### I.

Plaintiffs have stated their intention to conduct discovery of this cause under Level 2 of the

Discovery Control Plan. However, Defendants **VALLEY BAPTIST HEALTH SYSTEM, INC.**

and **VALLEY BAPTIST MEDICAL CENTER** request that the Court enter that discovery be

conducted pursuant to Level 3, and that a hearing be scheduled for the establishment of limitations

and/or deadlines for a discovery control plan under Level 3.

WHEREFORE, PREMISES CONSIDERED, Defendants **VALLEY BAPTIST HEALTH**

**SYSTEM, INC.** and **VALLEY BAPTIST MEDICAL CENTER** request the Court set this matter

for hearing, with notice to all parties, and that upon final hearing hereof, that the Court establish a

discovery control plan under Level 3 and order that this case be conducted pursuant to such

discovery control plan, and for such other and further relief, at law or in equity, to which this

Defendant may show himself justly entitled.

Respectfully submitted,

> **ADAMS & GRAHAM, L.L.P.**
> 222 E. Van Buren, West Tower
> Harlingen, Texas 78550
> Phone:       956/428-7495
> Facsimile:   956/428-2954
>
> By _____
>    **BARRY RAY**
>    State Bar No. 16606355
>
> **ATTORNEYS FOR DEFENDANTS**
> **VALLEY BAPTIST HEALTH SYSTEM, INC. and**
> **VALLEY BAPTIST MEDICAL CENTER**

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE _____
By _____
DEPUTY

## CERTIFICATE OF SERVICE

CERTIFIED

This is to certify that a true and correct copy of the above and foregoing instrument was

forwarded to the following counsel of record on this /6th day of _May_ 2002:

Mr. Donald T. Cheatham                                    *Via Regular Mail*
ATTORNEY AT LAW
9225 Knoll Crest Loop
Austin, Texas 78759

Mr. Ricardo Navarro                                       *Via Regular Mail*
Mr. Robert Drinkard
DENTON, McKAMIE & NAVARRO
222 East Van Buren, Suite 405
Harlingen, Texas 78550

BARRY RAY

CERTIFIED COPY

FILED _____ O'CLOCK _____ M.
AURORA DE LA GARZA DIST. CLERK

MAY 2 1 2002

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY
Rosie Sotelo

### CAUSE NO. 2002-04-1324-G

| | | |
|---|---|---|
| SYLVIA CHOLICK | § | IN THE DISTRICT COURT |
| *plaintiff(s)* | § | |
| | § | |
| VS. | § | |
| | § | 404TH JUDICIAL DISTRICT |
| THE CITY OF HARLINGEN, VALLEY | § | |
| BAPTIST HEALTH SYSTEM, and | § | |
| VALLEY BAPTIST MEDICAL CENTER | § | |
| *defendant(s)* | § | CAMERON COUNTY, TEXAS |

DEFENDANTS VALLEY BAPTIST HEALTH SYSTEM, INC. AND
VALLEY BAPTIST MEDICAL CENTER'S MOTION
TO BIFURCATE PUNITIVE DAMAGE CLAIMS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Valley Baptist Health System, Inc. and Valley Baptist Medical Center, Defendants herein and file this their Motion for Bifurcated Trial pursuant to Texas Civil Practice and Remedies Code § 41.009, and in support thereof would respectfully show the following:

I.

Plaintiff in this cause filed a number of claims against these Defendants for which they seek an award of punitive damages. The Texas Civil Practice and Remedies Code provides that the Trial Court should bifurcate the determination of the amount of punitive damages from the remaining issues in the case. TEX. CIV. PRAC. & REM. CODE § 41.009. Defendants request that the Court bifurcate the amount of punitive damages from the remaining issues in this case pursuant to the guidelines set out in the Texas Civil Practice and Remedies Code, in the unlikely event the answers to the jury charge support an award of punitive damages for Plaintiffs.

WHEREFORE, PREMISES CONSIDERED, Defendants Valley Baptist Health System, Inc.

CERTIFIED COPY

and Valley Baptist Medical Center request that the Court grant Defendants' Motion for Bifurcated

Trial.

Respectfully submitted,

**ADAMS & GRAHAM, L.L.P.**
222 E. Van Buren, West Tower
Harlingen, Texas 78550
Phone:        956/428-7495
Facsimile:    956/428-2954

By: _____
    **BARRY RAY**
    State Bar No. 16606355

**ATTORNEYS FOR DEFENDANTS
VALLEY BAPTIST HEALTH SYSTEM, INC. and
VALLEY BAPTIST MEDICAL CENTER**

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE 12-21-02
BY _____
              DEPUTY

CERTIFIE

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing instrument was forwarded to the following counsel of record on this _16th_ day of _May_ 2002:

Mr. Donald T. Cheatham                                    *Via Regular Mail*
ATTORNEY AT LAW
9225 Knoll Crest Loop
Austin, Texas 78759
*Attorney for Plaintiff Sylvia Cholick*

Mr. Ricardo Navarro                                        *Via Regular Mail*
Mr. Robert Drinkard
DENTON, McKAMIE & NAVARRO
222 East Van Buren, Suite 405
Harlingen, Texas 78550
*Attorney for Defendant The City of Harlingen*

_____
BARRY RAY

CERTIFIED COPY

## CAUSE NO. 2002-04-1324-G

| | | |
|---|---|---|
| SYLVIA CHOLICK | § | IN THE DISTRICT COURT |
| plaintiff(s) | § | |
| | § | |
| VS. | § | |
| | § | 404TH JUDICIAL DISTRICT |
| THE CITY OF HARLINGEN, VALLEY | § | |
| BAPTIST HEALTH SYSTEM, and | § | |
| VALLEY BAPTIST MEDICAL CENTER | § | |
| defendant(s) | § | CAMERON COUNTY, TEXAS |

## ORDER SETTING HEARING ON DEFENDANTS VALLEY BAPTIST HEALTH SYSTEM, INC. AND VALLEY BAPTIST MEDICAL CENTER'S MOTION FOR LEVEL 3 DISCOVERY CONTROL PLAN

**IT IS ORDERED** that a hearing on Defendants VALLEY BAPTIST HEALTH SYSTEM,

INC. and VALLEY BAPTIST MEDICAL CENTER'S Motion for Level 3 Discovery Control Plan

in the above-entitled and numbered cause be, and is hereby scheduled for the 27Th day of

June , 2002 at 9:30 o'clock a .m., in the 404th Judicial District Court of Cameron

County, Texas.

Clerk is to notify all counsel of record.

SIGNED this 22nd day of May , 2002

_JUDGE PRESIDING_

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE
BY Rosie Sotelo
DEPUTY

FILED
AURORA DE LA GARZA
MAY 22 2002
DEPUTY

Copies to: 5/22/02

Mr. Barry Ray, ADAMS & GRAHAM. L.LP., P.O Drawer 1429, Harlingen, Texas 78551-1429
Mr. Donald T. Cheatham, ATTORNEY AT LAW, 9225 Knoll Crest Loop, Austin, Texas 78759
Mr. Ricardo Navarro, Mr. Robert Drinkard, DENTON, McKAMIE & NAVARRO, 222 East Van Buren, Suite 405, Harlingen, Texas 78550

CERTIFIED COPY

### CAUSE NO. 2002-04-1324-G

| | | |
|---|---|---|
| SYLVIA CHOLICK | § | IN THE DISTRICT COURT |
|    *plaintiff(s)* | § | |
| | § | |
| VS. | § | |
| | § | 404TH JUDICIAL DISTRICT |
| THE CITY OF HARLINGEN, VALLEY | § | |
| BAPTIST HEALTH SYSTEM, and | § | |
| VALLEY BAPTIST MEDICAL CENTER | § | |
|    *defendant(s)* | § | CAMERON COUNTY, TEXAS |

### ORDER SETTING HEARING ON DEFENDANTS VALLEY BAPTIST HEALTH SYSTEM, INC. AND VALLEY BAPTIST MEDICAL CENTER'S MOTION TO BIFURCATE PUNITIVE DAMAGE CLAIMS

**IT IS ORDERED** that a hearing on Defendants Valley Baptist Health System, Inc. and

Valley Baptist Medical Center's Motion to Bifurcate Punitive Damage Claims in the above-entitled

and numbered cause be, and is hereby scheduled for the 27Th day of June, 2002 at

9:30 o'clock a .m., in the 404th Judicial District Court, Cameron County, Texas.

Clerk is to notify all counsel of record.

**SIGNED** this 22nd day of May, 2002.

_____
JUDGE PRESIDING

FILED ___ O'CLOCK __M
AURORA DE LA GARZA DIST CLERK
MAY 2 2 2002

Copies to: 5/22/02

Mr. Barry Ray, ADAMS & GRAHAM, L.LP., P.O. Drawer 1429, Harlingen, Texas 78551-1429
Mr. Donald T. Cheatham, ATTORNEY AT LAW, 9225 Knoll Crest Loop, Austin, Texas 78759
Mr Ricardo Navarro, Mr. Robert Drinkard, DENTON, McKAMIE & NAVARRO, 222 East Van Buren, Suite 405, Harlingen, Texas 78550

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE 8/12/0
BY Rosie Sotelo
DEPUTY

CERTIFIED COPY

# DENTON, NAVARRO & BERNAL

A Professional Corporation

## ATTORNEYS AND COUNSELORS

| SAN ANTONIO OFFICE | Bank of America Building | LAREDO OFFICE |
|---|---|---|
| 1700 Tower Life Building | 222 East Van Buren, Suite 405 | 1102 Scott, Suite 4-B |
| 310 South St. Mary's Street | HARLINGEN, TEXAS 78550-6804 | Laredo, Texas 78040 |
| San Antonio, Texas 78205-3111 | (956) 421-4904 | (956) 726-6018 |
| (210) 227-3243 | Fax (956) 421-3621 | Fax (956) 723-1327 |
| Fax (210) 225-4481 | firm@dmnrgv.com | |

June 27, 2002

Ms. Aurora de la Garza                    **By Hand-Delivery**
Cameron County District Clerk
Cameron County Courthouse
974 E. Harrison Street
Brownsville, TX 78520

    Re:  *Sylvia Cholick vs. City of Harlingen, Texas*
         No. 2002-04-1324-G
         404th Judicial District, Cameron County, Texas

Dear Ms. De La Garza:

    Enclosed for filing in the referenced matter, please find
the following:

    1.  Rule 11 Agreement Passing Hearing Set for June 27,
        2002, on Defendant City of Harlingen's Special
        Exceptions.

    I have enclosed an extra copy of such documents for you to
file-stamp and return to me in the self-addressed stamped
envelope that I have provided. A copy of this document has been
sent to opposing counsel.

                            Very truly yours,

                            *Norma Delgado*

                            Norma G. Delgado
                            Legal Assistant

Encls.

Cy:  Mr. Donald T. Cheatham
     Mr. Ferriel Hamby

CERTI... COPY

FILED 12:08 ...
AURORA DE LA GARZA ... CLERK

JUN 27 2002

DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

# DENTON, NAVARRO & BERNAL

A Professional Corporation

## ATTORNEYS AND COUNSELORS

Bank of America Building
222 East Van Buren, Suite 405
HARLINGEN, TEXAS 78550-6804
(956) 421-4904
Fax (956) 421-3621
firm@dmnrgv.com

SAN ANTONIO OFFICE
1700 Tower Life Building
310 South St. Mary's Street
San Antonio, Texas 78205-3111
(210) 227-3243
Fax (210) 225-4481

LAREDO OFFICE
1102 Scott, Suite 4-B
Laredo, Texas 78040
(956) 726-6018
Fax (956) 723-1327

June 26, 2002

Mr. Donald Cheatham                    **By Fax:** 512/472-1558
ATTORNEY AT LAW
9225 Knoll Crest Loop
Austin, Texas 78759

Re: *Sylvia Cholick v. City of Harlingen, et al*
No. 2002-04-1324-G (404th District Court, Cameron Co.,
Texas)

Dear Mr. Cheatham:

This is a Rule 11 letter intended to memorialize our agreement regarding the DEFENDANT CITY OF HARLINGEN'S Special Exceptions to your client's Original Petition, which is currently set for hearing on June 27, 2002 at 9:30 a.m.

It is my understanding that you will agree to replead in response to the City's Special Exceptions within 20 days of the date of this letter, to address the factual and legal deficiencies pointed out therein, in exchange for having the defense pass the hearing currently set for June 27, 2002.

This agreement is also with the understanding that you will plead your client's best case in light of the affirmative defenses urged in our answer and provided further that the City of Harlingen reserves the right to file, if appropriate, additional special exceptions, dispositive pleas or dispositive motions in response to the amended petition filed by you on behalf of your client.

If this letter properly captures our agreement, I ask that you sign off below and fax it back to my office so it can be filed with the District Clerk.

A TRUE COPY I CERTIFY
**AURORA DE LA GARZA, CLERK**
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE _____
BY *Rosie Sotelo*
DEPUTY

2

CERTIFIED COPY

Mr. Donald Cheatham
Attorney at Law
June 26, 2002
Page -2-

_____

     Thanks for your attention to this matter.  We will take care
of passing the hearing once we receive the signed agreement.

                              Very truly yours,

                              Robert Drinkard

AGREED & APPROVED:


Mr. Donald Cheatham
COUNSEL FOR PLAINTIFF

CERTIFIED COPY

CAUSE NO. 2002-04-1324-G

| | | |
|---|---|---|
| SYLVIA CHOLICK | § | IN THE 404TH JUDICIAL |
| Plaintiff | § | |
| | § | |
| VS. | § | DISTRICT COURT OF |
| | § | |
| THE CITY OF HARLINGEN, TEXAS | § | |
| ET AL | § | |
| Defendants | § | CAMERON COUNTY, TEXAS |

FIAT

The DEFENDANT CITY OF HARLINGEN'S Motion to Compel Plaintiff to Respond to Discovery Request will be heard on the 8th day of August , 2002, at 9:30 a.m. before the 404th Judicial District Courtroom, Brownsville, Cameron County, Texas.

Signed this 9th day of July , 2002.

JUDGE PRESIDING

7/9/02

Cy: Mr. Ricardo J. Navarro, 222 E. Van Buren #405, Harlingen, Texas 78550
Mr. Donald T. Cheatham, 9225 Knoll Crest Loop, Austin, Texas 78759
Mr. Ferriel Hamby, 222 East Van Buren West Tower, Harlingen, Texas 78550

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE
BY DEPUTY

FILED O'CLOCK M
AURORA DE LA GARZA DIST. CLERK
JUL - 9 2002
DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

CERTIFIED COPY

# DENTON, NAVARRO & BERNAL

A Professional Corporation

## ATTORNEYS AND COUNSELORS

| SAN ANTONIO OFFICE | Bank of America Building | LAREDO OFFICE |
|---|---|---|
| 1700 Tower Life Building | 222 East Van Buren, Suite 405 | 1102 Scott, Suite 4-B |
| 310 South St. Mary's Street | HARLINGEN, TEXAS 78550-6804 | Laredo, Texas 78040 |
| San Antonio, Texas 78205-3111 | (956) 421-4904 | (956) 726-6018 |
| (210) 227-3243 | Fax (956) 421-3621 | Fax (956) 723-1327 |
| Fax (210) 225-4481 | firm@dmnrgv.com | |

July 8, 2002

Ms. Aurora de la Garza                                    **By Hand-Delivery**
Cameron County District Clerk
Cameron County Courthouse
974 E. Harrison Street
Brownsville, TX 78520

> Re: *Sylvia Cholick vs. City of Harlingen, Texas*
>     No. 2002-04-1324-G
>     404th Judicial District, Cameron County, Texas

Dear Ms. De La Garza:

Enclosed for filing in the referenced matter, please find the following:

1. Defendant City of Harlingen's Motion to Compel Plaintiff to Respond to Discovery Request;

2. Fiat;

3. Order on Defendant City of Harlingen's Motion to Compel.

I have enclosed an extra copy of such documents for you to file-stamp and return to me in the self-addressed stamped envelope that I have provided. A copy of this document has been sent to opposing counsel.

Very truly yours,

Norma G. Delgado
Legal Assistant

Ms. Aurora De La Garza
Cameron County District Clerk
July 8, 2002
Page 2

CERTIFIED COP ,

Encls.

Cy:  Mr. Donald T. Cheatham    **By CMRRR#: 7002 1000 0004 8591 2274**
     Mr. Ferriel Hamby                            **By Regular Mail**

CERTIFIED COPY

FILED
_____ O'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK

JUL 08 2002

DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

CAUSE NO. 2002-04-1324-G

| | | |
|---|---|---|
| SYLVIA CHOLICK | § | IN THE 404TH JUDICIAL |
| Plaintiff | § | |
| | § | |
| VS. | § | DISTRICT COURT OF |
| | § | |
| THE CITY OF HARLINGEN, TEXAS | § | |
| ET AL | § | |
| Defendants | § | CAMERON COUNTY, TEXAS |

## DEFENDANT CITY OF HARLINGEN'S MOTION TO COMPEL PLAINTIFF TO RESPOND TO DISCOVERY REQUEST

Defendant City of Harlingen (hereinafter "DEFENDANT CITY") asks the Court to compel Plaintiff Sylvia Cholick to respond to DEFENDANT CITY'S Rule 194 Request for Disclosure.

### A.   Introduction

Plaintiff sued Defendant City of Harlingen for negligence, discrimination, and numerous intentional torts, including false imprisonment, assault, trespass, libel and slander, conversion and destruction of personalty, intentional infliction of emotional distress, and invasion of privacy.

On April 23, 2002, DEFENDANT CITY served Request for Disclosure on Plaintiff, in accordance with Texas Rule of Civil Procedure 194. Plaintiff did not respond to the discovery request as required by Rule 194, and has failed to respond at all to this date. Therefore, the Court should compel Plaintiff to comply with Rule 194.

CERTIFIED COPY

## B.  Argument and Authorities

The purpose of discovery is to "seek the truth, so that disputes may be decided by what the facts reveal, not by what facts are concealed."  Jampole v. Touchy, 673 S.W.2d 569, 573 (Tex. 1984).

DEFENDANT CITY served its discovery request on Plaintiff on April 23, 2002.  Such discovery requests are attached to this Motion as Exhibit A.  The requests were directly in accordance with Texas Rule of Civil Procedure 194.  This information is necessary to adequately defend this case.

Plaintiff's responses to such request were due on May 23, 2002.  Although Plaintiff's responses were due on May 23, 2002, Plaintiff has not timely responded to DEFENDANT CITY'S discovery requests.  DEFENDANT CITY agreed with Plaintiff's attorney to extend the deadline to respond to such requests.  However, Plaintiff's attorney failed to submit a Rule 11 Agreement memorializing such extension.  In one last attempt to get Plaintiff to respond to discovery requests without having to file this Motion, DEFENDANT CITY sent correspondence to Plaintiff dated June 18, 2002.  Said correspondence is attached to this Motion as Exhibit B.  Plaintiff has failed to respond to this correspondence and has yet to submit responses to the discovery request.  Therefore, the court should order Plaintiff

CERTIFIED COPY

to file responses.

Plaintiff's noncompliance with the discovery request thwarts DEFENDANT CITY'S discovery efforts, prevents effective trial preparation, and conceals relevant facts. DEFENDANT CITY has incurred the cost of preparing and filing this motion to obtain relief.

### C.  Conclusion

Because DEFENDANT CITY'S requests are within the permissible scope of Rule 194, and because Plaintiff refused to comply with the rules and file responses, the court should compel Plaintiff to respond adequately and should award DEFENDANT CITY attorney fees incurred in preparing this motion and attending a hearing on the motion.

### D.  Prayer

For these reasons, DEFENDANT CITY asks the Court to set this motion for hearing and after the hearing, compel Plaintiff to file adequate responses to Defendant City's Rule 194 Request for Disclosure, and order Plaintiff to pay attorney's fees incurred in filing this motion.

Signed on the 24th day of July, 2002.

CERTIFIED COPY

Respectfully submitted,

**DENTON, NAVARRO & BERNAL**
A Professional Corporation
Bank of America Building
222 East Van Buren, Suite 405
Harlingen, Texas 78550
956/421-4904
956/421-3621 (Fax)

By: _____
RICARDO J. NAVARRO
Attorney in Charge
State Bar No. 14829100
ROBERT L. DRINKARD
State Bar No. 24007128


**CERTIFICATE OF SERVICE**

I certify that a true copy of this document has been sent by regular U.S. Mail, unless otherwise indicated, to the persons listed below on the _8th_ day of July, 2002.


Mr. Donald T. Cheatham          **By CMRRR #: 7002 1000 0004 8591 2274**
9225 Knoll Crest Loop
Austin, Texas 78759

Mr. Ferriel Hamby
Adams & Graham
222 East Van Buren West Tower
Harlingen, Texas 78550

_____
RICARDO J. NAVARRO
ROBERT L. DRINKARD

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE _____
BY _____
DEPUTY

Defendant City of Harlingen's Motion to Compel
Plaintiff to Respond to Discovery Request

CERTIFIED COPY

**EXHIBIT"** _H_

CERTIFIED COPY

CAUSE NO. 2002-04-1324-G

| | | |
|---|---|---|
| SYLVIA CHOLICK, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff | § | |
| | § | 404TH   JUDICIAL DISTRICT |
| VS. | § | |
| | § | |
| CITY OF HARLINGEN, TEXAS | § | |
| | § | |
| Defendants | § | CAMERON COUNTY, TEXAS |

### DEFENDANT'S REQUEST FOR DISCLOSURE
### TO PLAINTIFF SYLVIA CHOLICK

To:  Plaintiff Sylvia Cholick
by and through counsel of record,
Mr. Donald T. Cheatham
9225 Knoll Crest Loop
Austin, Texas 78759

NOW COMES the DEFENDANT, CITY OF HARLINGEN, TEXAS and propounds this Request for Disclosure to Plaintiff Sylvia Cholick.  Pursuant to Rule 194, you are requested to disclose, within thirty days of service of this Request, the information or material described in Rule 194.2 (a - k) of the Texas Rules of Civil Procedure.

In addition to the categories of disclosure identified above, you are further requested, pursuant to Rule 192.3(d), to provide the name, address, telephone number of any person who is expected to testify at trial.

SIGNED on the 23rd day of April, 2002.     CERTIFIED COPY

Respectfully submitted,

**DENTON, NAVARRO & BERNAL**
A Professional Corporation
Bank of America Building
222 East Van Buren, Ste 405
Harlingen, Texas 78550
956/421-4904
956/421-3621 (Facsimile)

By: _____
RICARDO J. NAVARRO
Attorney in Charge
State Bar No. 14829100
ROBERT L. DRINKARD
Associated Attorney
State Bar No. 24007128

## CERTIFICATE OF SERVICE

I certify that a true copy of this document has been sent by regular U.S. Mail, unless otherwise indicated, to the persons listed below on the 23rd day of April, 2002.

Mr. Donald T. Cheatham        **By CMRRR No. 7001 1940 0007 8404 6526**
9225 Knoll Crest Loop
Austin, Texas 78759
**COUNSEL FOR PLAINTIFF**

_____
RICARDO J. NAVARRO
ROBERT L. DRINKARD

Cholock-Rule 194 Disclosure Request
to Plaintiff                                                Page 2

CERTIFIED COPY

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

Sent To
*Donald Cheathan*

Street, Apt. No.;
or PO Box No.

City, State, ZIP+ 4

PS Form 3800, January 2001          See Reverse for Instructions

7001 1940 0007 8404 6526

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

*Mr. Donald J. Cheathan*
*Attorney At Law*
*9225 Knoll Crest Loop*
*Austin Tx 78759*

2.    7001 1940 0007 8404 6526

PS Form 3811, March 2001          Domestic Return Receipt          102595-01-M-1424

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)     B. Date of Delivery
                                          4-26-02

C. Signature
                                          ☐ Agent
                                          ☐ Addressee

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:     ☐ No

3. Service Type
   ☐ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)     ☐ Yes

*Cholick Rgst Loc Disl.*

CERTIFIED COPY

**EXHIBIT"**  **"**

CER... ...PY

# DENTON, NAVARRO & BERNAL

A Professional Corporation

## ATTORNEYS AND COUNSELORS

| SAN ANTONIO OFFICE | Bank of America Building | LAREDO OFFICE |
|---|---|---|
| 1700 Tower Life Building | 222 East Van Buren, Suite 405 | 1102 Scott, Suite 4-B |
| 310 South St. Mary's Street | HARLINGEN, TEXAS 78550-6804 | Laredo, Texas 78040 |
| San Antonio, Texas 78205-3111 | (956) 421-4904 | (956) 726-6018 |
| (210) 227-3243 | Fax (956) 421-3621 | Fax (956) 723-1327 |
| Fax (210) 225-4481 | firm@rampage-rgv.com | |

June 18, 2002

Mr. Donald T. Cheatham        **By CMRRR No. 7001 2510 0002 8954 9263**
Attorney At Law                       **& Via Fax: 512/472-1558**
9225 Knoll Crest Loop
Austin, Texas 78759

   Re: *Sylvia Cholick vs. City of Harlingen, Texas*
    No. 2002-04-1324-G
    404th Judicial District, Cameron County, Texas

Dear Mr. Cheatham:

   This correspondence is to inform you that your client's responses to the Defendant City of Harlingen's Rule 194 Request for Disclosure was due on May 23, 2002. Pursuant to our telephone conversation, I agreed to extend the date for responses to this discovery to June 23, 2002. However, I never received a Rule 11 Agreement from you regarding this extension.

   At the present time, your discovery responses are overdue. Be advised that if I do not receive such responses from you by Monday, June 23, 2002, I will file a Motion to Compel and seek to have such motion set for June 27, 2002, the date of the hearings for the several other pending motions in this action.

   Thank you for your kind attention to this matter.

          Very truly yours,

          Robert Drinkard

CE. . . . COPY

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

Cholick - Corresp.

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To Donald Cheatham
Street, Apt. No.,
or PO Box No.
City, State, ZIP+4

7001 2510 0002 8954 9263

PS Form 3800, January 2001          See Reverse for Instructions

---

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

A. Received by *(Please Print Clearly)*   B. Date of Delivery
6-21-02

C. Signature
☐ Agent
☐ Addressee

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

1. Article Addressed to:

Mr. Donald T. Cheatham
Attorney At Law
9225 Knoll Crest Loop
Austin, TX 78759

3. Service Type
☐ Certified Mail    ☐ Express Mail
☐ Registered    ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)*    ☐ Yes

2.    7001 2510 0002 8954 9263   Cholick - Corresp.

PS Form 3811, March 2001          Domestic Return Receipt          102595-01-M-1424

CERTIFIED COPY

LAW OFFICES OF

# ADAMS & GRAHAM, L.L.P.

**AFFILIATED WITH HILL GILSTRAP RIGGS**
**ADAMS & GRAHAM, L.L.P.**

**BARRY RAY**
Partner
BRay@adamsgraham.com

222 E. VAN BUREN, WEST TOWER
P. O. DRAWER 1429
HARLINGEN, TEXAS 78551
TEL. (956) 428-7495    FAX (956) 428-2954
adamsgraham.com

**AFFILIATE OFFICES**
**AUSTIN**
**CHICAGO**
**DALLAS/FORT WORTH**
**LITTLE ROCK**

July 9, 2002

Mrs. Aurora De La Garza
**CAMERON COUNTY COURTHOUSE CLERK**
974 East Harrison
Brownsville, TX 78520

Re:     **Cause No. 2002-04-1324-G**
        **Sylvia Cholick vs. City of Harlingen, Texas, Valley Baptist Health System, and Valley**
        **Baptist Medical Center**
        **404th Judicial District Court, Cameron County, Texas**
        **Our File No. V-692**

Dear Mrs. De La Garza:

Enclosed herewith please find *Rule 11 Agreement* in connection with the above referenced matter.
Please file stamp the additional copy (first page only) and return to our office in the enclosed
stamped self-addressed envelope.

Thank you for your attention to this matter. Should you have any questions or concerns, please do
not hesitate to give me a call.

Very truly yours,

**ADAMS & GRAHAM, L.L.P.**

**BARRY RAY**

Enclosures
BR:sdl

---

Mrs. Aurora De La Garza
July 9, 2002
Page 2

CERTIFIED COPY

cc w/enc.:    Mr. Donald T. Cheatham                         *Via Regular Mail*
                ATTORNEY AT LAW
                9225 Knoll Crest Loop
                Austin, Texas 78759

                Mr. Ricardo Navarro                         *Via Regular Mail*
                DENTON, McKAMIE & NAVARRO
                222 E. Van Buren Suite 405
                Harlingen, TX 78550

Jul 03 02 12:04p     ADAMS&GRAHAM LLP          (95  428-2954        P.2

CERTIFIED COPY

LAW OFFICES OF
# ADAMS & GRAHAM, L.L.P.
AFFILIATED WITH HILL GILSTRAP RIGGS
ADAMS & GRAHAM, L.L.P.

**BARRY RAY**
Partner
BRay@adamsgraham.com

222 E. VAN BUREN, WEST TOWER
P. O. DRAWER 1429
HARLINGEN, TEXAS 78551
TEL. (956) 428-7495   FAX (956) 428-2954
adamsgraham.com

**AFFILIATE OFFICES**
**AUSTIN**
**CHICAGO**
**DALLAS/FORT WORTH**
**LITTLE ROCK**

July 3, 2002

Mr. Donald T. Cheatham          *Via Facsimile 512/472-1158*
ATTORNEY AT LAW
9225 Knoll Crest Loop
Austin, Texas 78759

Re:   Cause No. 2002-04-1324-G
      Sylvia Cholick v. The City of Harlingen, Valley Baptist Health System, and
      Valley Baptist Medical Center
      404th Judicial District Court, Cameron County, Texas
      Our File No. V-692

FILED _____ O'CLOCK ___
AURORA ____ ___. DIST. CLERK
JUL 11 2002
DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

Dear Mr. Cheatham:

Please allow this to confirm that you are in agreement with my Motion for Level 3 Scheduling Order in connection with the above case. This will also confirm that you are in agreement with my proposed Motion to Bifurcate the case on the issue of punitive damages.

If the above matters are correct, please sign where indicated below pursuant to Rule 11 of the Texas Rules of Civil Procedure and fax the signed agreement back to me. Thank you for your attention to the above matters.

Very truly yours,

ADAMS & GRAHAM, L.L.P.

BARRY RAY

BR:dlr

DONALD CHEATHAM

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE _____
BY _____
DEPUTY

ADAMS & GRAHAM, L.L.P.
[16] C:\FILES\V692\COUNSEL\CHEATHAM-03

CERTIFIED COPY

Aurora De La Garza / District Clerk

Cameron County District Courts
974 E. Harrison
Brownsville, Texas 78520

RETURN
TO
SENDER

RECEIVED
CLERK OF DISTRICT COURT

JUL 1 7 2002

CAMERON COUNTY
BROWNSVILLE, TEXAS

78520/7123

HON DONALD T CHEATHAM
9225 KNOLL CREST LOOP
AUSTIN TX  78759



BROWNSVILLE TX
JUL 16'02
PB METER
7086997
U.S. POSTAGE
= 0 37 =



CERTIFIED COPY

CAUSE NO. 2002-04-1324-G

| | | |
|---|---|---|
| SYLVIA CHOLICK | § | IN THE 404TH  JUDICIAL |
| Plaintiff | § | |
| | § | |
| VS. | § | DISTRICT COURT OF |
| | § | |
| THE CITY OF HARLINGEN, TEXAS | § | |
| ET AL | § | |
| Defendants | § | CAMERON COUNTY, TEXAS |

### FIAT

The DEFENDANT CITY OF HARLINGEN'S Motion to Compel Plaintiff to Respond to Discovery Request will be heard on the __8th__ day of __August__, 2002, at __9:30 a__.m. before the 404th Judicial District Courtroom, Brownsville, Cameron County, Texas.

Signed this __9th__ day of __July__, 2002.

_____
JUDGE PRESIDING

Cc: Mr. Ricardo J. Navarro, 222 E. Van Buren #405, Harlingen, Texas 78550
Mr. Donald T. Cheatham, 9225 Knoll Crest Loop, Austin, Texas 78759
Mr. Ferriel Hamby, 222 East Van Buren West Tower, Harlingen, Texas 78550

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE 8-21-02
BY _____
DEPUTY

FILED _230_ O'CLOCK _____ M
AURORA DE LA GARZA DIST. CLERK

JUL - 9 2002

DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

CERTIFIED COPY

CAUSE NO. 2002-04-1324-G

| | | |
|---|---|---|
| SYLVIA CHOLICK | § | IN THE 404TH JUDICIAL |
| Plaintiff | § | |
| | § | |
| VS. | § | DISTRICT COURT OF |
| | § | |
| THE CITY OF HARLINGEN, TEXAS | § | |
| ET AL | § | |
| Defendants | § | CAMERON COUNTY, TEXAS |

FIAT

_____

The DEFENDANT CITY OF HARLINGEN'S Motion to Enforce Agreement and in the Alternative, Special Exceptions to Plaintiff's Original Petition and Motion to Dismiss will be heard on the _8th_ day of _august_ , 2002, at _9_ :_30_ a.m. before the 404th Judicial District Courtroom, Brownsville, Cameron County, Texas.

Signed this _30th_ day of _July_ , 2002.

_____
JUDGE PRESIDING

7/30/02

Cy: Mr. Ricardo J. Navarro, 222 E. Van Buren #405, Harlingen, Texas 78550
    Fax: 956/421-3621
    Mr. Donald T. Cheatham, 9225 Knoll Crest Loop, Austin, Texas 78759
    Fax: 512/472-1558
    Mr. Barry Ray, 222 East Van Buren West Tower, Harlingen, Texas 78550
    Fax: 956/428-2954

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK DISTRICT COURT
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE _____
BY _Rosie Soto_ DEPUTY

FILED 10:30 O'CLOCK ____M
AURORA DE LA GARZA DIST. CLERK
JUL 30 2002
DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

CAMERON COUNTY

CERTIFIED COPY

# DENTON, NAVARRO & BERNAL
A Professional Corporation
## ATTORNEYS AND COUNSELORS

| SAN ANTONIO OFFICE | Bank of America Building | LAREDO OFFICE |
|---|---|---|
| 1700 Tower Life Building | 222 East Van Buren, Suite 405 | 1102 Scott, Suite 4-B |
| 310 South St. Mary's Street | HARLINGEN, TEXAS  78550-6804 | Laredo, Texas 78040 |
| San Antonio, Texas 78205-3111 | (956) 421-4904 | (956) 726-6018 |
| (210) 227-3243 | Fax (956) 421-3621 | Fax (956) 723-1327 |
| Fax (210) 225-4481 | firm@rampage-rgv.com | |

July 22, 2002

Ms. Aurora de la Garza                                    **By Hand-Delivery**
Cameron County District Clerk
Cameron County Courthouse
974 E. Harrison Street
Brownsville, TX 78520

     Re:  *Sylvia Cholick vs. City of Harlingen, Texas*
        No. 2002-04-1324-G
        404th Judicial District, Cameron County, Texas

Dear Ms. De La Garza:

    Enclosed for filing in the referenced matter, please find the following:

1. Defendant City of Harlingen's Motion to Enforce Agreement and In The Alternative, Special Exceptions to Plaintiff's Original Petition and Motion to Dismiss;

2. Fiat;

3. Order on City Defendant's Motion to Enforce Agreement;

4. Order on City Defendant's Special Exceptions & Motion to Dismiss.

    I have enclosed an extra copy of such documents for you to file-stamp and return to me in the self-addressed stamped envelope that I have provided. A copy of this document has been sent to opposing counsel.

Ms. Aurora de la Garza
Cameron County District Clerk
July 22, 2002
Page 2

_____

CERTIFIED COPY

                                    Very truly yours,

                                    *Norma G. Delgado*
                                    _____
                                    Norma G. Delgado
                                    Legal Assistant

Encls.

Cy:  Mr. Donald T. Cheatham   **By CMRRR#: 7002 1000 0004 8591 2120**
     Mr. Ferriel Hamby                            **By Regular Mail**

CERTIFIED COPY

CAUSE NO. 2002-04-1324-G

| | | |
|---|---|---|
| SYLVIA CHOLICK | § | IN THE 404TH JUDICIAL |
| Plaintiff | § | |
| | § | |
| VS. | § | DISTRICT COURT OF |
| | § | |
| THE CITY OF HARLINGEN, TEXAS | § | |
| ET AL | § | |
| Defendants | § | CAMERON COUNTY, TEXAS |

DEFENDANT CITY OF HARLINGEN'S MOTION TO
ENFORCE AGREEMENT AND IN THE ALTERNATIVE, SPECIAL EXCEPTIONS
TO PLAINTIFF'S ORIGINAL PETITION AND MOTION TO DISMISS

May It Please The Court:

COMES NOW DEFENDANT, the CITY OF HARLINGEN, TEXAS (hereafter "DEFENDANT CITY" or "CITY DEFENDANT") and files this Motion to Enforce Agreement and in the Alternative, Special Exceptions to Plaintiff's Original Petition and Motion to Dismiss.

MOTION TO ENFORCE AGREEMENT

A.  Background

Plaintiff filed her Original Petition in this suit on April 2, 2002. DEFENDANT CITY filed its original answer on April 23, 2002 and filed Special Exceptions and Motion to Dismiss for Lack of Subject Matter Jurisdiction to Plaintiff's Original Petition on May 16, 2002. A hearing was set on the City's special exceptions for June 27, 2002.

CERTIFIED COPY

## B.  Argument

In response to DEFENDANT CITY'S Special Exceptions, Plaintiff acknowledged the legal and factual deficiencies pointed out, and agreed on June 26 to replead her Petition to plead her best case, and address all the deficiencies pointed out in the DEFENDANT CITY'S special exceptions.  The Rule 11 Agreement is attached to this motion as Exhibit A.  Based on this agreement, the DEFENDANT CITY agreed to pass the June 27 hearing set on its Special Exceptions.

The deadline for plaintiff to replead her case pursuant to the Rule 11 Agreement was July 16, 2002.  At the time of the filing of this Motion, Plaintiff has failed to replead her petition to address the legal and factual deficiencies pointed out in the DEFENDANT CITY'S special exceptions and acknowledged by Plaintiff.

The purpose of such Agreements is to resolve these pleading issues while avoiding having to take up the Court's time with the arguing of such issues.  As the Agreement clearly states, Plaintiff acknowledged the issues raised in DEFENDANT CITY'S Special Exceptions, and agreed to replead her petition to address the deficiencies raised therein.  However, Plaintiff has failed to do so, and DEFENDANT CITY hereby requests that the Court enforce this Agreement, and require Plaintiff to replead

CERTIFIED COPY

her petition to address all legal and factual deficiencies raised in DEFENDANT CITY'S Special Exceptions.

## C. CONCLUSION

Due to the Plaintiff's breach of the June 26 Agreement, DEFENDANT CITY hereby urges that the Court enforce the Agreement between the DEFENDANT CITY and Plaintiff requiring Plaintiff to replead her Petition to address and correct the legal and factual deficiencies pointed out, and that as a result of such enforcement, Plaintiff be required to so replead within 5 days of the date the Court signs this order. In the event that Plaintiff should violate the Court's enforcement of the Agreement and fail to replead her best case, Plaintiff's pleadings should be stricken in their entirety.

### SPECIAL EXCEPTIONS AND MOTION TO DISMISS IN THE ALTERNATIVE

In the event that Court chooses not to enforce the June 26 Agreement between the DEFENDANT CITY and Plaintiff, DEFENDANT CITY hereby urges, in the alternative, the following Special Exceptions to Plaintiff's Original Petition, the live pleading on file at this time.

### SPECIAL EXCEPTION #1

CITY DEFENDANT specially excepts to Section F, ¶¶ 32-35 of Plaintiff's Petition to the extent that it seeks legal damages against the CITY DEFENDANT for false imprisonment.

City Defendant's Motion to Enforce Agreement & Special Exceptions
to Plaintiff's Original Petition and Motion to Dismiss          Page 3

CERTIFIED COPY

Because the CITY DEFENDANT is a government entity, it remains immune from any and all intentional torts, there being absolutely no statutory or common law exception to the general rule of immunity. CITY DEFENDANT specially excepts and objects to Section F of Plaintiff's petition in that the Plaintiff fails to plead with specificity any facts which overcome the exceptions to waiver of immunity for intentional torts pursuant to TEX.CIV.PRAC.& REM.CODE §101.057(2). This section excludes from the waiver of immunity claims based upon an employee's intentional torts.

Because false imprisonment is, by definition, an intentional tort, the CITY DEFENDANT cannot legally be held liable under this claim. Therefore, this claim and cause of action should be stricken as a matter of law because the Court cannot acquire jurisdiction over this claim.

**SPECIAL EXCEPTION #2**

CITY DEFENDANT specially excepts to Section G, ¶¶ 36-40 of Plaintiff's Petition to the extent that it seeks legal damages against the CITY DEFENDANT for assault.

Because the CITY DEFENDANT is a government entity, it remains immune from any and all intentional torts, there being absolutely no statutory or common law exception to the general rule of immunity. CITY DEFENDANT specially excepts and objects

CERTIFIED COP

to Section G of Plaintiff's petition in that the Plaintiff fails to plead with specificity any facts which overcome the exceptions to waiver of immunity for intentional torts pursuant to TEX.CIV.PRAC.& REM.CODE §101.057(2). This section excludes from the waiver of immunity claims based upon an employee's intentional torts.

Because assault is, by definition, an intentional tort, the CITY DEFENDANT cannot legally be held liable under this claim. Therefore, this claim and cause of action should be stricken as a matter of law because the Court cannot acquire jurisdiction over this claim.

**SPECIAL EXCEPTION #3**

CITY DEFENDANT specially excepts to Section J,¶¶ 51-55 of Plaintiff's Petition to the extent that it seeks legal damages against the CITY DEFENDANT for trespass to real property.

Because the CITY DEFENDANT is a government entity, it remains immune from any and all intentional torts, there being absolutely no statutory or common law exception to the general rule of immunity. CITY DEFENDANT specially excepts and objects to Section J of Plaintiff's petition in that the Plaintiff fails to plead with specificity any facts which overcome the exceptions to waiver of immunity for intentional torts pursuant to TEX.CIV.PRAC.& REM.CODE §101.057(2). This section excludes

CERTIFIED COPY

from the waiver of immunity claims based upon an employee's intentional torts.

Because trespass to real property is an intentional tort, the CITY DEFENDANT cannot legally be held liable under this claim.    Therefore, this claim and cause of action should be stricken as a matter of law because the Court cannot acquire jurisdiction over this claim.

**SPECIAL EXCEPTION #4**

CITY DEFENDANT specially excepts to Section K,¶¶ 56-63 of Plaintiff's Petition to the extent that it seeks legal damages against the CITY DEFENDANT for libel and slander.

Because the CITY DEFENDANT is a government entity, it remains immune from any and all intentional torts, there being absolutely no statutory or common law exception to the general rule of immunity.    CITY DEFENDANT specially excepts and objects to Section K of Plaintiff's petition in that the Plaintiff fails to plead with specificity any facts which overcome the exceptions to waiver of immunity for intentional torts pursuant to TEX.CIV.PRAC.& REM.CODE §101.057(2).    This section excludes from the waiver of immunity claims based upon an employee's intentional torts.

Because libel and slander are intentional torts by definition, the CITY DEFENDANT cannot legally be held liable

CERTIFIED COPY

under these claims.    Therefore,  these  claims  and  causes  of
action  should  be  stricken  as  a  matter  of  law  because  the  Court
cannot  acquire  jurisdiction  over  these  claims.

**SPECIAL EXCEPTION #5**

CITY  DEFENDANT  specially  excepts  to  Section  L, ¶¶  64-70   of
Plaintiff's  Petition  to  the  extent  that  it  seeks  legal  damages
against  the  CITY  DEFENDANT  for  conversion  and  destruction  of
personalty.

Because  the  CITY  DEFENDANT  is  a  government  entity,  it
remains  immune  from  any  and  all  intentional  torts,  there  being
absolutely  no  statutory  or  common  law  exception  to  the  general
rule  of  immunity.    CITY  DEFENDANT  specially  excepts  and  objects
to  Section  L  of  Plaintiff's  petition  in  that  the  Plaintiff  fails
to  plead  with  specificity  any  facts  which  overcome  the
exceptions  to  waiver  of  immunity  for  intentional  torts  pursuant
to  TEX.CIV.PRAC.&  REM.CODE  §101.057(2).  This  section  excludes
from  the  waiver  of  immunity  claims  based  upon  an  employee's
intentional  torts.

Texas  law  is  clear  that  conversion  is  an  intentional  tort.
Because  conversion  and  destruction  of  personalty  are  intentional
torts  by  definition,  the  CITY  DEFENDANT  cannot  legally  be  held
liable  under  these  claims.    Therefore,  these  claims  and  causes
of  action  should  be  stricken  as  a  matter  of  law  because  the

CERTIFIED COP

Court cannot acquire jurisdiction over these claims.

**SPECIAL EXCEPTION #6**

CITY DEFENDANT specially excepts to Section M, ¶¶ 71-77 of Plaintiff's Petition to the extent that it seeks legal damages against the CITY DEFENDANT for intentional infliction of emotional distress.

Because the CITY DEFENDANT is a government entity, it remains immune from any and all intentional torts, there being absolutely no statutory or common law exception to the general rule of immunity. CITY DEFENDANT specially excepts and objects to Section M of Plaintiff's petition in that the Plaintiff fails to plead with specificity any facts which overcome the exceptions to waiver of immunity for intentional torts pursuant to TEX.CIV.PRAC.& REM.CODE §101.057(2). This section excludes from the waiver of immunity claims based upon an employee's intentional torts.

Because intentional infliction of emotional distress is an intentional tort, the CITY DEFENDANT cannot legally be held liable under this claim. Therefore, this claim and cause of action should be stricken as a matter of law because the Court cannot acquire jurisdiction over this claim.

CERTIFIED COPY

**SPECIAL EXCEPTION #7**

CITY DEFENDANT specially excepts to Section N, ¶¶ 78-82 of Plaintiff's Petition to the extent that it seeks legal damages against the CITY DEFENDANT for invasion of privacy.

Because the CITY DEFENDANT is a government entity, it remains immune from any and all intentional torts, there being absolutely no statutory or common law exception to the general rule of immunity. CITY DEFENDANT specially excepts and objects to Section N of Plaintiff's petition in that the Plaintiff fails to plead with specificity any facts which overcome the exceptions to waiver of immunity for intentional torts pursuant to TEX.CIV.PRAC.& REM.CODE §101.057(2). This section excludes from the waiver of immunity claims based upon an employee's intentional torts.

Because invasion of privacy is an intentional tort by definition, the CITY DEFENDANT cannot legally be held liable under this claim. Therefore, this claim and cause of action should be stricken as a matter of law because the Court cannot acquire jurisdiction over this claim.

**SPECIAL EXCEPTION #8**

CITY DEFENDANT specially excepts to Section H, ¶¶ 41-45 of Plaintiffs' Original Petition, to the extent that it seeks legal damages against the DEFENDANT for negligence.

CERTIFIED COPY

Because the CITY DEFENDANT is a government entity entitled to sovereign immunity, Plaintiffs' allegations of negligence may only be brought pursuant to a statutory waiver of immunity for negligence actions under the Texas Tort Claims Act. The Petition is deficient in this respect.  In this regard, Plaintiffs must plead facts demonstrating the claim falls within one or more of the statutory waivers outlined in §101.021, Tex. Civ. Prac. & Rem. Code.

In view of the CITY DEFENDANT'S assertion of government immunity, Plaintiffs must plead facts demonstrating that the Court has subject matter jurisdiction over the claims asserted.

Therefore, upon Plaintiffs' failure or inability to factually and properly plead a claim or cause of action that is not barred by government immunity in response to this special exception, this special exception should be granted, the cause of action be stricken, and the claim dismissed.

**SPECIAL EXCEPTION #9**

CITY DEFENDANT specially excepts to Plaintiff's petition in its entirety in that Plaintiff fails to allege how all notice requirements of the Texas Tort Claims Act have been met.  As a component of a statutory tort claim, Plaintiff must demonstrate that she has satisfied all applicable notice of claim requirements imposed by law.  *See* §101.101, Tex. Civ. Prac. &

CERTIFIED COPY

Rem. Code.

In view of the fact that Plaintiff has completely failed to plead facts sufficient to show how all applicable notice requirements have been met, Plaintiff must replead to show facts demonstrating that the Court has subject matter jurisdiction over the claims asserted, and that applicable notice requirements have been met.

Upon Plaintiff's failure to replead facts sufficient to show how applicable notice requirements have been met, this special exception should be granted, and Plaintiff's negligence cause of action be stricken, and the claim dismissed.

**SPECIAL EXCEPTION #10**

CITY DEFENDANT specially excepts to Section I, ¶¶ 46-50 of Plaintiff's Petition, as well as Section E, Paragraph 30 of Plaintiff's Petition, wherein Plaintiff alleges discrimination based on Plaintiff's gender or sex. These paragraphs are deficient in that they do not sufficiently apprise the CITY DEFENDANT of the specific actions Plaintiff complains of.

With respect to this allegation, Plaintiff fails to plead facts sufficient to put CITY DEFENDANT on notice of the specific acts Plaintiff alleges were discriminatory in nature based on gender. A reference to refusal of access to public facilities "because Plaintiff was a female, mistypified by them as a mental

CERTIFIED COPY

patient" does not sufficiently apprise the CITY DEFENDANT of the legal or factual basis for Plaintiff's gender discrimination claim and cause of action and therefore renders this count defective as a matter of law.  Furthermore, Paragraph 30 refers to "unstable mental and psychological condition", failing to mention any alleged discrimination based on gender.  Therefore, Plaintiff should be required to replead Section I and the contained paragraphs 46-50 and Paragraph 30, with more specificity to indicate the time, place, and content of the alleged discriminatory actions performed by an officer or employee of CITY DEFENDANT against Plaintiff.  Upon Plaintiff's failure or inability to so replead, this cause of action should be stricken and the cause of action dismissed.

**SPECIAL EXCEPTION #11**

CITY DEFENDANT specially excepts to ¶¶ 87(c) of Plaintiff's Petition to the extent that it seeks legal damages against the CITY DEFENDANT for exemplary damages. Because the CITY DEFENDANT is a government entity, it remains immune from any and all claims for exemplary damages.  *See* §101.024, Tex. Civ. Prac. & Rem. Code.

Furthermore, Plaintiff's discrimination claim only allows for preventive relief and does not authorize exemplary damages. *See* §106.002(a), Tex. Civ. Prac. & Rem. Code; *Toungate v.*

CERTIFIED

*Bastrop Independent School District*, Tex.App.-Austin 1992, *revd on other grounds*).

Because the CITY DEFENDANT cannot legally be held liable for exemplary damages, these claims and causes of action should be stricken as a matter of law because the Court cannot acquire jurisdiction over these claims.

CONCLUSION

Should the Court not enforce the June 26 Agreement between the CITY DEFENDANT and the Plaintiff, the CITY DEFENDANT hereby urges each and every special exception outlined above and requests that the Court grant the relief requested as to each special exception.

PRAYER

DEFENDANT CITY hereby urges and prays that the Court enforce the June 26, 2002, Agreement between DEFENDANT CITY and Plaintiff requiring Plaintiff to replead her Petition to plead her best case and address the legal and factual deficiencies pointed out in DEFENDANT CITY'S Special Exceptions. Should Plaintiff not replead her petition in conformance with the Agreement and the Court's order enforcing the agreement within 5 days of the signing of the Court's order, Plaintiff's pleadings should be stricken in their entirety.

Should the Court not enforce the June 26 Agreement, in the

City Defendant's Motion to Enforce Agreement & Special Exceptions
to Plaintiff's Original Petition and Motion to Dismiss          Page 13

CERTIFIED COPY

alternative, the DEFENDANT CITY hereby urges each and every special exception outlined above and requests that the Court grant the relief requested as to each special exception.

As to those special exceptions where Plaintiff is given an opportunity to replead, Plaintiff should be required to replead within 5 days, and should the Plaintiff fail to replead within such time period, Plaintiff's petition should be stricken in its entirety.

Subject to the foregoing Special Exceptions, the DEFENDANT CITY again respectfully requests that Plaintiff take nothing by way of this litigation and this lawsuit be dismissed with prejudice.

Finally, the DEFENDANT CITY prays for any additional and further relief to which it is entitled at law or in equity including costs of suit and attorneys fees if appropriate.

SIGNED this 22nd day of July 2002.

Respectfully submitted,

**DENTON, NAVARRO & BERNAL**
A Professional Corporation
Bank of America Building
222 East Van Buren, Suite 405
Harlingen, Texas 78550
956/421-4904
956/421-3621 (Fax)

By: _____

RICARDO J. NAVARRO
Attorney in Charge
State Bar No. 14829100
ROBERT DRINKARD
Associate Attorney
State Bar No. 24007128

**CERTIFICATE OF SERVICE**

I certify that a true copy of this document has been sent by regular U.S. Mail, unless otherwise indicated, to the persons listed below on the 22nd day of July, 2002.

Mr. Donald T. Cheatham          **By CMRRR#: 7002 1000 0004 8591 2120**
9225 Knoll Crest Loop
Austin, Texas 78759

Mr. Barry Ray
Adams & Graham
222 East Van Buren West Tower
Harlingen, Texas 78550

_____

RICARDO J. NAVARRO
ROBERT L. DRINKARD



A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE_____
BY_____ DEPUTY

City Defendant's Motion to Enforce Agreement & Special Exceptions
to Plaintiff's Original Petition and Motion to Dismiss          Page 15

CERTIFIED COPY

EXHIBIT" _A_ "

CERTIFIED COPY

FILED _____ O'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK

JUN 27 2002

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

# DENTON, NAVARRO & BERNAL
A Professional Corporation
**ATTORNEYS AND COUNSELORS**
Bank of America Building
222 East Van Buren, Suite 405
HARLINGEN, TEXAS 78550-6804
(956) 421-4904
Fax (956) 421-3621
firm@dmnrgv.com

SAN ANTONIO OFFICE
1700 Tower Life Building
310 South St. Mary's Street
San Antonio, Texas 78205-3111
(210) 227-3243
Fax (210) 225-4481

LAREDO OFFICE
1102 Scott, Suite 4-B
Laredo, Texas 78040
(956) 726-6018
Fax (956) 723-1327

June 26, 2002

Mr. Donald Cheatham                    **By Fax: 512/472-1558**
ATTORNEY AT LAW
9225 Knoll Crest Loop
Austin, Texas 78759

    Re:  *Sylvia Cholick v. City of Harlingen, et al*
        No. 2002-04-1324-G (404th District Court, Cameron Co., Texas)

Dear Mr. Cheatham:

    This is a Rule 11 letter intended to memorialize our agreement regarding the DEFENDANT CITY OF HARLINGEN'S Special Exceptions to your client's Original Petition, which is currently set for hearing on June 27, 2002 at 9:30 a.m.

    It is my understanding that you will agree to replead in response to the City's Special Exceptions within 20 days of the date of this letter, to address the factual and legal deficiencies pointed out therein, in exchange for having the defense pass the hearing currently set for June 27, 2002.

    This agreement is also with the understanding that you will plead your client's best case in light of the affirmative defenses urged in our answer and provided further that the City of Harlingen reserves the right to file, if appropriate, additional special exceptions, dispositive pleas or dispositive motions in response to the amended petition filed by you on behalf of your client.

    If this letter properly captures our agreement, I ask that you sign off below and fax it back to my office so it can be filed with the District Clerk.

2

CERTIFIED COPY

Mr. Donald Cheatham
Attorney at Law
June 26, 2002
Page -2-

_____

     Thanks for your attention to this matter.  We will take care
of passing the hearing once we receive the signed agreement.

                                        Very truly yours,

                                        Robert Drinkard

AGREED & APPROVED:

Mr. Donald Cheatham
COUNSEL FOR PLAINTIFF

LAW OFFICES OF

# ADAMS & GRAHAM, L.L.P.

**AFFILIATED WITH HILL GILSTRAP RIGGS**
**ADAMS & GRAHAM, L.L.P.**

**BARRY RAY**
Partner
BRay@adamsgraham.com

222 E. VAN BUREN, WEST TOWER
P. O. DRAWER 1429
HARLINGEN, TEXAS 78551
TEL. (956) 428-7495    FAX (956) 428-2954
adamsgraham.com

**AFFILIATE OFFICES**
**AUSTIN**
**CHICAGO**
**DALLAS/FORT WORTH**
**LITTLE ROCK**

CERTIFIED COPY

July 31, 2002

FILED ___9:49___ O'CLOCK ____A___M
AURORA DE LA GARZA DIST. CLERK

AUG 05 2002

DISTRICT COURT OF CAMERON COUNTY, TEXAS

_Rosa Sotelo_
DEPUTY

Mrs. Aurora De La Garza
**CAMERON COUNTY COURTHOUSE CLERK**
974 East Harrison
Brownsville, TX 78520

Re:    **Cause No. 2002-04-1324-G**
**Sylvia Cholick vs. City of Harlingen, Texas, Valley Baptist Health System, and Valley**
**Baptist Medical Center**
**404th Judicial District Court, Cameron County, Texas**
**Our File No. V-692**

Dear Mrs. De La Garza:

Enclosed herewith please find *Agreed Order Granting Defendant Valley Baptist Medical Center's Motion for Bifurcated Trial* in connection with the above referenced matter. Please file stamp the additional copy (first page only) and return to our office in the enclosed stamped self-addressed envelope.

Please submit the *Agreed Order* to the Court for consideration and signature, copying all counsel of record with the signed Order.

Thank you for your attention to this matter. Should you have any questions or concerns, please do not hesitate to give me a call.

Very truly yours,

**ADAMS & GRAHAM, L.L.P.**

**BARRY RAY**

Enclosures
BR:sdlr

Mrs.  Aurora De La Garza
July 31, 2002
Page 2

CERTIFIED COPY

cc w/enc.:     Mr.  Donald T.  Cheatham                          *Via Regular Mail*
                 ATTORNEY AT LAW
                 9225 Knoll Crest Loop
                 Austin, Texas 78759

                 Mr. Ricardo Navarro                             *Via Regular Mail*
                 DENTON, McKAMIE & NAVARRO
                 222 E. Van Buren Suite 405
                 Harlingen, TX 78550

CERTIFIED COPY

AURORA DE LA GARZA DIST. CLERK

AUG 09 2002

DISTRICT COURT OF CAMERON COUNTY, TEXAS

NO. 2002-04-1324-G

| | | |
|---|---|---|
| SYLVIA CHOLICK, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| v. | § | |
| The CITY of HARLINGEN, Texas, | § | 404th JUDICIAL DISTRICT |
| Defendant, | § | |
| and | § | |
| VALLEY BAPTIST Health System, | § | CAMERON COUNTY, TEXAS |
| Defendant, | | |
| and | | |
| VALLEY BAPTIST MEDICAL | | |
| CENTER, | | |
| Defendant. | | |

**PLAINTIFF'S RESPONSE TO DEFENDANT, CITY OF HARLINGEN'S**
**REQUEST FOR DISCLOSURE**

Plaintiff, through her counsel of record does hereby respond to Defendant, City of Harlingen's Request for Disclosure pursuant to Texas Rules of Civil Procedure 194.2 as follows:

    a.    The Plaintiff's name is Sylvia Cholick. The Defendants are The City of Harlingen, Texas, as well as Defendants Valley Baptist Health System and Valley Baptist Medical Center.

    b.    There are no other known potential parties as of the date of this response.

    c.    Plaintiff will prove the allegations of her 1st Amended Petition. Essentially, the legal theory that Plaintiff is proceeding on is that her State and Federal Constitutional rights were violated by Defendants as described in the 1st Amended Petition, during the periods there described. Plaintiff today herein incorporates the statements made in her response to the Defendants' (Valley Baptist Health System and Valley Baptist

CERTIFIED COPY

Medical Center) Request for Disclosure in this Response in its entirety by this reference.

d.     The economic damage claimed in amount are the value of the animals destroyed in the illegal seizure by the Defendant City of Harlingen, and the value of the time wasted by the Plaintiff during the City of Harlingen's false arrest and imprisonment.

e.     The following individuals have  knowledge of relevant facts:

Mr. & Mrs. Eckert
815 N. 21st Street
Harlingen, Texas  78550

Mr. John T. Ragsdale
820 N. 21st Street
Harlingen, Texas  78550

Ms. Jeannine Elkins
2325 Austin
Harlingen, Texas  78550

Mr. & Mrs. Yates
Harlingen, Texas  78550

Camelot Assisted Living
Harlingen, Texas  78550

f.     No experts have been engaged or retained as of this date.

g.     There are no insuring or indemnifying agreements.

h.     There are no settlement agreements described in Rule 194.2(h).

i.     There are no witness statements described in Rule 194.(h).

j.     An authorization permitting the disclosure of any medical records and/or bills will be supplied in the immediate future by Plaintiff pursuant to Rule 194.2(j)

k.     An authorization for release of medical records and bills occurring during injury to Plaintiff will be supplied in the immediate future by Plaintiff pursuant to Rule 194.2(k)

CERTIFIED COPY

Respectfully submitted,

Donald T. Cheatham

_____
Donald T. Cheatham
State Bar No. 24029925
825 West 11th Street
Austin, Texas 78701
(512) 494-1212
(512) 472-1558 Telecopy
(512) 426-5534  Mobile
Attorney for Plaintiff,
Sylvia Cholick.

## CERTIFICATE OF SERVICE

The undersigned attorney does hereby certify that the foregoing Plaintiff's Response to Defendant, City of Harlingen's Request for Disclosure was caused to be delivered to those addressed below this 5th day of August, 2002, pursuant to the Texas Rules of Civil Procedure.

Mr. Robert Drinkard, Esquire
Denton, Navarro & Bernal
Bank of America Building
222 East Van Buren, Suite 405
Harlingen, Texas 78550
Via: Federal Express

Mr. Barry Ray, Esquire
Adams & Graham, L.L.P.
222 East Van Buren, West Tower
Harlingen, Texas 78550
Via: Certified Mail, Return Receipt Requested

Donald T. Cheatham

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT, CAMERON COUNTY, TEXAS
DATE 8-21-08
BY _Rosie Sotelo_
DEPUTY

CERTIFIED COPY

FILED _____ O'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK

AUG 0 9 2002

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

NO. 2002-04-1324-G

| | | |
|---|---|---|
| SYLVIA CHOLICK, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| v. | § | |
| The CITY of HARLINGEN, Texas, | § | 404th JUDICIAL DISTRICT |
| Defendant, | § | |
| and | § | |
| VALLEY BAPTIST Health System, | § | CAMERON COUNTY, TEXAS |
| Defendant, | | |
| and | | |
| VALLEY BAPTIST MEDICAL | | |
| CENTER, | | |
| Defendant. | | |

## PLAINTIFF'S 1st AMENDED PETITION

### A. Discovery Control Plan

1. Plaintiff intends to conduct discovery under Level 2 of TRCP 190.

### B. Parties

2. Plaintiff, Sylvia Cholick, is an individual, who resides at 810 North 21st Street, Harlingen, Cameron County, Texas, 785502.

3.Defendant, the City of Harlingen, an incorporated municipality in the state of Texas, is a political subdivision of the State of Texas, and must be served with process by serving the City Secretary, Sylvia Trevino, who has her official office at 118 East Tyler Street, Harlingen, Texas 78550, in Cameron County, who may be served at that address.

4.Defendant, Valley Baptist Health System, is a Texas corporation, and may be served by serving its registered agent, Mr. Ben McKibbens, at 2101 Pease Street, Harlingen, Texas 78550, in Cameron County, Texas. Valley Baptist Health System possesses all ownership interest in Valley Baptist Medical Center.

5.Defendant, Valley Baptist Medical Center, is a Texas corporation, and may be served by serving its registered agent, Mr. Ben McKibbins, at 2101 Pease Street, Harlingen, Texas 78550, in Cameron County, Texas. Valley Baptist Medical Center is owned totally by Baptist Valley Health System.

### C. JURISDICTION

1

CERTIFIED COPY

6. The Court has jurisdiction over the lawsuit under Texas Practice and Civil Remedies Code Sections 101.0215, 101.025, 106.002, as well as, the Texas State Constitution.

7. This suit is not removable to federal court either under 28 United States Code Section 1445(a) or 45 United States Code Sections 51-60.

## D. VENUE

8. Venue is allowed in Cameron County because all of the events and omissions complained of occurred in Cameron, County Texas, Texas Civil Practice & Remedies Code Section 15.002(a)(1).

## E. FACTS

9. On or about the 1st of April of 2000, an anonymous party placed an emergency 911 call complaining of barking dogs, and implicating Plaintiff as the owner of the barking dogs. [Plaintiff believes that the anonymous call(s) were made or instigated by one Wyndell Burn, one of Plaintiff's neighbors.]

10. Harlingen City Police Officers E. Vazquez and Ybarra responded to the anonymous barking dog complaint call, and arrived at the aforesaid premises of Plaintiff's urban homestead at or about 10:30 p.m. on the 1st of April of 2002.

11. At all times up to the time of their arrival at the Plaintiff's premises, and afterwards, aforesaid Harlingen City Police were acting on behalf of the City of Harlingen in a private capacity, for the benefit only of those within the City of Harlingen's corporate limits, and not as an arm of the government, in as much as, they extended the City of Harlingen's emergency response system beyond the limitations of the City of Harlingen's own policies to answering emergency calls, to responding to a call about barking dogs, which in itself is certainly not an "emergency", to be handled in response to a 911 telephone complaint about the same.

12. Immediately after their arrival, the aforesaid City of Harlingen Police Officers accosted Plaintiff on her premises concerning the alleged barking dogs. This included the issuance and utterance of threats by these City of Harlingen Police Officers to Plaintiff, including but not limited to, overt threats to kill any of Plaintiff's dogs, especially if any further 911 calls were placed by Plaintiff's neighbors in regard to alleged barking by Plaintiff's dogs.

13. Plaintiff in the course of exercising her civil rights had and has established a corporate entity, to wit: "Lend A Paw Humane Society," which is an eleemosynary entity, established for the benefit of domesticated animals, and which has qualified under the federal Internal Revenue Regulations, as an IRS 501( c ) charitable organization. Plaintiff and others in the City of Harlingen community have provided funds in sufficient sum for the purposes of providing free vaccination clinics, low cost health services, and medicine at cost for the animals, which Plaintiff learns may be in need of such, as well as, of the taking in stray dogs and cats.

RTIFIED COPY

14. Plaintiff, shortly before the 1st of April of 2000, in fact had taken in four dogs, which dogs she was restoring back to health and caring for on her premises, at the time of the incidents herein complained.

15. After the two Harlingen Police Officers had left Plaintiff's premises, Plaintiff having been distraught by their threats untoward her and the animals she was caring for, as well as, the manner in which these Harlingen City Police Officers had treated her, attempted to call the Harlingen City Police Department, at their regular business number, which it being after ordinary business hours, led her to call the City of Harlingen 911 emergency response number, where she was referred. Plaintiff at this time, once connected with the 911 operator, attempted to lodge a formal complaint against the two aforesaid Harlingen Police Officers for their misconduct untoward her, committed during their visit to her home that evening.

16. In response to Plaintiff's call complaining of the aforesaid Harlingen Police Officers and their misdeportment untoward her, the Harlingen Police Department immediately dispatched Officer Wayne Bell and others to Plaintiff's home. Plaintiff explained to these officers what had taken place shortly before, during a thirty or so minute interview. Harlingen Police Officer Ball promised Plaintiff that a "report" would be on Harlingen City Police Chief Archer's desk on "Monday morning," the 1st of April of 2000 having fallen on a Saturday.

17. Shortly after the aforesaid Harlingen City Police had left her premises, Plaintiff placed a 911 call to the police, informing that a small barking dog was loose in her neighborhood, and that possibly this dog, not under her control or care, had precipitated the initial 911 "emergency" call complaining of Plaintiff and her dogs. Harlingen Officer Ball in the course of his conversation with Plaintiff concerning her mistreatment by the other Harlingen Police Department Officers had encouraged Plaintiff to feel free, and to use the City of Harlingen 911 exchange to report "anything" regarding what had occurred that evening.

18. The Harlingen Police Department, in response to Plaintiff's 911 call following Officer Ball's visit, dispatched a supervisor and other officers, and informed Plaintiff that there was nothing they could or would do about the small, loose, barking dog in Plaintiff's neighborhood. During this visit, Officer Ball returned, and in the course of his discussion with Plaintiff, became agitated and aggressive towards Plaintiff, this time accusing Plaintiff of having lied to another Harlingen Police Officer. Another, unidentified Harlingen Police Officer returned during this time, handcuffed Plaintiff, placing her without any warnings, or any indication for the reason for such, and without her consent under arrest, and then summonsed an ambulance.

19. At this point in time, it being then late in the night of the 1st of April of 2000, Plaintiff was dressed for bed, in a nightgown. Plaintiff, after having been handcuffed, requested respectfully of the Harlingen Police Officers that she be allowed to dress herself in street clothes, which requests Ball and the other unidentified Harlingen Police Officers denied her. Plaintiff then was placed in an ambulance after its arrival, and taken against her will and without her consent to the Defendant Valley Baptist Medical Center, where the

'ERTIFIED COPY

Harlingen Police Officers requested of that Health-care facility, that the Defendant Valley Baptist Medical Center place Plaintiff under observation, and evaluate her for mental and psychological deficiencies, stating untruthfully that, "Plaintiff was a mental case."

20. After the passage of some time, after observation and evaluation of Plaintiff, as requested of them by the Harlingen Police Officer at that time present, the physicians and other health-care provider personnel at the Defendant Valley Baptist Medical Center concluded that Plaintiff certainly was not a "mental case," or in any way a person requiring hospitalization or treatment for any mental or psychological deficiencies.

21. During the period of time aforesaid, while Defendant Valley Baptist Medical Center was conducting their observation and evaluation of Plaintiff upon the request of the Harlingen Police Department, Plaintiff uncharged and uncited with any specific or particular crime or other infraction of law was under arrest and being detained, as well as, imprisoned against her will, without any probable cause, or for any cause for that matter, for such false, unlawful arrest and imprisonment.

22. During the time that Defendant Valley Baptist Medical Center facilitated, assisted, and abetted the Harlingen Police Department in Plaintiff's unlawful, illegal, and false arrest, detention and imprisonment, a security guard for Defendant Valley Baptist Medical Center, at the request of the Harlingen Police Department Officers then and there present at their facilities, physically accosted, assaulted and sexually battered Plaintiff, by grabbing her and groping her, while Plaintiff was there supposedly to be cared for to treat and cure her alleged emotional, mental and psychological maladies.

23. Following Defendant Valley Baptist Medical Center's release of Plaintiff to the Harlingen Police Officers who had caused Plaintiff to be brought there, having determined that Plaintiff was of fit mind, and not diagnosed with mental or psychological maladies or disabilities, Plaintiff was thrown violently into the side of a parked vehicle by an extremely angry Harlingen Police Officer E. Vazquez, who then handcuffed, and then shoved Plaintiff into the back seat of said vehicle, at which time the door of the vehicle was slammed against Plaintiff's legs, causing her physical injury with accompanying pain and suffering, all against the Plaintiff's will, and without her consent.

24. The Harlingen Police Officers then transported Plaintiff, continuing to be under false arrest and unlawfully imprisoned, without her consent, again uncomfortably handcuffed, without probable or any cause, to the Harlingen Police Department.

25. Upon arrival at the Harlingen Police Department, Plaintiff was dragged from the transporting vehicle by her manacled hands inside, where and when Harlingen Police Officer E. Vazquez shoved Plaintiff violently against the walls, and otherwise threatened and physically abused Plaintiff, without provocation, grounds or authority. Plaintiff was then locked up in a cell, without her consent, where and when she requested a blanket, which was denied her.

26. After the passage of some time, after the Harlingen Police Officers, who had committed aforesaid tortuous acts had left the Harlingen Police Department lock-up facility, another Officer gave Plaintiff a blanket.

4

CERTIFIED COPY

27. At 4:00 p.m. on the afternoon of the 2nd of April of 2000, the Harlingen Police Department released Plaintiff, without properly or otherwise proffering any charges against Plaintiff.

28. Since the incidents aforesaid, Harlingen Police Officers have harassed and taunted Plaintiff, by visiting the premises where she lives. Without provocation the Harlingen Police Department caused its officers to remove four dogs belonging to Plaintiff, and had them killed, without Plaintiff's consent, and without giving Plaintiff seventy-two (72) hours notice of their intentions to have the dogs killed. These acts were, and constituted, an intentional, illegal and uncalled for destruction of Plaintiff's personal property by the Defendant City of Harlingen.

29. Since the 1st of April of 2000, and continuing to the present, the Harlingen Police Department Officers so involved in aforesaid incidents, as well as, others employed by the Defendant City of Harlingen, acting in concert with them, have engaged in a campaign to defame Plaintiff, causing Plaintiff embarrassment, humiliation and shame in the community.

30. The Defendant City of Harlingen has refused Plaintiff access to public facilities, such as the City of Harlingen's library, in derogation further of Plaintiff's civil liberties and rights, stating without any bases whatsoever, that the purported justification for such is Plaintiff's unstable mental and psychological condition.

31. There was no legal authority or justification for any of the acts complained of, which were committed by the Defendants against Plaintiff, without her consent.

## F.COUNT I- FALSE IMPRISONMENT

32. Plaintiff realleges the averments contained in paragraphs 1 through 31 in Count I.

33. Defendants willfully detained the Plaintiff.

34. The detention was without Plaintiff's consent.

35. As a direct and proximate cause of these acts by Defendants, Plaintiff has suffered damages, and will continue to suffer damages, as a result of violations of her State and Federal Constitutional Rights.

## G. COUNT II, ASSAULT

36. Plaintiff realleges the averments contained in paragraphs 1 through 35 in Count II.

37. Plaintiff was repeatedly assaulted and battered by Defendants' officers, agents, servants and employees during the evening hours of the 1st of April of 2000, and through to the afternoon hours of the 2nd of April of 2000.

38. The Defendants acted intentionally, knowingly, and recklessly.

CERTIFIED COPY

39. The Defendants' officers, agents, servants and employees made non-consensual contact repeatedly with Plaintiff's body and person.

40. As a direct and proximate cause of Defendants' actions Plaintiff suffered bodily injuries, pain and suffering, as well as, other damages, and will continue to suffer damages as a result of violations of her State and Federal Constitutional Rights.

## H. COUNT III, NEGLIGENCE

41. Plaintiff realleges the averments contained in paragraphs 1 through 40 in Count III.

42. Defendants each owed legal duties to Plaintiff.

43. Defendants each breached those duties.

44. Defendants individual, joint and several breaches of their individual and joint legal duties proximately caused the Plaintiff's injuries.

45. As a direct and proximate cause of Defendants' negligence Plaintiff suffered bodily injuries, pain and suffering, as well as, other damages, and will continue to suffer damages as a result of violations of her State and Federal Constitutional rights.

## I. COUNT IV, DISCRIMINATION BASED ON PLAINTIFF'S GENDER or SEX

46. Plaintiff realleges the averments contained in paragraphs 1 through 45 in Count IV.

47. Defendant, the City of Harlingen, through its officers, agents, servants and employees have refused to permit Plaintiff access to or the use of public facilities open to the public under Defendant's dominion and control, owned, operated or managed by Defendant, on behalf of the State of Texas, and/or of the political subdivision of the State, as the City of Harlingen, because Plaintiff was a female, mistypified by them as a "mental patient."

48. Defendant, the City of Harlingen, through its officers, agents, servants and employees have repeatedly refused to grant Plaintiff benefits, based on her gender or sex.

49. As a direct and proximate cause of the acts complained, Plaintiff has suffered damages, and will continue to suffer damages, as a result of violations of her State and Federal Constitutional Rights.

50. Pursuant to Texas Civil Practice and Remedies Code Title 5, Governmental Liability, Section 106.002 if the acts herein complained in Count IV are found to be true, or a verdict is rendered in Plaintiff's favor on these claims, Plaintiff is entitled to preventive relief as well as, attorney's fees and costs.

## J. COUNT V-TRESPASS TO REAL PROPERTY

6

CERTIFIED COPY

51. Plaintiff realleges the averments contained in paragraphs 1 through 50 in Count V.

52. Plaintiff owns and has legal right to possess the real property located at 810 North 21st Street, Harlingen, Cameron County, Texas, 78550.

53. Defendant, City of Harlingen's officers, agents, servants, and employees entered the Plaintiff's land uninvited and without authority or just cause, and the entry by them was:
      (1) physical;
      (2) intentional; and
      (3) voluntary.

54. Defendant, City of Harlingen's trespass caused injury to Plaintiff.

55. As a direct and proximate cause of the acts complained Plaintiff has suffered damages, and will continue to suffer damages as a result of violations of her State and Federal Constitutional Rights.

## K. COUNT VI-LIBEL AND SLANDER

56. Plaintiff realleges the averments contained in paragraphs 1 through 55.

57. Defendants through and by their officers, agents, servants, and employees published a statement of fact, that Plaintiff was or had been or is a "mental patient," with the implication that being a "mental patient" was and is a subject for derision, humiliation, ridicule and scorn.

58. Such statements directly referred and refer to Plaintiff.

59. Such statements were and are defamatory.

60. Such statements were and are false.

61. With regard to the truth of the statements, the Defendants through and by their officers, agents, servants, and employees were
      (1) acting with actual malice:
      (2) negligent; and/or
      (3) liable without regard to fault (strict liability).

62. Plaintiff has suffered and is suffering pecuniary and other losses and injuries.

63. As a direct and proximate result of the acts complained Plaintiff has suffered damages, and will continue to suffer damages as a result of violations of her State and Federal Constitutional Rights.

## L. COUNT VII-CONVERSION AND DESTRUCTION OF PERSONALTY

64. Plaintiff realleges the averments contained in paragraphs 1 through 63 in Count VII.

CERTIFIED COPY

65. Plaintiff owned, possessed, or had the right of immediate possession of personal property consisting of four dogs.

66. The four dogs was personal property.

67. Defendant, the City of Harlingen, through and by its officers, agents, servants, and employees wrongfully exercised dominion and control over Plaintiff's property, consisting of four dogs.

68. Defendant, the City of Harlingen, without authority or just cause, acting through and by its officers, agents, servants, and employees in derogation of its own adopted and promulgated policies and ordinances, caused the death and destruction of the four dogs, the personal property of Plaintiff.

69. Plaintiff has suffered injury.

70. As a direct and proximate cause of the acts complained Plaintiff has suffered damages, and will continue to suffer damages as a result of violations of her State and Federal Constitutional Rights.

## M. COUNT VIII-INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

71. Plaintiff realleges the averments contained in paragraphs 1 through 70.

72. Defendant in all the acts complained acted and is acting intentionally or recklessly.

73. Defendants' conduct was and is extreme and outrageous.

74. Defendants' conduct was and is directed at Plaintiff.

75. Defendants' conduct proximately caused and is causing Plaintiff emotional distress.

76. The emotional distress suffered and being suffered by Plaintiff is severe.

77. As a direct and proximate cause of the acts complained Plaintiff suffered damages, and continues to suffer damages as a result of violations of her State and Federal Constitutional Rights.

## N. COUNT IX- INVASION OF PRIVACY

78. Plaintiff realleges the averments contained in paragraphs 1 through 77 in Count IX.

79. Defendants intentionally has intruded and is intruding on Plaintiff's solitude, seclusion, and private affairs.

80. The intrusions are and would be highly offensive to a reasonable person.

8

CERTIFIED COPY

81. Plaintiff suffered and suffers injury as a result of Defendants' intrusions.

82. As a direct and proximate cause of the acts complained Plaintiff has suffered damages, and continues to suffer damages as a result of violations of her State and Federal Constitutional Rights.

## O. Damages

83. The damages, which are unliquidated, are within the jurisdictional limits of the Court.

84. As a proximate result of Defendant's illegal misconduct, discrimination, negligence, and other unlawful conduct, Plaintiff Sylvia Cholick suffered the following damages:
> 1. Mental anguish;
> 2. Lost earnings; and
> 3. Damage to earning capacity.

## P. DEMAND FOR JURY

85. Plaintiff demands a jury trial and tenders the appropriate fee.

## M. PRAYER

86. All prerequisites required by law have been performed.

87. For these reasons, Plaintiff asks that citation issue, that the Defendants be cited to appear and answer, and that Plaintiff have Judgment against Defendants, jointly and severally, for the following:
> a. Actual damages within the jurisdictional limits of this Court;
> b. Nominal damages;
> c. Exemplary damages as allowed by law;
> d. Attorney's fees and expenses;
> e. Pre-judgment and post-judgment interest;
> f. Costs of suit;
> g. All other relief, in law and in equity, to which Plaintiff may be entitled; and
> H. General Relief.

CERTIFIED COPY

Respectfully submitted,

Donald T. Cheatham

Donald T. Cheatham
State Bar No. 24029925
825 West 11th Street
Austin, Texas 78701
(512) 494-1212
(512) 472-1558 Telecopy
(512) 426-5534  Mobile
Attorney for Plaintiff,
Sylvia Cholick.

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE _____
BY _____
DEPUTY

10

CERTIFIED COPY

## CERTIFICATE OF SERVICE

The undersigned attorney does hereby certify that the foregoing Plaintiff's 1st Amended Petition was caused to be delivered to those addressed below this 5th day of August, 2002, pursuant to the Texas Rules of Civil Procedure.

Mr. Robert Drinkard, Esquire
Denton, Navarro & Bernal
Bank of America Building
222 East Van Buren, Suite 405
Harlingen, Texas  78550
Via: Federal Express

Mr. Barry Ray, Esquire
Adams & Graham, L.L.P.
222 East Van Buren, West Tower
Harlingen, Texas  78550
Via: Certified Mail, Return Receipt Requested

Donald T. Cheatham

**DONALD T. CHEATHAM**
**Attorney at Law**
**825 West 11th Street**
**Austin, Texas 78701**
**(512) 494-1212**
**(512) 472-1558 TC**
**(512) 426-5534 M**

To the Honorable Clerk
of the Cameron County District Court
974 E. Harrison Street
Brownsville, Texas  78520

Re: Cause No 2002-04-1324-G

Dear Madame de la Garza:

Please see the enclosed Rule 11 Agreement.

We ask that you file these in the above referenced cause, and mail a file stamped copy of each back to us in the self addressed, stamped envelope provided.

Should you have any questions or comments, please feel free to contact us.

With best personal regards, I remain

Cordially yours,

Donald Cheatham, Atty at Law

CERTIFIED COPY

NO. 2002-04-1324-G

| | | |
|---|---|---|
| SYLVIA CHOLICK | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| | § | 404th JUDICIAL DISTRICT |
| v. | § | |
| | § | |
| CITY OF HARLINGEN, VALLEY | § | |
| BAPTIST HEALTH SYSTEM AND | § | |
| VALLEY BAPTIST MEDICAL | § | |
| CENTER, AS OPERATING WITHIN | § | |
| OF VALLEY BAPTIST HEALTH | § | |
| SYSTEM | § | |
| Defendants. | § | OF CAMERON COUNTY, TEXAS |

FILED ___9___ ___30___ O'CLOCK ___P___

AUG 1 2 2002

DISTRICT COURT OF CAMERON COUNTY, TEXAS

___Rosie Sote___ DEPUTY

RULE 11 AGREEMENT

Filed herewith is an agreement in accordance with Rule 11 of the Texas Rules of Civil Procedure.

Respectfully submitted,

By: _____
Donald T. Cheatham
Texas Bar No. 24029925
Attorney at Law
325 West 11th Street
Austin, Texas  78701
Tel. (512)494-1212
Fax. (512)472-1558
Attorney for Plaintiff
Sylvia Cholick

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE ___8/12/02___
BY ___Rosie Sote___
DEPUTY

CERTIFIED COPY

## CERTIFICATE OF SERVICE

      I certify that on August 6, 2002 a true and correct copy of Plaintiff's Rule 11 Agreement was served to each person listed below by the method indicated.

_____
Donald T. Cheatham

Barry Ray
Attorney for Valley Baptist Health
System and Valley Baptist Medical
Center, as Operating within of
Valley Baptist Health System
222 E. Van Buren,  West Tower
Harlingen,  Texas  78550

TEL:  956-428-7495
FAX:  956-428-2954

Robert Drinkard
Attorney for City of Harlingen
Bank of America Bldg.
222 East Van Buren, Suite 405
Harlingen, Texas  78550-6804

TEL:  956-421-4904
FAX:  956-421-3621

_____ Certified mail,
return receipt requested


_____ Personal delivery

_____ Private delivery
__x__ Facsimile transfer
__x__  US Mail

_____ Certified mail,
return receipt requested
_____ Personal delivery

_____ Private delivery
__x__ Facsimile transfer
__x__  US Mail

CERTIFIED COPY

Aug-06-02 04:16P DN&B HARLINGEN,TX          9664513621          P.02
   Aug 06 02 03:57p   Cynthia Goodwin         512-891-8480        p.2

**DONALD T. CHEATHAM**
Attorney at Law
825 West 11th Street
Austin, Texas 78701
(512) 494-1212
(512) 472-1558 TC
(512) 426-5534 M

August 6, 2002

Robert Drinkard, Esquire
Bank of America Bldg.
222 East Van Buren, Suite 405
Harlingen, Texas  78550-6804

RE:  Cause No. 2002-04-1324-G, styled *Sylvia Cholick vs. City of Harlingen et al.* in the 404th Judicial District Court, Cameron County, Texas

Dear Mr. Drinkard:

This will confirm our agreement to:

1. Pass on the Special Exceptions hearing previously scheduled for the 8th of August, 2002 at 9:30 a.m. before the aforementioned Court; and
2. Pass on the Motion to Enforce Agreement hearing also scheduled for that time.

If this accurately reflects our agreement, please sign this letter and return to me. If the above does <u>not</u> correctly reflect our agreement, or should you have any questions concerning this agreement, please contact me at (512)494-1212.

Thank you for your professional courtesies in this matter.

Sincerely yours,

Donald T. Cheatham

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE 8/6/02
BY Rosie Sotelo  DEPUTY

CERTIFIED COPY

Aug-06-02 04:16P DN&B-HARLINGEN,TX          9664213621          P.03
Aug 06 02 03:57p    Cynthia Goodwin       512-891-8980        p.3

AGREED AS TO FORM AND CONTENT:

Robert Drinkard
Attorney for City of Harlingen
Bank of America Bldg.
222 East Van Buren, Suite 405
Harlingen, Texas  78550-6804
Tel: 956-421-4904
Fax: 956-421-3621

**DONALD T. CHEATHAM**
**Attorney at Law**
**825 West 11th Street**
**Austin, Texas 78701**
**(512) 494-1212**
**(512) 472-1558 TC**
**(512) 426-5534 M**

To the Honorable Clerk
of the Cameron County District Court
974 E. Harrison Street
Brownsville, Texas 78520

Re: Cause No 2002-04-1324-G

Dear Madame de la Garza:

Please see the enclosed Plaintiff's 1st Amended Petition, and Plaintiff's Response to Defendant, City of Harlingen's Request for Disclosure.

We ask that you file these in the above referenced cause, and mail a file stamped copy of each back to us in the self addressed, stamped envelope provided.

Should you have any questions or comments, please feel free to contact us.

With best personal regards, I remain

Cordially yours,

Donald Cheatham, Atty at Law

**DONALD T. CHEATHAM**
**Attorney at Law**
**825 West 11th Street**
**Austin, Texas 78701**
**(512) 494-1212**
**(512) 472-1558 TC**

To the Honorable Aurora de la Garza
District Clerk, Cameron County
974 E. Harrison
Brownsville, Texas 78520

Re: Cause No. 2002-04-1324-G

Dear Madame,

Please see the enclosed Motion for Withdrawal of Counsel. It is my understanding that there is no filing fee for this Motion.

Should you have any questions or comments, please feel free to contact us. We also enclose a stamped, self-addressed envelope and ask that you send a stamped copy of aforementioned Motion back to us so that we may forward it to the client.

With best personal regards, I remain

Respectfully yours,

Donald Cheatham, Atty at Law

CERTIFIED COPY

NO. 2002-04-1324-G

FILED __4 8__ O'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK
AUG 1 4 2002
DISTRICT COURT OF CAMERON COUNTY, TEXAS
___ DEPUTY

| | | |
|---|---|---|
| SYLVIA CHOLICK, | § | IN THE DISTRICT COURT |
| Plaintiff | | |
| Vs. | § | |
| THE CITY OF HARLINGEN, | § | 404 JUDICIAL DISTRICT |
| VALLEY BAPTIST HEALTH | | |
| SYSTEM, and | | |
| VALLEY BAPTIST MEDICAL | § | |
| CENTER | § | CAMERON COUNTY, TEXAS |

## MOTION FOR WITHDRAWAL OF COUNSEL

This Motion for Withdrawal of Counsel is brought by Donald T. Cheatham, who is attorney of record for Sylvia Cholick. Donald T. Cheatham requests the Court to grant him permission to withdraw as attorney for Sylvia Cholick in this case. In support, Donald T. Cheatham shows:

Good cause exists for withdrawal of Donald T. Cheatham as counsel, in that he is unable to effectively communicate with Sylvia Cholick in a manner consistent with good attorney-client relations.

A copy of this motion has been delivered to Sylvia Cholick, who is hereby notified in writing of her right to object to this motion. The last known address of Sylvia Cholick is 810 N. 21st St, Harlingen, TX, 78550.

There are no pending settings or deadlines, including discovery deadlines, in this case.

There have not been any hearings in this case.

Petitioner has served Respondent with the following discovery requests and Respondent has served Petitioner with the

CERTIFIED

following responses:

| Type of Discovery Request | Served by Petitioner? | | Response Served by Respondent? | |
|---|---|---|---|---|
| | Yes | No | Yes | No |
| Interrogatories | | X | | |
| Request for Production | | X | | |
| Request for Disclosure | | X | | |
| Request for Admissions | | X | | |

Respondent, The City of Harlingen has served Petitioner with the following discovery requests and Petitioner has served Respondent with the following responses:

| Type of Discovery Request | Served by Respondent? | | Response Served by Petitioner? | |
|---|---|---|---|---|
| | Yes | No | Yes | No |
| Interrogatories | | X | | |
| Request for Production | | X | | |
| Request for Disclosure | X | | X | |
| Request for Admissions | | X | | |
| Request for Consent for Release of Confidential Information | X | | | X |

Respondents, Valley Baptist Health System, and Valley Baptist Medical Center has served Petitioner with the following discovery requests and Petitioner has served Respondent with the following responses:

| Type of Discovery Request | Served by Respondent? | | Response Served by Petitioner? | |
|---|---|---|---|---|

CERTIFIED COPY

|  | Yes | No | Yes | No |
|---|---|---|---|---|
| Interrogatories | X |  | X |  |
| Request for Production | X |  | X |  |
| Request for Disclosure | X |  | X |  |
| Request for Admissions |  | X |  |  |
| Request for Consent for Release of Confidential Information | X |  | X |  |

There have not been any oral depositions in this case.

On entry of an order granting this motion and discharging Movant as attorney of record for Sylvia Cholick, Movant will provide Sylvia Cholick with the originals of all of Sylvia Cholick's discovery responses and documents Sylvia Cholick has produced in response to discovery requests.

## Notice to Client

You are hereby notified that this Motion for Withdrawal of Counsel is set for hearing at the time and place stated below. You do not have to agree to this motion. If you wish to contest the withdrawal of Donald T. Cheatham as your attorney, you should appear at the hearing. If you do not oppose Donald T. Cheatham's withdrawal as your attorney, you may notify Donald T. Cheatham in writing of your consent to this motion.

Donald T. Cheatham prays that the Court enter an order discharging him as attorney of record for Sylvia Cholick.

Respectfully submitted,

CERTIFIED COPY

Donald T. Cheatham, Atty at Law
825 West 11th Street
Austin, Texas 78701
Tel: (512) 494-1212
Fax: (512) 472-1558

By

Donald T. Cheatham
State Bar No. 24029925
Attorney for Sylvia Cholick

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLE
DISTRICT COURT, CAMERON COUNTY, TEX.
DATE 8-21-02

BY _____
                    DEPUTY
                    Rosie Sotelo

CERTIFIED COPY

**Notice of Hearing**

The above motion is set for hearing on _____

_____ at _____.m. in _____.

SIGNED on _____.


_____

Judge or Clerk


**Certificate of Service**

I certify that a true copy of the above was served on each attorney of record or party in accordance with the Texas Rules of Civil Procedure on August 9, 2002.

_____
Donald T. Cheatham
Attorney for Sylvia Cholick

CERTIFIED COPY

NO. 2002-04-1324-G

FILED _____ O'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK
AUG 1 4 2002
DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

| | | |
|---|---|---|
| SYLVIA CHOLICK, | § | IN THE DISTRICT COURT |
| Plaintiff | | |
| Vs. | § | |
| THE CITY OF HARLINGEN, | § | 404 JUDICIAL DISTRICT |
| VALLEY BAPTIST HEALTH | | |
| SYSTEM, and | | |
| VALLEY BAPTIST MEDICAL | § | |
| CENTER | § | CAMERON COUNTY, TEXAS |

## MOTION FOR WITHDRAWAL OF COUNSEL

This Motion for Withdrawal of Counsel is brought by Donald T. Cheatham, who is attorney of record for Sylvia Cholick. Donald T. Cheatham requests the Court to grant him permission to withdraw as attorney for Sylvia Cholick in this case. In support, Donald T. Cheatham shows:

Good cause exists for withdrawal of Donald T. Cheatham as counsel, in that he is unable to effectively communicate with Sylvia Cholick in a manner consistent with good attorney-client relations.

A copy of this motion has been delivered to Sylvia Cholick, who is hereby notified in writing of her right to object to this motion. The last known address of Sylvia Cholick is 810 N. 21st St, Harlingen, TX, 78550.

There are no pending settings or deadlines, including discovery deadlines, in this case.

There have not been any hearings in this case.

Petitioner has served Respondent with the following discovery requests and Respondent has served Petitioner with the

CERTIFIED COPY

Petitioner has served Respondent with the following discovery requests and Respondent has served Petitioner with the following responses:

| Type of Discovery Request | Served by Petitioner? | | Response Served by Respondent? | |
|---|---|---|---|---|
| | Yes | No | Yes | No |
| Interrogatories | | X | | |
| Request for Production | | X | | |
| Request for Disclosure | | X | | |
| Request for Admissions | | X | | |

Respondent, The City of Harlingen has served Petitioner with the following discovery requests and Petitioner has served Respondent with the following responses:

| Type of Discovery Request | Served by Respondent? | | Response Served by Petitioner? | |
|---|---|---|---|---|
| | Yes | No | Yes | No |
| Interrogatories | | X | | |
| Request for Production | | X | | |
| Request for Disclosure | X | | X | |
| Request for Admissions | | X | | |
| Request for Consent for Release of Confidential Information | X | | | X |

Respondents, Valley Baptist Health System, and Valley Baptist Medical Center has served Petitioner with the following discovery requests and Petitioner has served Respondent with the following responses:

CERTIFIED COPY

| Type of Discovery Request | Served by Respondent? | | Response Served by Petitioner? | |
|---|---|---|---|---|
| | Yes | No | Yes | No |
| Interrogatories | X | | X | |
| Request for Production | X | | X | |
| Request for Disclosure | X | | X | |
| Request for Admissions | | X | | |
| Request for Consent for Release of Confidential Information | X | | X | |

There have not been any oral depositions in this case.

On entry of an order granting this motion and discharging Movant as attorney of record for Sylvia Cholick, Movant will provide Sylvia Cholick with the originals of all of Sylvia Cholick's discovery responses and documents Sylvia Cholick has produced in response to discovery requests.

### Notice to Client

You are hereby notified that this Motion for Withdrawal of Counsel is set for hearing at the time and place stated below. You do not have to agree to this motion. If you wish to contest the withdrawal of Donald T. Cheatham as your attorney, you should appear at the hearing. If you do not oppose Donald T. Cheatham's withdrawal as your attorney, you may notify Donald T. Cheatham in writing of your consent to this motion.

Donald T. Cheatham prays that the Court enter an order discharging him as attorney of record for Sylvia Cholick.

2002-04-1324-G

SYLVIA CHOLICK

VS

THE CITY OF HARLINGEN, ET AL

CERTIFIED COPY

### Notice of Hearing

The above motion is ~~set for hearing on~~ GRANTED.

_____ at _____ .m. in _____

SIGNED on August 19, 2002.

8/19/02 COPIES TO:
HON DONALD T CHEATHAM
HON RICARDO NAVARRO
HON BARRY RAY

Judge or Clerk

### Certificate of Service

I certify that a true copy of the above was served on each attorney of record or party in accordance with the Texas Rules of Civil Procedure on August 9, 2002.

_____
Donald T. Cheatham
Attorney for Sylvia Cholick

CERTIFIED COPY

Respectfully submitted,

Donald T. Cheatham, Atty at Law
825 West 11th Street
Austin, Texas 78701
Tel: (512) 494-1212
Fax: (512) 472-1558

By:

Donald T. Cheatham
State Bar No. 24029925
Attorney for Sylvia Cholick

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE 8-21-02
BY
DEPUTY