
IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 0 7 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| SYLVIA CHOLICK | § | |
|     Plaintiff | § | |
| | § | |
| vs. | § | CAUSE NO. B-02-162 |
| | § | |
| CITY OF HARLINGEN, | § | |
| VALLEY BAPTIST HEALTH SYSTEM | § | |
| and | § | |
| VALLEY BAPTIST MEDICAL CENTER | § | |
|     Defendants | § | |

### DEFENDANT CITY OF HARLINGEN'S MOTION FOR ADMONISHMENT OF PLAINTIFF

MAY IT PLEASE THE COURT:

NOW COMES DEFENDANT, the CITY OF HARLINGEN, TEXAS (hereinafter "CITY DEFENDANT"), and files this Motion for Admonishment of Plaintiff.

### I.
### NATURE OF THE LAWSUIT/FACTUAL ALLEGATIONS

Plaintiff brings this lawsuit against the CITY DEFENDANT and Valley Baptist Health System and Valley Baptist Medical Center alleging violations of her State and Federal Constitutional rights and state law based tort claims.

### II.
### ARGUMENT & AUTHORITIES

The Court recently issued an order granting Plaintiff's Motion for Continuance. See Exhibit A. The Court indicates that the Motion for Continuance is Dkt. No. 15. However, the

City Defendant, through under-signed counsel, never received a copy of this Motion for Continuance from Plaintiff, and in fact was completely unaware that Plaintiff had apparently filed such with the Court.

While City Defendant has no objection to the granting of this Motion and continuance of the initial pre-trial conference, City Defendant hereby requests an admonishment of Plaintiff that she is required to follow Federal Rule of Civil Procedure 5(and all Federal Rules of Civil Procedure), and serve all appropriate papers upon all parties of record. City Defendant recognizes that Plaintiff is pro se, and may be unfamiliar with all applicable rules of civil procedure, thereby City Defendant hereby files this Motion, to protect against future situations wherein Plaintiff may fail to serve other documents where such service is required pursuant to the Rules.

### III.
### CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, CITY DEFENDANT would request that the Court admonish Plaintiff that she is required to follow all Federal Rules of Civil Procedure, particularly Rule 5 regarding serving and filing pleadings and other papers. CITY DEFENDANT further requests such other and further relief to which it may show itself to be justly entitled, at law and in equity.

SIGNED this 6th day of January, 2003.

Respectfully submitted,

**DENTON, NAVARRO & BERNAL**
A Professional Corporation
Bank of America Building
222 East Van Buren, Ste. 405
Harlingen, Texas 78550
956/421-4904
956/421-3621 (Fax)

By: _____
RICARDO J. NAVARRO
Attorney In Charge
Fed. ID. No. 5853
State Bar No. 14829100
ROBERT L. DRINKARD
Fed. I.D. No. 29288
State Bar No. 24007128

**CERTIFICATE OF CONFERENCE**

Counsel for CITY DEFENDANT hereby apprizes the Court that he conferred with Plaintiff regarding this issue. While Plaintiff is seemingly not opposed to this Motion, Defendant is filing such for any needed clarification to Plaintiff as to all necessary Rules that need to be complied with.

_____
RICARDO J. NAVARRO
ROBERT L. DRINKARD

## CERTIFICATE OF SERVICE

I certify that a true copy of this document has been sent by regular U.S. Mail, unless otherwise indicated, to the persons listed below on the  6th  day of January, 2003.


Ms. Sylvia Cholick                             **By CMRRR#:7002 0860 004 8101 6461**
810 N. 21st Street
Harlingen, TX 78550
**PLAINTIFF PRO SE**


Mr. Barry Ray                                                      **By Regular Mail**
Adams & Graham
P.O. Drawer 1429
Harlingen, Texas 78550
**COUNSEL FOR DEFENDANTS VALLEY BAPTIST MEDICAL CENTER
AND VALLEY BAPTIST HEALTH SYSTEMS**

_____
RICARDO J. NAVARRO
ROBERT L. DRINKARD

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SYLVIA CHOLICK<br>　　　Plaintiff | §<br>§<br>§ | |
| vs. | §<br>§ | CAUSE NO. B-02-162 |
| CITY OF HARLINGEN,<br>VALLEY BAPTIST HEALTH SYSTEM<br>and<br>VALLEY BAPTIST MEDICAL CENTER<br>　　　Defendants | §<br>§<br>§<br>§<br>§ | |

**ORDER ADMONISHING PLAINTIFF**

CAME ON THIS DAY TO BE CONSIDERED DEFENDANT City of Harlingen's Motion for Admonishment of the Plaintiff.

After due consideration of the motion, the Court finds that DEFENDANT City of Harlingen's Motion should be GRANTED.

It is therefore, ORDERED, ADJUDGED AND DECREED that DEFENDANT City of Harlingen's Motion for Admonishment is hereby GRANTED.

Plaintiff is hereby admonished and reminded that she must abide by the Federal Rules of Civil Procedure throughout the prosecution of this matter. This includes abiding by Federal Rule of Civil Procedure 5, regarding the service of all pleadings and other papers.

If the order of this Court is not obeyed and Plaintiff fails to abide by Federal Rule of Civil Procedure 5, then Plaintiff

will be sanctioned and Plaintiff's causes of action shall be dismissed.

SIGNED on the _____ day of _____, 2003.


_____
HON. HILDA G. TAGLE
U.S. DISTRICT JUDGE

United States District Court
Southern District of Texas
ENTERED

JAN 0 3 2003

Michael N. Milby, Clerk of Court
By Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| SYLVIA CHOLICK,<br>　　　　Plaintiff,<br><br>v.<br><br>CITY OF HARLINGEN, VALLEY<br>BAPTIST HEALTH SYSTEM AND<br>VALLEY BAPTIST MEDICAL CENTER,<br>　　　　Defendants. | §§§§§§§§§§ Civil Action B-02-162 |

### ORDER

BE IT REMEMBERED that on January 3, 2003, the Court considered Defendant City of Harlingen's "12(e) Motion for More Definite Statement" [Dkt. No. 4] and Plaintiff's Motion for Continuance [Dkt. No. 15]. For the reasons stated herein, the Motion for More Definite Statement is **GRANTED** and Plaintiff's Motion for Continuance is **GRANTED**.

Defendant City of Harlingen moves, under Fed. R.Civ. P. 12(e), for a more definite statement concerning Plaintiff's allegations that Defendants violated her state and federal constitutional rights. Plaintiff alleges causes of action for false imprisonment, assault, negligence, discrimination based on sex or gender, trespass, libel and slander, conversion and destruction of property, intentional infliction of emotional distress, and invasion of privacy. Cmplt. ¶¶ 32-82. Within each count, Plaintiff further alleges that "[she] has suffered damages, and will continue to suffer damages, as a result of violations of her State and Federal Constitutional Rights." Cmplt. ¶¶ 35, 40, 45, 49, 55, 63, 70, 77, 82. Defendants contend, however, that they have not received proper notice of the claim pursuant to Fed. R Civ. P. 8(a) because Plaintiff has not articulated the specific constitutional violations on which federal jurisdiction would be based.

1

**EXHIBIT " A "**

The pleading requirements of Rule 8(a) should be "view[ed] . . . [with] great liberality." See Nebout v. City of Hitchcock, 71 F. Supp. 2d 702, 706 (S.D. Tex. 1999) (citing Mitchell v. E-Z Way Towers, Inc., 269 F.2d 126, 132 (5th Cir. 1959)). Because of this view, a motion for more definite statement is generally disfavored and most often is used to "remedy only . . . an intelligible pleading rather than a correction for lack of detail." Id. (citations omitted). Federal Rule of Civil Procedure 12(e) provides:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before imposing a responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to the which the motion was directed or make such order as it deems just.

Although laying out in detail the factual allegations underpinning Plaintiff's complaint, the complaint does not adequately describe the alleged state and federal constitutional violations. Defendant's Motion for More Definite Statement, therefore, is hereby **GRANTED**. Plaintiff is **ORDERED** to amend her complaint by January 27, 2003. The amended complaint must allege specific state and federal constitutional violations. Defendants shall serve a responsive pleading within ten (10) days after service of the amended complaint.

Additionally, Plaintiff's Motion for Continuance of the Initial Pre-Trial Conference is **GRANTED**. This conference is reset to February 18, 2003, at 3:00 p.m. The Court forewarns the parties that continuances from this point forward will be viewed with disfavor and unless exceptional circumstances arise will not be granted.

2

Finally, the parties are reminded that 14 days prior to the Initial Pre-Trial Conference, they must submit a joint discovery/case management plan in compliance with both Chamber Rule 7A(1) and Federal Rule of Civil Procedure 26(f).

DONE at Brownsville, Texas this 3rd day of January, 2003.

Hilda G. Tagle
United States District Judge

3