```
                                              United States District Court
                                               Southern District of Texas
                                                        FILED
        IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF TEXAS         JAN 1 3 2003
               BROWNSVILLE DIVISION
                                                   Michael N. Milby
SYLVIA CHOLICK                                       Clerk of Court
          Plaintiff              *
V.                               *       CIVIL ACTION B-02-162
                                 *
CITY OF HARLINGEN, ET AL         *
          Defendants             *
```

JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

   On January 8, 2003, counsel met to discuss and draft a discovery plan in accordance with Rule 26 (f) of the Federal Rules of Procedure. Barry Ray and Robert Drinkard participated. Plaintiff was scheduled to participate but counsel were unable to get in touch with Plaintiff despite repeated efforts to contact her. Plaintiff knew about the time of the conference, but did not call in to participate. Therefore counsel would ask that the Court address discovery deadlines and disputes as to Plaintiff at the initial pre-trial conference.

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

   None.

3. Specify the allegation of federal jurisdiction.
   Federal question jurisdiction under 42 U.S.C.§ 1983 and 28 U.S.C. § 1331.

4.  **Names the parties who disagree and the reasons.**

    Valley Baptist and City Defendant do not disagree as to this Court's exercise of subject matter jurisdiction. Plaintiff did not participate.

5.  **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**
    None.

6.  **List anticipated interventions.**

    None.

7.  **Describe class-action issues.**

    None.

8.  **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

    City Defendant has made initial disclosures. Defendant Valley Baptist will make initial disclosures no later than March. It is unknown when Plaintiff will make initial disclosures.

9.  **Describe the proposed agreed discovery plan, including:**

    A.  Responses to all the matters raised in Rule 26(f).

        The proposed agreed discovery plan between Valley Baptist and City Defendant is as stated in this document.

    B.  When and to whom the plaintiff anticipates it may send interrogatories.

        Unknown, as Plaintiff did not participate in the conference.

    C.  When and to whom the defendant anticipates it may send interrogatories.

        Defendant City and Valley Baptist have already sent written discovery, consisting of Interrogatories and Request for Document Production, to Plaintiff.

D.   Of whom and by when the plaintiff anticipates taking oral depositions.

        Unknown, as Plaintiff did not participate in the conference.

E.   Of whom and by when the Defendant anticipates taking oral depositions.

        Defendants anticipate taking the deposition of Plaintiff, Sylvia Cholick, no later than March, 2003.

F.   When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

        Unknown when Plaintiff anticipates designating its expert and providing a report by, as Plaintiff did not participate in the conference. Defendants will designate its experts as soon as practicable after Plaintiff's expert is designated.

G.   List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

        Unknown, as Plaintiff did not participate in the conference.

H.   List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

        Defendants anticipate taking the deposition of any expert designated by the Plaintiff as soon as practicable after such designation by agreement of respective counsel.

10. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposal of each party.**

   As mentioned above, Defendants Valley Baptist and the City have no disagreements regarding the proposed discovery plan. Plaintiff failed to participate in the conference despite repeated efforts by Defendants to include her. Therefore it is unknown if Plaintiff disagrees with the proposed discovery plan. Defendants would ask the Court at the initial pre-trial conference to set suitable discovery deadlines for the Plaintiff to comply with.

11. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

   Defendants City and Valley Baptist have sent Requests for Production and Interrogatories to Plaintiff.

12. **State the date the planned discovery can reasonably be completed.**

   As Plaintiff failed to participate in the conference, it is unknown when plaintiff feels the discovery can be reasonably completed. Parties would therefore request to address this issue at the initial pre-trial conference.

13. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

   None at this time.

14. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

   The parties have not agreed to resolve this matter at this time. Only after discovery is exchanged and depositions of the relevant witnesses are taken will the parties be in a position to approach potential settlement of this matter. Until then, the parties are in no position to initiate settlement negotiations.

15. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are**

reasonably suitable, and state when such a technique may be effectively used in this case.

Counsel has not yet discussed the possibility of alternative dispute resolution at this time. Only after discovery is exchanged and depositions of the relevant witnesses are taken will discussions with counsel as to the merits of Plaintiff's claim be commenced. At that time, counsel for the Defendants will be in a position to discuss the potential settlement of this matter. Until then, Counsel are precluded from proposing alternative dispute resolution techniques.

16. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on trial before a magistrate judge.**

    The Parties are not in a position to agree to a Magistrate Court at this time.

17. **State whether a jury demand has been made and if it was made on time.**

    Plaintiff has not made a jury demand at this time.

18. **Specify the number of hours it will take to present the evidence in this case.**

    The Parties believe it will take 20 hours to present the evidence in this case.

19. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    City Defendant's Motion to Compel

20. **List other motions pending.**

    None.

21. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

Plaintiff is pro se at this time.

22. List the names, bar numbers, addresses and telephone numbers of all counsel.

_____
Sylvia Cholick,
810 N. 21st Street
Harlingen, Texas 78550
(956) 440-7729
Plaintiff, Pro-Se

_____
Mr. Ricardo J. Navarro
Attorney in Charge
State Bar No. 14829100
So. Dist. ID No. 5953
Mr. Robert L. Drinkard
State Bar No. 24007128
So. Dist. ID No. 29288
Bank of America Building
222 E. Van Buren, Ste. 405
Harlingen, Texas 78550
(956) 421-4904 (Tel)
(956) 421-3621 (Fax)
Counsel for City of Harlingen, Defendant

_____
Mr. Barry Ray
Adams & Graham    16606355
P.O. Drawer 1429
Harlingen, Texas 78550   15705
956/428-7495
956/428-2954
Counsel for Valley Baptist
Medical Center and and Valley
Baptist Health Systems, Defendants

_____
Date

1/10/2003
Date

1/13/03
Date:

## CERTIFICATE OF SERVICE

I certify that a true copy of this document has been sent by regular U.S. Mail, unless otherwise indicated, to the persons listed below on the /3+h day of January, 2003.


Sylvia Cholick
810 N. 21st Street
Harlingen, Texas 78550
**Pro-Se, Plaintiff**


Mr. Barry Ray
Adams & Graham
P.O. Drawer 1429
Harlingen, Texas 78550
**Counsel for VBMC and VBHealth Systems**

_____
RICARDO J. NAVARRO
ROBERT L. DRINKARD