IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 10 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| SYLVIA CHOLICK<br>*plaintiff(s)* | §<br>§<br>§ | |
| VS. | §<br>§ | CAUSE NO. B-02-162 |
| THE CITY OF HARLINGEN, VALLEY<br>BAPTIST HEALTH SYSTEM, and<br>VALLEY BAPTIST MEDICAL CENTER<br>*defendant(s)* | §<br>§<br>§<br>§ | |

### DEFENDANT VALLEY BAPTIST MEDICAL CENTER'S
### MOTION TO STRIKE PLAINTIFF'S COMPLAINT

MAY IT PLEASE THE COURT:

NOW COMES DEFENDANT, VALLEY BAPTIST MEDICAL CENTER (hereinafter "VBMC"), and files this Motion to Strike Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(e).

### I.

### NATURE OF THE LAWSUIT/FACTUAL ALLEGATIONS

Plaintiff brings this lawsuit against the DEFENDANT "VBMC" and the City of Harlingen (hereinafter "City Defendants") alleging violations of her State and Federal Constitutional rights and state law based tort claims. Specifically, Plaintiff complains she was falsely arrested and imprisoned, assaulted, and alleges causes of action for negligence, discrimination based on sex or gender, trespass, libel and slander, invasion of privacy, conversion and destruction of property and intentional infliction of emotional distress.

Plaintiff alleges that Harlingen police officers trespassed onto her property, removed her from her home against her will and took her to the Valley Baptist Hospital, where she was likewise held against her will. Plaintiff alleges she was assaulted at the hospital, and that officers picked her up at the hospital, assaulted her in trying to arrest her, and then incarcerated her. She further alleges she has been slandered by City officers, that she has been unlawfully prohibited from entering public facilities because of her gender and that she had dogs illegally removed from her home and killed by City of Harlingen personnel.

## II.

## ARGUMENT AND AUTHORITIES

In her First Amended Petition, Plaintiff asserts a variety of state law causes of action, and alleges that as to each count of state law cause of action, she has suffered damages as a result of violations of her State and Federal Constitutional Rights. However, nowhere in the petition does Plaintiff state what constitutional rights of hers have been violated. Although alleging federal causes of action, Plaintiff fails entirely to identify what specific federal causes of action she brings.

In response to this pleading, City Defendants filed a Motion for More Definite Statement, which was considered by the Court. The Court agreed with the City's Motion and on January 3, issued an Order requiring Plaintiff to amend her complaint by January 27, 2003. See Order attached as Exhibit "A".

This deadline has come and passed and Plaintiff has completely failed to comply with the Court's order. Plaintiff has not amended her complaint. Plaintiff's complaint does not allege specific state and federal constitutional violations.

Given that Plaintiff has failed to comply with the Court's order and failed to allege specific state and federal constitutional violations, the VBMC Defendants hereby request that this Court strike Plaintiff's entire pleadings as to both the VBMC Defendant and the City Defendants. The Court gave the Plaintiff ample time to properly amend her complaint. Plaintiff has failed to do so, and Defendants are in the position of being completely unable to defend against this lawsuit in any fashion, as Defendants are left to guess as to what Plaintiff's causes of action are.

If a Plaintiff fails to obey the Court's order regarding the granting of a Motion for More Definite Statement within the time period provided, the Court may strike the pleading to which the motion was directed. Federal Rule of Civil Procedure 12(e).

This Court granted the City Defendant's Motion for More Definite Statement and ordered Plaintiff to amend her complaint by January 27. Plaintiff has willfully failed to amend her complaint, continues to fail to allege a specific cause of action, and thus should have her complaint stricken.

## III.

## CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, DEFENDANT "VBMC" would request that the Court strike Plaintiff's complaint in its entirety, pursuant to Federal Rule of Civil Procedure 12(e). DEFENDANT "VBMC" further requests such other and further relief to which it may show itself justly entitled, at law and in equity.

SIGNED this 6th day of February, 2003.

Respectfully submitted,

**ADAMS & GRAHAM, L.L.P.**
222 E. Van Buren, West Tower
Harlingen, Texas 78550
Phone:       956/428-7495
Facsimile:   956/428-2954

By: _____
    BARRY RAY
    State Bar No. 16606355

**ATTORNEYS FOR DEFENDANTS
VALLEY BAPTIST HEALTH SYSTEM, INC. and
VALLEY BAPTIST MEDICAL CENTER**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing instrument was forwarded to the following counsel of record on this 6th day of February 2003:

Ms. Sylvia Cholick                              *Via CMRRR 7002 0510 0004 1769 1746*
810 North 21st Street
Harlingen, Texas 78550
*Plaintiff Pro Se*

Mr. Ricardo Navarro                             *Via Regular Mail*
Mr. Robert Drinkard
DENTON, McKAMIE & NAVARRO
222 East Van Buren, Suite 405
Harlingen, Texas 78550
*Attorney for Defendant The City of Harlingen*

_____
BARRY RAY

# EXHIBIT "A"



United States District Court
Southern District of Texas
ENTERED

JAN 0 3 2003

Michael N. Milby, Clerk of Court
By Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

SYLVIA CHOLICK, §
    Plaintiff, §
§
v. § Civil Action B-02-162
§
CITY OF HARLINGEN, VALLEY §
BAPTIST HEALTH SYSTEM AND §
VALLEY BAPTIST MEDICAL CENTER, §
    Defendants. §

## ORDER

BE IT REMEMBERED that on January 3, 2003, the Court considered Defendant City of Harlingen's "12(e) Motion for More Definite Statement" [Dkt. No. 4] and Plaintiff's Motion for Continuance [Dkt. No. 15]. For the reasons stated herein, the Motion for More Definite Statement is **GRANTED** and Plaintiff's Motion for Continuance is **GRANTED**.

Defendant City of Harlingen moves, under Fed. R.Civ. P. 12(e), for a more definite statement concerning Plaintiff's allegations that Defendants violated her state and federal constitutional rights. Plaintiff alleges causes of action for false imprisonment, assault, negligence, discrimination based on sex or gender, trespass, libel and slander, conversion and destruction of property, intentional infliction of emotional distress, and invasion of privacy. Cmplt. ¶¶ 32-82. Within each count, Plaintiff further alleges that "[she] has suffered damages, and will continue to suffer damages, as a result of violations of her State and Federal Constitutional Rights." Cmplt. ¶¶ 35, 40, 45, 49, 55, 63, 70, 77, 82. Defendants contend, however, that they have not received proper notice of the claim pursuant to Fed. R Civ. P. 8(a) because Plaintiff has not articulated the specific constitutional violations on which federal jurisdiction would be based.

1

The pleading requirements of Rule 8(a) should be "view[ed] . . . [with] great liberality." See Nebout v. City of Hitchcock, 71 F. Supp. 2d 702, 706 (S.D. Tex. 1999) (citing Mitchell v. E-Z Way Towers, Inc., 269 F.2d 126, 132 (5th Cir. 1959)). Because of this view, a motion for more definite statement is generally disfavored and most often is used to "remedy only . . . an intelligible pleading rather than a correction for lack of detail." Id. (citations omitted). Federal Rule of Civil Procedure 12(e) provides:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before imposing a responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to the which the motion was directed or make such order as it deems just.

Although laying out in detail the factual allegations underpinning Plaintiff's complaint, the complaint does not adequately describe the alleged state and federal constitutional violations. Defendant's Motion for More Definite Statement, therefore, is hereby **GRANTED**. Plaintiff is **ORDERED** to amend her complaint by January 27, 2003. The amended complaint must allege specific state and federal constitutional violations. Defendants shall serve a responsive pleading within ten (10) days after service of the amended complaint.

Additionally, Plaintiff's Motion for Continuance of the Initial Pre-Trial Conference is **GRANTED**. This conference is reset to February 18, 2003, at 3:00 p.m. The Court forewarns the parties that continuances from this point forward will be viewed with disfavor and unless exceptional circumstances arise will not be granted.

CALENDARED
In AIM on 1/14/03
by [signature]

Finally, the parties are reminded that 14 days prior to the Initial Pre-Trial Conference, they must submit a joint discovery/case management plan in compliance with both Chamber Rule 7A(1) and Federal Rule of Civil Procedure 26(f).

DONE at Brownsville, Texas this 3rd day of January, 2003.

Hilda G. Tagle
United States District Judge