IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 27 2003

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| SYLVIA CHOLICK,<br>　　　Plaintiff,<br><br>v.<br><br>CITY OF HARLINGEN, VALLEY<br>BAPTIST HEALTH SYSTEM AND<br>VALLEY BAPTIST MEDICAL CENTER,<br>　　　Defendants. | §§§§§§§§§§ | Civil Action B-02-162 |

United States District Court
Southern District of Texas
ENTERED

FEB 27 2003

Michael N. Milby, Clerk of Court
By Deputy Clerk

ORDER

　　　BE IT REMEMBERED that on February 27, 2003, the Court scheduled a superceding Initial Pre-Trial Conference in the above captioned case. It has been brought to the Court's attention that Plaintiff did not receive notice of the date and time of the Pre-Trial Conference scheduled and held on February 18, 2003. As a result, the Court will hold a second, and superceding, Initial Pre-trial Conference on March 24, 2003, at 2:00 p.m. The Court attaches to this order a copy of its original order, [Dkt. No. 16], in which it granted Defendants' Motion for More Definite Statement, granted Plaintiff's Motion for Continuance, and set the first Initial Pre-Trial Conference.

　　　DONE at Brownsville, Texas this 27th day of February, 2003.

　　　　　　　　　　　　　　　　　　　　　　Hilda G. Tagle
　　　　　　　　　　　　　　　　　　　　　　United States District Judge



COPY

16

United States District Court
Southern District of Texas
ENTERED

JAN 0 3 2003

Michael N. Milby, Clerk of Court
By Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SYLVIA CHOLICK, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | Civil Action B-02-162 | |
| § | | |
| CITY OF HARLINGEN, VALLEY § | | |
| BAPTIST HEALTH SYSTEM AND § | | |
| VALLEY BAPTIST MEDICAL CENTER, § | | |
| Defendants. § | | |

## ORDER

BE IT REMEMBERED that on January 3, 2003, the Court considered Defendant City of Harlingen's "12(e) Motion for More Definite Statement" [Dkt. No. 4] and Plaintiff's Motion for Continuance [Dkt. No. 15]. For the reasons stated herein, the Motion for More Definite Statement is **GRANTED** and Plaintiff's Motion for Continuance is **GRANTED**.

Defendant City of Harlingen moves, under Fed. R.Civ. P. 12(e), for a more definite statement concerning Plaintiff's allegations that Defendants violated her state and federal constitutional rights. Plaintiff alleges causes of action for false imprisonment, assault, negligence, discrimination based on sex or gender, trespass, libel and slander, conversion and destruction of property, intentional infliction of emotional distress, and invasion of privacy. Cmplt. ¶¶ 32-82. Within each count, Plaintiff further alleges that "[she] has suffered damages, and will continue to suffer damages, as a result of violations of her State and Federal Constitutional Rights." Cmplt. ¶¶ 35, 40, 45, 49, 55, 63, 70, 77, 82. Defendants contend, however, that they have not received proper notice of the claim pursuant to Fed. R Civ. P. 8(a) because Plaintiff has not articulated the specific constitutional violations on which federal jurisdiction would be based.

1

The pleading requirements of Rule 8(a) should be "view[ed] . . . [with] great liberality." See Nebout v. City of Hitchcock, 71 F. Supp. 2d 702, 706 (S.D. Tex. 1999) (citing Mitchell v. E-Z Way Towers, Inc., 269 F.2d 126, 132 (5th Cir. 1959)). Because of this view, a motion for more definite statement is generally disfavored and most often is used to "remedy only . . . an intelligible pleading rather than a correction for lack of detail." Id. (citations omitted). Federal Rule of Civil Procedure 12(e) provides:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before imposing a responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to the which the motion was directed or make such order as it deems just.

Although laying out in detail the factual allegations underpinning Plaintiff's complaint, the complaint does not adequately describe the alleged state and federal constitutional violations. Defendant's Motion for More Definite Statement, therefore, is hereby **GRANTED**. Plaintiff is **ORDERED** to amend her complaint by January 27, 2003. The amended complaint must allege specific state and federal constitutional violations. Defendants shall serve a responsive pleading within ten (10) days after service of the amended complaint.

Additionally, Plaintiff's Motion for Continuance of the Initial Pre-Trial Conference is **GRANTED**. This conference is reset to February 18, 2003, at 3:00 p.m. The Court forewarns the parties that continuances from this point forward will be viewed with disfavor and unless exceptional circumstances arise will not be granted.

2

Finally, the parties are reminded that 14 days prior to the Initial Pre-Trial Conference, they must submit a joint discovery/case management plan in compliance with both Chamber Rule 7A(1) and Federal Rule of Civil Procedure 26(f).

DONE at Brownsville, Texas this 3rd day of January, 2003.

Hilda G. Tagle
United States District Judge

3