IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 11 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| SYLVIA CHOLICK | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | CAUSE NO. B-02-162 |
| | § | |
| CITY OF HARLINGEN, | § | |
| VALLEY BAPTIST HEALTH SYSTEM | § | |
| and | § | |
| VALLEY BAPTIST MEDICAL CENTER | § | |
| Defendants | § | |

**DEFENDANT CITY OF HARLINGEN'S SECOND MOTION FOR
ADMONISHMENT OF PLAINTIFF AND MOTION FOR CLARIFICATION**

---

MAY IT PLEASE THE COURT:

NOW COMES DEFENDANT, the CITY OF HARLINGEN, TEXAS (hereinafter "CITY DEFENDANT"), and files this Second Motion for Admonishment of Plaintiff and Motion for Clarification.

**I.
NATURE OF THE LAWSUIT/FACTUAL ALLEGATIONS**

Plaintiff brings this lawsuit against the CITY DEFENDANT and Valley Baptist Health System and Valley Baptist Medical Center alleging violations of her State and Federal Constitutional rights and state law based tort claims.

**II.
ARGUMENT & AUTHORITIES**

The Court recently issued an order setting a second, and superceding Initial Pre-trial conference for March 24, 2003. See Exhibit "A". The Court indicates that on February 27, 2003,

the Court scheduled a superceding Initial Pre-Trial conference in the above case. The Court further indicates that it has been brought to the Court's attention that Plaintiff did not receive notice of the date and time of the February 18, 2003, Pre-Trial Conference.

The CITY DEFENDANT hereby requests clarification, as the CITY DEFENDANT is entirely unaware of Plaintiff's claim that she failed to get notice of the February 18, 2003, Pre-Trial conference. The CITY DEFENDANT was under the impression that all federal causes of action had been dismissed, pursuant to the Court's ruling at the February 18, 2003, Pre-Trial conference. At this time CITY DEFENDANT is unaware how, or when Plaintiff brought to the Court's attention that she allegedly did not receive notice of the date and time of the February 18, 2003, Pre-Trial conference.

The CITY DEFENDANT, through under-signed counsel, never received anything from Plaintiff requesting an additional Pre-Trial conference, nor received anything from Plaintiff indicating that she did not receive notice of the February 18, 2003, hearing. This is not the first time in this lawsuit that CITY DEFENDANT has had to deal with the fact that Plaintiff is apparently filing Motions and/or making requests of the Court with absolutely no notice being given to the CITY DEFENDANT'S

regarding such. The CITY DEFENDANT finds itself unable to adequately defend itself in this lawsuit where Plaintiff willfully fails to follow Federal Rule of Civil Procedure 5 (and all Federal Rules of Civil Procedure), and serve all appropriate papers upon all parties of record. CITY DEFENDANT thus files this Second Motion for Admonishment of Plaintiff, or in the alternative requests clarification as to the nature of how Plaintiff presented her claim that she did not receive notice of the previous Pre-Trial conference.

## III.
## CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, CITY DEFENDANT would request that the Court admonish Plaintiff that she is required to follow all Federal Rules of Civil Procedure, particularly Rule 5 regarding serving and filing pleadings and other papers. CITY DEFENDANT further requests clarification as to how and when Plaintiff presented her claim that she did not receive notice of the previous Pre-Trial conference. CITY DEFENDANT further requests such other and further relief to which it may show itself to be justly entitled, at law and in equity.

SIGNED this __11th__ day of March, 2003.

Respectfully submitted,

**DENTON, NAVARRO, ROCHA & BERNAL**
A Professional Corporation
Bank of America Building
222 East Van Buren, Ste. 405
Harlingen, Texas 78550
956/421-4904
956/421-3621 (Fax)

By: _____
RICARDO J. NAVARRO
Attorney In Charge
Fed. ID. No. 5853
State Bar No. 14829100
ROBERT L. DRINKARD
Fed. I.D. No. 29288
State Bar No. 24007128


**CERTIFICATE OF CONFERENCE**

Counsel for CITY DEFENDANT hereby apprizes the Court that he has attempted in good faith to confer or attempted to confer with Plaintiff regarding this issue by calling the number she supplied to the Court, 956-440-7729. Plaintiff did not answer and there was no answering machine. It is thus assumed that Plaintiff is opposed to this Motion.

_____
RICARDO J. NAVARRO
ROBERT L. DRINKARD

## CERTIFICATE OF SERVICE

I certify that a true copy of this document has been sent by regular U.S. Mail, unless otherwise indicated, to the persons listed below on the __11th__ day of March, 2003.


Ms. Sylvia Cholick                          **By CMRRR#: 7002 0860 0004 8101 6775**
810 N. 21st Street
Harlingen, TX 78550
**PLAINTIFF PRO SE**


Mr. Barry Ray                               **By Regular Mail**
Adams & Graham
P.O. Drawer 1429
Harlingen, Texas 78550
**COUNSEL FOR DEFENDANTS VALLEY BAPTIST MEDICAL CENTER
AND VALLEY BAPTIST HEALTH SYSTEMS**

_____
RICARDO J. NAVARRO
ROBERT L. DRINKARD


Defendant City of Harlingen's Second Motion for Admonishment                          Page 5

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **SYLVIA CHOLICK** | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | CAUSE NO. B-02-162 |
| | § | |
| **CITY OF HARLINGEN,** | § | |
| **VALLEY BAPTIST HEALTH SYSTEM** | § | |
| and | § | |
| **VALLEY BAPTIST MEDICAL CENTER** | § | |
| Defendants | § | |

**ORDER ADMONISHING PLAINTIFF**

CAME ON THIS DAY TO BE CONSIDERED DEFENDANT City of Harlingen's Second Motion for Admonishment of the Plaintiff.

After due consideration of the motion, the Court finds that CITY DEFENDANT's Motion should be GRANTED.

It is therefore, ORDERED, ADJUDGED AND DECREED that CITY DEFENDANT's Second Motion for Admonishment is hereby GRANTED.

Plaintiff is hereby admonished and reminded that she must abide by the Federal Rules of Civil Procedure throughout the prosecution of this matter. This includes abiding by Federal Rule of Civil Procedure 5, regarding the service of all pleadings and other papers.

If the order of this Court is not obeyed and Plaintiff fails to abide by Federal Rule of Civil Procedure 5, then Plaintiff will be sanctioned and Plaintiff's causes of action shall be dismissed.

SIGNED on the \_\_\_\_ day of _____, 2003.

_____
HON. HILDA G. TAGLE
U.S. DISTRICT JUDGE

Case 1:02-cv-00162   Document 26   Filed in TXSD on 03/11/2003



25

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 27 2003

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| SYLVIA CHOLICK, <br> Plaintiff, | § <br> § <br> § <br> § | |
| v. | § <br> § | Civil Action B-02-162 |
| CITY OF HARLINGEN, VALLEY <br> BAPTIST HEALTH SYSTEM AND <br> VALLEY BAPTIST MEDICAL CENTER, <br> Defendants. | § <br> § <br> § <br> § <br> § | |

United States District Court
Southern District of Texas
ENTERED

FEB 27 2003

Michael N. Milby, Clerk of Court
By Deputy Clerk

**ORDER**

BE IT REMEMBERED that on February 27, 2003, the Court scheduled a superceding Initial Pre-Trial Conference in the above captioned case. It has been brought to the Court's attention that Plaintiff did not receive notice of the date and time of the Pre-Trial Conference scheduled and held on February 18, 2003. As a result, the Court will hold a second, and superceding, Initial Pre-trial Conference on March 24, 2003, at 2:00 p.m. The Court attaches to this order a copy of its original order, [Dkt. No. 16], in which it granted Defendants' Motion for More Definite Statement, granted Plaintiff's Motion for Continuance, and set the first Initial Pre-Trial Conference.

DONE at Brownsville, Texas this 27th day of February, 2003.

Hilda G. Tagle
United States District Judge

1



16

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

JAN 0 3 2003

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| SYLVIA CHOLICK,<br>Plaintiff,<br><br>v.<br><br>CITY OF HARLINGEN, VALLEY<br>BAPTIST HEALTH SYSTEM AND<br>VALLEY BAPTIST MEDICAL CENTER,<br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action B-02-162 |

**ORDER**

BE IT REMEMBERED that on January 3, 2003, the Court considered Defendant City of Harlingen's "12(e) Motion for More Definite Statement" [Dkt. No. 4] and Plaintiff's Motion for Continuance [Dkt. No. 15]. For the reasons stated herein, the Motion for More Definite Statement is **GRANTED** and Plaintiff's Motion for Continuance is **GRANTED**.

Defendant City of Harlingen moves, under Fed. R.Civ. P. 12(e), for a more definite statement concerning Plaintiff's allegations that Defendants violated her state and federal constitutional rights. Plaintiff alleges causes of action for false imprisonment, assault, negligence, discrimination based on sex or gender, trespass, libel and slander, conversion and destruction of property, intentional infliction of emotional distress, and invasion of privacy. Cmplt. ¶¶ 32-82. Within each count, Plaintiff further alleges that "[she] has suffered damages, and will continue to suffer damages, as a result of violations of her State and Federal Constitutional Rights." Cmplt. ¶¶ 35, 40, 45, 49, 55, 63, 70, 77, 82. Defendants contend, however, that they have not received proper notice of the claim pursuant to Fed. R Civ. P. 8(a) because Plaintiff has not articulated the specific constitutional violations on which federal jurisdiction would be based.

1

The pleading requirements of Rule 8(a) should be "view[ed] . . . [with] great liberality." See Nebout v. City of Hitchcock, 71 F. Supp. 2d 702, 706 (S.D. Tex. 1999) (citing Mitchell v. E-Z Way Towers, Inc., 269 F.2d 126, 132 (5th Cir. 1959)). Because of this view, a motion for more definite statement is generally disfavored and most often is used to "remedy only . . . an intelligible pleading rather than a correction for lack of detail." Id. (citations omitted). Federal Rule of Civil Procedure 12(e) provides:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before imposing a responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to the which the motion was directed or make such order as it deems just.

Although laying out in detail the factual allegations underpinning Plaintiff's complaint, the complaint does not adequately describe the alleged state and federal constitutional violations. Defendant's Motion for More Definite Statement, therefore, is hereby **GRANTED**. Plaintiff is **ORDERED** to amend her complaint by January 27, 2003. The amended complaint must allege specific state and federal constitutional violations. Defendants shall serve a responsive pleading within ten (10) days after service of the amended complaint.

Additionally, Plaintiff's Motion for Continuance of the Initial Pre-Trial Conference is **GRANTED**. This conference is reset to February 18, 2003, at 3:00 p.m. The Court forewarns the parties that continuances from this point forward will be viewed with disfavor and unless exceptional circumstances arise will not be granted.

2

Finally, the parties are reminded that 14 days prior to the Initial Pre-Trial Conference, they must submit a joint discovery/case management plan in compliance with both Chamber Rule 7A(1) and Federal Rule of Civil Procedure 26(f).

DONE at Brownsville, Texas this 3rd day of January, 2003.

Hilda G. Tagle
United States District Judge

3