IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SYLVIA CHOLICK,<br>    Plaintiff,<br><br>v.<br><br>CITY OF HARLINGEN, VALLEY<br>BAPTIST HEALTH SYSTEM AND<br>VALLEY BAPTIST MEDICAL CENTER,<br>    Defendants. | § § § § § § § § § § | Civil Action B-02-162 |

## ORDER

BE IT REMEMBERED that on April 14, 2003, the Court memorialized its oral rulings of March 24, 2003, in which it **GRANTED** Defendants' Motion to Strike Plaintiff's Complaint with respect to the federal claims and **REMANDED** the remaining state law claims to the 404th Judicial District of Cameron County, Texas.

### I. Factual Background

This lawsuit involves alleged violations of state and federal constitutional rights. In addition, Plaintiff alleges under state tort law that she was falsely arrested, imprisoned, and assaulted, and she alleges causes of action for negligence, discrimination based on sex or gender, trespass, libel and slander, invasion of privacy, conversion and destruction of property, and intentional infliction of emotional distress. These causes of action arise from events in which Plaintiff contends Harlingen police officers entered her property, removed her from her home, and brought her without consent to the Valley Baptist Hospital. Plaintiff alleges she was assaulted at the hospital and again by Harlingen police officers when they transported her from the hospital after her release and incarcerated her. Finally, Plaintiff alleges she has been slandered by City officers; she was unlawfully prohibited from entering public facilities

1

because of her gender; and her dogs were illegally removed from her home and destroyed by the City of Harlingen.

## II. Procedural Background

Defendants removed this case on August 22, 2002. Since that time, Plaintiff, who has proceeded pro se, has failed to demonstrate to the Court that she is capable of adequately representing her case. On October 18, 2002, the Court conducted a hearing in response to the City of Harlingen's request for an injunction against Plaintiff due to contact the Plaintiff was allegedly initiating with various employees of the City. Rather than issue an injunction, the Court orally admonished Plaintiff to refrain from contacting the City by any means other than through the attorneys.

On December 30, 2002, Plaintiff filed a Motion for Continuance with the Court in which she asked to postpone the Initial Pre-Trial Conference [Dkt. No. 15]. Plaintiff failed to serve Defendants with this motion. Nonetheless, believing the Initial Pre-Trial Conference would not be fruitful in light of the Plaintiff's lack of preparation, the Court granted the motion on January 3, 2003, with a warning that future continuances would not be granted absent extenuating circumstances. In addition, the Court granted Defendant City of Harlingen's Motion for a More Definite Statement under Federal Rule of Civil Procedure 12(e) [Dkt. No. 16]. The Court ordered Plaintiff to amend her complaint by January 27, 2003, because although she had laid out in detail the factual allegations underpinning her complaint, Plaintiff had not adequately described the alleged state and federal constitutional violations.

On February 4, 2003, the City of Harlingen moved to strike Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(e) because Plaintiff had failed to amend her complaint by January 27, 2003 [Dkt. No. 19]. Plaintiff submitted a response to Defendants' Motion to Strike Plaintiff's Complaint on February 7, 2003 [Dkt. No. 20]. On February 10, 2003, Defendant Valley Baptist Medical Center also filed a Motion to Strike Plaintiff's Complaint on the same grounds argued by the City of Harlingen [Dkt. No. 21].

Plaintiff's response to Defendants' Motion to Strike Plaintiff's Complaint was not technically an amendment to her complaint. In this response, Plaintiff restated vague

allegations concerning the violation of various federal constitutional rights "as provided for in the Declaration by the Congress of the United States ratified July 4, 1776" and in "Article I, IV, V, VI, VIII, and XIV" of the Bill of Rights. See Pl's Response to Defendants' Motion for More Definite Statement, at p. 2 [Dkt. No. 20]. Plaintiff also made "factual allegations" under Article I of the Texas Constitution, sections 1, 2, 3, 6, 8-10, 12-13, 15, 17, 19, 26-27, and 29. See id., at p. 2-3. Plaintiff presented the alleged constitutional violations in a list format without any supporting statements or nexus between the acts previously alleged in the complaint and the broad constitutional violations listed in her response. Not only is this response not in the form of an amended pleading, Plaintiff did not correct any of the defects cited in this Court's January 3, 2003, order in which it directed Plaintiff to fully specify the federal claims.

On February 12, 2003, Defendant City of Harlingen filed its reply to Plaintiff's Response and argued the response was neither timely nor an adequate amendment to Plaintiff's pleading because it failed to allege specific state and federal constitutional violations. Defendant renewed its request that the Court strike Plaintiff's complaint in its entirety.

An initial pre-trial conference was held in this case on February 18, 2003, but when Plaintiff did not attend and the Court's records reflected that Plaintiff never received notice of this conference, a second "initial" pre-trial conference was scheduled for March 24, 2003. Immediately prior to this conference, Plaintiff filed a "Joint Discovery/Case Management Plan." [Dkt. No. 29]. This plan was not timely, and therefore did not comply with Chamber Rule 7A(1), which requires the parties to submit a Joint Discovery/Case Management Plan, pursuant to Federal Rule of Civil Procedure 26(f), at least 14 days prior to the initial pre-trial conference. Plaintiff did not consult with Defendants in the preparation of this plan, nor did she participate with Defendants in the preparation of the first Joint Discovery/Case Management Plan filed by Defendants on January 13, 2003 [Dkt. No. 18]. Defendants represent to the Court that prior to the first pre-trial conference, they scheduled a Rule 26(f) meeting with Plaintiff, which she again did not attend. Defendants state they made several subsequent attempts to contact Plaintiff regarding the 26(f) meeting, but to no avail.

On March 24, 2003, all the parties attended the second "initial" pre-trial conference. At this scheduling conference, Plaintiff stated she could no longer communicate with opposing counsel and that communications "had broken down."

As a result of Plaintiff's repeated failures to adequately amend her complaint and allege specific federal causes of action against the Defendants, and pursuant to Federal Rule of Civil Procedure 12(e), the Court **STRIKES** that portion of Plaintiff's complaint that alleges vague and inadequate federal constitutional claims. Because Plaintiff is proceeding pro se, the Court **DISMISSES without prejudice** these federal claims. With no federal claims remaining, the Court declines to exercise supplemental jurisdiction over the state claims pursuant to 28 U.S.C. § 1367 (c)(3). Because Plaintiff has properly pled state causes of action, the Court **REMANDS** this case to the 404th Judicial District of Cameron County, Texas.

In light of the above determination, the following motions are disposed of accordingly: Defendant City of Harlingen's Second Motion for Admonishment of Plaintiff is **DENIED** [Dkt. No. 26-1]; Defendant City of Harlingen's Motion for Clarification is **MOOT** [Dkt. No. 26-2]; Plaintiff's Motion for Leave to Amend Pleading is **DENIED** [Dkt. No. 31]; Plaintiff's Motion for Reconsideration of Removing Case to State Court is **DENIED** [Dkt. No. 32]; Plaintiff's Motion to Strike Initial Disclosures is **DENIED** [Dkt. No. 33].

DONE at Brownsville, Texas this 14th day of April, 2003.

_____
Hilda G. Tagle
United States District Judge